IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DHC REALTY, LLC, | § § | Case No.11-30977-HCM |
| Debtor. | § § § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 12-03012 |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) OR IN THE
ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Plaintiffs"), Plaintiffs herein, and file this, their Response to Defendants' Motion to Dismiss under FRCP 12(b)(6) or in the Alternative, for More Definite Statement [Docket No. 9], and in support thereof would show the

Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment [Docket No. 1].

2. In support of their causes of action, Plaintiffs pled detailed facts outlining the relationship of the parties, the actions of the Defendants, and the injury to Plaintiffs. Specifically:

   a. ¶¶ 15-16 describe the relationships between the Plaintiffs and their ownership of the Restaurants;

   b. ¶¶ 17-18 describe the hiring of Armando Armendariz, his position, and the specific representations he made to the Plaintiffs to obtain employment;

   c. ¶ 19 describes the hiring of Yvette Armendariz and Hector Armendariz by Armando Armendariz, their positions, and their familial relationships;

   d. ¶¶ 20-36 allege and describe the various and numerous ways in which the Defendants stole money, assets and inventory from the Restaurants and used their positions to usurp corporate opportunities and act in their own interests;

   e. ¶¶ 37 & 40 allege and describe a loan from Yvette Armendariz on which she has made demand for payment;

  f.  ¶38 sets forth DHC Realty, LLC's bankruptcy and Armando Armendariz' offer to buy one of the Restaurants; and

  g.  ¶40 describes the Plaintiffs' discovery of Defendants' activities, the termination of the Defendants, and the injuries to the Plaintiffs caused by Defendants' activities.

3. On or about July 6, 2012, Defendants filed their Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, for More Definite Statement (hereinafter the "Motion to Dismiss") [Docket No. 9] arguing that Plaintiffs' Complaint should be dismissed on three grounds: (1) it is vague, confusing and overly verbose; (2) it does not provide fair notice of Plaintiffs' claims; and (3) it fails to state a claim upon which relief may be granted.

## II. ARGUMENT & AUTHORITIES

To survive a motion to dismiss, a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 354 (5th Cir. 2010)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002).

"Rule 8 requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, *1 (W.D. Tex. 2011)(citing Fed.R.Civ.P. 8(a)(2)). "To satisfy this Rule, the complaint must contain sufficient facts,

which, if true, would 'state a claim for relief that is plausible on its face.'" *Id. (quoting Ashcroft*, 556 U.S. at 677-78, 129 S.Ct. 1937, 1949. "Facial plausibility requires the plaintiff to allege facts supporting recovery under a viable legal theory. Although heightened fact pleading of specifics is not required, the plaintiff must include enough facts to provide fair notice of the nature of his claims and the grounds on which they rest." *Id. (citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 6678 (citing Twombly 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### *A. Plaintiffs' Complaint Is a Short, Plain Statement of Their Claims*

4. Defendants' first argument for dismissal is that the Plaintiffs' Complaint is not a short, plain statement of Plaintiffs' claims, but rather is vague, confusing, and overly verbose. Although Defendants cite quite a few cases in support of the proposition that a complaint should not be vague, confusing or overly verbose, none of these cases bear any relationship to the Plaintiffs' Complaint[1] and, aside from a few conclusory statements, Defendants never state how Plaintiffs' Complaint is vague, confusing, or overly verbose.

5. Defendants' main complaint is that the Plaintiffs' complaint is too long, and therefore must

---

[1] It should be noted that in the *Gordon v. Green* case on which Defendants' rely, the pleading that the court found was verbose as a matter of law was "over 4,000 pages, occupying 18 volumes, and requiring a hand truck or cart to move." *Gordon v. Green*, 602 F.2d 743, 744-45 (5th Cir. 1979). Moreover, although *Benner v. Philadelphia* was cited by Defendants for the proposition that even a 26 page complaint could be dismissed on such grounds, the pleadings in that case were entirely unlike those of the Plaintiffs – and Defendants made no effort to establish any similarities with the facts of that case. *See Benner v. Philadelphia Musical Soc., Local 77, of Am. Fed'n of Musicians*, 32 F.R.D. 197, 198 (E.D. Pa. 1963).

be overly verbose. This argument is entirely baseless because Plaintiffs did not plead any unnecessary facts or unnecessarily repeat any of its allegations. The length of the Plaintiffs' Complaint is not due to the verbosity of the Plaintiffs, but is rather due to the sheer number of ways and schemes that Defendants utilized to steal from the Restaurants.[2] "Brevity is certainly desirable in order that the time of the court and counsel may be conserved and the cost of printing minimized. But such considerations do not rank in importance with the right and the duty of a litigant to present his demands through counsel of his own choosing and in a style and form of expression which represent the attorney's honest effort to present the claims according to his own notions of their merits and their strong and weak points." *Atwood v. Humble Oil & Ref. Co.*, 243 F.2d 885, 888 (5th Cir. 1957).

6. Defendants' attempts to point to specific instances of allegedly irrelevant or conclusory factual pleadings make it clear that their complaints are baseless. For example, Defendants complain that ¶ 17 "provides a long irrelevant list of things Defendant Armando Armendarez was hired to do." This is simply not the case. Paragraph 17 does not allege that these were things that Armando Armendariz was hired to do, it alleges that these items were specific representations that Armando Armendariz made to the Plaintiffs to obtain employment. These misrepresentations form the basis of Plaintiffs' fraud claim against Armando Armendariz. They are not irrelevant because FRCP 9 requires that fraud be pleaded with

---

[2] As Wright & Miller noted: "The pleadings in a case involving a single plaintiff, a single defendant, and one transaction usually will be much shorter and simpler than the pleadings in a case involving several plaintiffs, numerous defendants, and more than one transaction. In this connection, it should be noted that Rule 8(a)(2) speaks of a short and plain statement of each claim, not a short and plain pleading. Hence, in the context of a multiparty, multiclaim complaint each claim should be stated as succinctly and plainly as possible even though the entire pleading may prove to be long and complicated by virtue of the number of parties and claims." WRIGHT & MILLER, 5 Fed. Prac. & Proc. Civ. § 1217 (3d ed.)

particularity, and the Fifth Circuit generally requires that fraudulent statements be specified. Plaintiffs had a duty to set forth each misrepresentation, and Defendants should welcome the specificity, rather than complain about it. *See Torralba v. Chertoff*, 2009 WL 150862 (S.D. Tex. 2009)("Perhaps Plaintiff has given Defendant more information than absolutely required, but it is mystifying why Defendant would not welcome that information, instead of complaining about it.").

7. Defendants complain that ¶ 20 "vaguely describes four allegations, from embezzling money to running a criminal enterprise, which are either not supported at all in the remaining paragraphs, or are supported by further vague, irrelevant, or conclusory statements." This complaint is also baseless. Paragraph 20 simply introduces and gives context to the next 15 paragraphs which set forth, in detail, the specific schemes employed by Defendants. Defendants' complaint that these paragraphs are vague, irrelevant or conclusory is itself conclusory. The content of Paragraphs 21-36 need not be repeated here, but Plaintiffs allege a number of specific thefts and schemes by which Defendants embezzled money, stole assets, ran a criminal enterprise, and used improperly their positions for personal gain. There is nothing vague, conclusory or irrelevant about Paragraphs 21-36.

8. Defendants complain that ¶ 32 "gives a lengthy description of the operating costs of the Plaintiffs' restaurants which is irrelevant, and from which nothing can be inferred." It is difficult to believe that an employee in a management position lying to the ownership about his conversations with Fuddrucker's Corporate in order to hide his thefts and mismanagement would be irrelevant to a breach of fiduciary claim. It is also difficult to believe that nothing can be inferred from such misrepresentations. Defendants' argument

is entirely meritless.

9. Defendants next complain about "malicious statements" regarding Danny Armendariz. Plaintiffs alleged that Armando Armendariz hired Danny Armendariz, a relative who had never even worked in a restaurant, as a manager. The fact that Danny Armendariz's failed business was entirely unrelated to the restaurant industry, the fact that he was otherwise unemployed, and the fact that Yvette Armendariz's sister would continue receiving child support payments if Danny Armendariz was given a job, is entirely relevant to the Defendants' use of the Restaurants for their personal gain and Armando Armendariz's breach of fiduciary duty to the Plaintiffs. These statements were not intended to be malicious. They were intended to be factual -- something that the Defendants cannot dispute.

10. Defendants have failed to establish that Plaintiffs' Complaint lacks brevity, simplicity, or clarity and their Motion to Dismiss on this basis must be denied. In the alternative, should the Court find that Plaintiffs have not complied with the pleading requirements of Federal Rule of Civil Procedure 8, they request that the Court grant them leave to amend their pleadings prior to dismissal of this case.

### B. Plaintiffs' Complaint Provides Fair Notice of their Claims

11. Defendants next argue that the Plaintiffs' Complaint violates Federal Rule 8 because it fails to give them fair notice of Plaintiffs' claims. This argument is meritless. Defendants' argument is based on the vague allegation that the Plaintiffs' Complaint is devoid of facts to support their claims. This argument is entirely baseless because the Complaint provides extensive factual detail, as a whole is intelligible, and clearly delineates the Plaintiffs' claims and the Defendants against whom the claims are made. *Hearns v. San Bernadino Police*

*Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008). Plaintiffs allege, in detail, facts which set forth how the Defendants took money and other things of value from the Restaurants over a certain period of time. Plaintiffs further allege, in detail, the fraudulent statements of Armando Armendariz as well as the fiduciary duties of the Defendants, and how they breached those duties. These factual allegations provide Defendants with fair notice of the nature of Plaintiffs' claims and the grounds on which they rest – nothing more is required.

12. Defendants complain that it is not possible to determine how ¶¶ 15-40 of the Complaint support each of Plaintiffs' causes of action. Defendants don't explain which causes of action they are complaining about or why it is impossible to make this determination. It is clear from the Plaintiffs' Complaint, that the same thefts form the basis of Plaintiffs' claims for fraudulent transfer, theft, conversion, money had and received, and breach of fiduciary duty. There is no need to state which theft belongs with which cause of action because all of the thefts form the basis of each claim.[3] Moreover, "Rule 8(a) does not require pleading specific facts in support of each element of plaintiff's prima facie case; instead, plaintiff must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004)(*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Plaintiffs have given Defendants fair notice, and nothing more is required.

13. Regardless, Plaintiffs have plead specific facts in support of each element of each of their claims. For example, Plaintiffs pled a cause of action for violation of the Texas Theft

---

[3]With respect to Plaintiffs' cause of action for recovery of post-petition transfers, this only applies to thefts which occurred after the petition date, as set forth in Paragraphs 20, 22, and 49

423027.1                                   Page 8

Liability Act, the elements of which are: (1) that plaintiff had a possessory right to property; (2) the defendant unlawfully appropriated the property by taking it without the plaintiff's effective consent; (3) the defendant appropriated the property with the intent to deprive the plaintiff of the property; and (4) the plaintiff sustained damages as a result of the theft. TEX. CIV. PRAC. & REM. CODE §§134.003(a), 134.005(a) and TEXAS PENAL CODE §31.03(a), (b). Plaintiffs plead that DHC East, DHC West, DHC Far East and DHC Realty had possessory rights to their food, inventory, equipment, and money. ¶¶ 16, 54. Plaintiffs plead that the Defendants unlawfully appropriated the property by taking it without the Plaintiffs' effective consent ¶ 55 and the manner of these takings is set forth, in detail, in ¶¶ 21-33. Plaintiffs plead that the Defendants appropriated the property with the intent to deprive the Plaintiffs of the property. ¶¶ 22, 23, 24, 25, 27, 28, 29, 30, 31, 33, and 56. Plaintiffs also plead that they sustained damages as a result of the thefts. ¶¶ 37, 39, and 57.

14. Similarly, Plaintiffs plead a cause of action for money had and received, the elements of which are that the defendant holds money that belongs to the plaintiff in equity and good conscience. *Staats v. Miller*, 243 SW2d 686, 687-88 (Tex. 1951). Plaintiffs set forth facts alleging that the Defendants, through various schemes, have stolen money or its equivalent which in equity and good conscience belongs to the Plaintiffs. ¶¶ 20-33, and 61. Each theft is money that belongs to the Plaintiffs in equity and good conscience, so Plaintiffs did not and need not, set forth some subset of thefts that form the basis of its claim for money had and received. While Plaintiffs could go through each action in a similar manner, this is not required of it. Defendants have been given fair notice of Plaintiffs' claims and the factual basis therefore. Defendants can certainly frame a responsive pleading and are only seeking

to increase costs to the Plaintiffs.

15. Defendants have failed to establish that Plaintiffs' Complaint does not give them fair notice of Plaintiffs' claims or the grounds therefore, and Defendant's Motion to Dismiss must therefore be denied. In the alternative, should the Court find that Plaintiffs have not complied with the pleading requirements of Federal Rule of Civil Procedure 8, they request that the Court grant them leave to amend their pleadings.

### C. Plaintiffs' Complaint Does Not Fail to State A Claim

16. Defendants' third argument is that Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) because it allegedly fails to state a claim upon which relief may be granted. This argument is based largely on Defendants' previous arguments, that the detailed pleadings of the Plaintiffs are somehow irrelevant, vague, or conclusory. For the reasons set forth above, Defendants' argument is baseless.

17. Defendants also argue that "Many of [Plaintiffs' claims] also lack particularity as required by Rule 9(b)." This argument is meritless because the majority of Plaintiffs' claims do not need to be plead with particularity under Rule 9(b) and the remainder have been plead with particularity. Plaintiffs' claims for fraudulent transfer[4], post-petition transfer, theft, money had and received, conversion, breach of fiduciary duty[5], tortious interference, conspiracy and

---

[4] Rule 9(b) does not apply to fraudulent transfer claims based on constructive fraud (i.e. failure to receive reasonably equivalent value). *In re NE 40 Partners, Ltd.*, 411 B.R. 352, 365 n. 9 (Bankr. S.D. Tex. 2009); *see also In re Commercial Fin. Services, Inc.*, 322 B.R. 440, 450 (Bankr. N.D. Okla. 2003)("When 'fraud' is alleged solely because a debtor transferred property while it was insolvent, the transferee is not accused of an act of fraud or deception; indeed, other than receiving the transfer, the conduct and mental state of the transferee is irrelevant.")

[5] "Rule 9(b) generally does not extend to claims of breach of fiduciary duty. *NE 40 Partners, supra*, 411 B.R. at 363 (citations omitted) "However, courts have applied the heightened pleading standards of Rule 9(b) to ... breach of fiduciary duty claims that are predicated on fraudulent conduct. In such cases, particularity is only required to the extent that a plaintiff in fact alleges fraud." *Id.* (citations omitted). In this case, to the extent Plaintiffs' breach of fiduciary claim includes misrepresentations by the Defendants, such misrepresentations meet the heightened pleading requirements

declaratory judgment do not involve fraud or mistake and are therefore not subject to the special requirements of Rule 9(b). Plaintiff's claims for fraud are therefore the only claims subject to the requirements of Rule 9(b).

18. Plaintiffs' claims for fraud have been pled to meet the requirements of Rule 9(b). To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.1997), cert. denied 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997)). "However, in cases where the plaintiff is alleging that the fraud occurred over a multi-year period, the plaintiff is not required to allege all facts supporting each and every instance when each defendant engaged in fraud. *U.S. ex rel. King v. Alcon Laboratories, Inc.*, 232 F.R.D. 568, 570 (N.D. Tex. 2005). "In addition, when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge or control or where fraud occurred over an extended period of time and consists of numerous acts, the specificity requirements of Rule 9(b) are applied less stringently." *Id. (citing United States ex rel. Thompson v. Columbia Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997).

19. In this case, Plaintiffs specified the fraudulent statements and identified the speakers. Plaintiffs alleged specific statements made by Armando Armendariz that were fraudulent ¶ 79. Plaintiffs also alleged that the Defendants misrepresented that costs of food, labor, vehicles and equipment for these entities was high as a result of factors other than the

---

of Rule 9(b) as set forth below.

Defendants' theft, embezzlement and mismanagement. Plaintiffs' further explained why these statements were fraudulent (i.e. that Armando Armendariz did not abide by his promises and set out on a course of action diametrically opposed to his representations, that Armando Armendariz misrepresented his conversations with Fuddrucker's Corporate regarding food costs to hide his own theft and mismanagement, and that the Defendants' misrepresentations regarding costs of food, labor, vehicles and equipment were false and for the purpose of covering their theft and mismanagement).

20. With regard to the time and place of these misrepresentations, Plaintiffs alleged that there were numerous misrepresentations and that they began around the time Armando Armendariz was hired as a director of operations and continued until the Defendants were terminated. ¶¶ 17, 20, 39, and 79. As the Defendants were continuously stealing from the Plaintiffs, they were forced to continuously misrepresent that costs of food, labor, vehicles and equipment for these entities were high as a result of factors other than their theft, embezzlement and mismanagement. It would be impossible to allege each and every instance of Defendants' continuing pattern of misrepresentations over a multi-year period and the Plaintiffs are not required to do so.

21. Finally, Defendants complain that several of Plaintiffs' allegations are made upon information and belief. This complaint is baseless as Plaintiff is not barred from making allegations on information and belief. "The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon 'information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability

plausible, the claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)(citations omitted); *U.S. ex rel. Hebert v. Dizney*, 295 Fed. Appx. 717, 723 (5th Cir. 2008).

22. In this case, the information and belief allegations that Defendants complain about concern facts that are peculiarly within the possession and control of the Defendants or are based on factual information that makes the inference of culpability plausible. For example, whether Armando Armendariz kept food and equipment for himself purchased using restaurant funds or sold them to other entities, as alleged in ¶ 27, is a fact particularly within the possession and control of Armando Armendariz. Similarly, the fact that Yvette was put in charge of collecting revenue from vending machines and then these vending machines had their meters removed so that there was no mechanical count of the money collected by those machines, as alleged in ¶ 20, makes the inference of Yvette's culpability plausible and reasonable – especially in light of the allegation that vending revenues drastically increased after she was terminated. ¶ 39. Finally, the allegation in ¶ 34 made on information and belief that Armando Armendariz "usurped corporate opportunities by directing catering requests away from the Restaurants and into a different catering business from whom he received compensation" is the basis for Plaintiffs' claim for tortious interference with prospective relations and is not subject to the requirements of Rule 9(b). However, even if it were subject to the heightened requirements of Rule 9(b) the allegation may be made on information and belief because it is a fact particularly within the possession and control of

Armando Armendariz. Additionally, the allegation is based on factual information which makes the inference plausible, specifically the titling of the catering trucks in Armando Armendariz's name (¶ 33) and the unexplained high food costs under Armando Armendariz' management that he attempted to hide from the Plaintiffs (¶ 32).

23. Defendants have failed to establish that Plaintiffs' Complaint should be dismissed for failure to state a claim, and Defendant's Motion to Dismiss must therefore be denied. In the alternative, if the Court finds that Plaintiffs have failed to state a claim, they request that the Court grant them leave to amend their pleadings.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask the Court to deny Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz's Motion to Dismiss [Docket No. 9] and grant them such other and further relief to which they may be entitled. In the alternative, if the Court finds that Plaintiffs have failed to properly plead or state a claim, Plaintiffs request that the Court grant them leave to amend their pleadings.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 27th day of July, 2012, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6) OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland