IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>DHC REALTY, LLC,<br><br>    Debtor, | § § § § § § § § | Case No.: 11-30977-HCM |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI<br><br>    Plaintiffs,<br><br>v.<br><br>ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § | Adversary No.: 12-03012 |

**DEFENDANTS ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, AND HECTOR ARMENDARIZ'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, AND HECTOR ARMENDARIZ'S MOTION TO DISMISS UNDER FRCP § 12(b)(6) OR IN THE ALTERNATIVE, FOR MORE DEFINITIVE STATEMENT**

TO THE HONORABLE COURT:

    Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, hereby file this Reply to Plaintiffs DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, El Paso DHC Enterprises West, LLC, and David Chowaiki's (collectively "Plaintiffs") Response ("Response") to their Motion to Dismiss

Under Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) ("Rule 12(b)(6)") or in the alternative, for More Definitive Statement ("Motion"), and in support of this reply show:

1. Plaintiffs have failed to show how their complaint ("Complaint") measures up to the pleading standards of FRCP § 8(a)(2) ("Rule 8(a)(2)") and have failed to state a claim upon which relief can be granted as per Rule 12(b)(6). Plaintiffs attempt, in their Response, to restate and clarify allegations made in their Complaint. The lengthy Response instead shows how the Complaint fails to meet the standards of Rules 8(a)(2) and Rule 12(b)(6).

## FAILURE TO MEET PLEADING STANDARDS OF FRCP § 8(a)(2)

### Prolix Complaint

2. Defendants have argued that Plaintiffs' Complaint should be dismissed in its entirety under Rule 12(b)(6) for failing to meet the pleading standards of Rule 8(a) as "Plaintiffs' Complaint is vague, overly verbose and does not provide a 'short and plain statement of the claim'" (see Motion ¶ 1). Defendants have cited two cases to support their argument: *Gordon v. Green*, 602 F.2d 743 (5th Cir. 1979) ("Gordon"), and *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061-62 (9th Cir. 2011).

3. In *Gordon*, the court begins by stating, "Our view — that flagrant violations of Rule 8 should not be tolerated — is shared by Courts throughout the country." Thereafter, the court cites many examples of different cases to demonstrate many different scenarios in which the courts had dismissed prolix complaints. Of the cases cited by the court in *Gordon*, perhaps the most apt parallel to the present Complaint is that of *Johnson v. Hunger, S.D.N.Y.*, 266 F.Supp. 590 (1967), wherein the court stated that "a plaintiff is entitled to considerable latitude in stating his cause of action" in light of

Rule 8, nevertheless, as the pleading, in this case, an amended pleading, was as it described, "a confusing and foggy mixture of evidentiary statements, arguments and conclusory matters" (see *Gordon)*, the court dismissed the complaint. The court gives a number of examples to demonstrate its point, and the parallels to Plaintiffs' Complaint in the present case become evident. The case *Benner v. Philadelphia Musical Society, Local 77, of the American Federation of Musicians*, E.D.Penn., 32 F.R.D. 197 (1963) ("Benner"), which in a footnote Plaintiffs state was cited by Defendants, was cited by the court in *Gordon*, in the manner just described. Defendants' purpose in quoting this case is to show that even though a complaint was only twenty-six pages, a court dismissed it just the same for being confusing and a foggy mixture of evidentiary statements. A complaint can be prolix without being thousands of pages. Although Plaintiffs state that the pleadings in *Benner* were unlike their Complaint, Defendants assert there are varying circumstances in which complaints can be dismissed for their prolixity. It was certainly clear to the court in *Gordon*, how many pages the case was, and the court likewise, with evident intent, cited *Benner*, to drive home the point that prolixity is not determined by sheer number of pages.

4. Plaintiffs state "Defendants never state how Plaintiffs' Complaint is vague, confusing, or overly verbose." (see Response ¶ 4) On the contrary, Defendants in ¶ 4 of their Motion, give numerous examples from the Complaint to prove this point. Plaintiffs state in ¶ 5 of the Response, that "Defendants' main complaint is that the Plaintiffs' complaint is too long, and therefore must be overly verbose." Defendants do not argue that the Complaint is too long and therefore overly verbose. Plaintiffs in ¶ 5 provide a lengthy quote from *Atwood v. Humble Oil & Ref. Co.*, 243 F.2d 885, 888 (5th Cir. 1957)

regarding brevity, nevertheless, the courts have made it clear, as shown in *Gordon*, that prolix complaints are not to be tolerated.

5. In ¶ 6 of the Response, Plaintiffs attempt to explain ¶ 17 of their Complaint:

> Paragraph 17 does not allege that these were things that Armando Armendariz was hired to do, it alleges that these items were specific representations that Armando Armendariz made to the Plaintiffs to obtain employment.

This proves Defendants' point that the Complaint (see Complaint ¶ 17), is unclear. Why did Plaintiffs not state such initially?

6. Again, in ¶ 7 of the Response, Plaintiffs attempt to explain ¶ 20 of the Complaint. Plaintiffs' Response concerning ¶ 20 changes the meaning of this paragraph. If the meaning of the Complaint is not clear, and in this case, as argued by Defendants, does not measure up to the pleading standards of Rule 8(a)(2), then the Complaint should be dismissed or repled.

7. In the second sentence of ¶ 8 of the Response, Plaintiffs again attempt to explain their Complaint. In reference to ¶ 32 of the Complaint, Plaintiffs state that it is "difficult to believe…in order to hide his thefts…" This conclusion regarding theft is not to be seen anywhere in ¶ 32 of the Complaint.

8. Next, in ¶ 9 of the Response, Plaintiffs attempt to explain how their malicious statements regarding Danny Armendariz in ¶ 21 of the Complaint are relevant to their Complaint. As stated by Defendants in their Motion, the relevance of Plaintiffs' malicious statements regarding Danny Armendariz depend upon a conclusory allegation. Plaintiffs state: "Danny was hired because his mortgage company had failed, he had gone bankrupt, and he could not pay child support to Yvette's sister." This is clearly malignant, especially since Danny is not a party to this litigation. Such

allegations are also conclusory since there are no further factual statements supporting any such blind allegation. Plaintiffs further claim: "Armando hired…Danny…to ensure that Yvette's sister would receive child support payments." There are no further statements of any kind to give support to this blind statement, making it clearly conclusory. This paragraph does not support Plaintiffs' claims, and serves no other purpose than to be malicious.

9. Plaintiffs have clearly failed to refute Defendants' arguments in the Motion that their Complaint falls short of the requirements of Rule 8(a)(2), and therefore, should be dismissed in its entirety.

**Failure to Give Fair Notice**

10. In this section of their Response, Plaintiffs in ¶ 11 begin by stating that Defendants' arguments are based on a "vague allegation that the Plaintiffs' Complaint is devoid of facts to support their claims." Defendants actually state that the Complaint

> "only provides factual allegations which are either irrelevant, vague, or conclusory, as mentioned above, and is therefore 'devoid of facts'…to support its claims, and fails to give Defendants fair notice of the claims made against them, and Defendants are therefore unable to reasonably prepare a response."

Plaintiffs next state that they have pled everything in detail, and that this is sufficient – "nothing more is required." See Response ¶ 11.

11. An excellent example of how the Complaint fails to meet the requirements of Rule 8(a)(2), is brought out by Plaintiffs' statement in ¶ 6 of their Response. In ¶ 6, Plaintiffs state that the misrepresentations stated in ¶ 17 of the Complaint "form the basis of Plaintiffs' fraud claim…" Without this explanation of the Complaint by Plaintiffs, it is not possible to know this. It is easy to see, therefore, how the Complaint provides:

"a confusing mess of allegations from which Defendants are expected to interpret, and somehow determine how they are intended to support each of the causes of action." See Motion ¶ 8.

12. Plaintiffs next attempt to argue in ¶ 12 that it is not necessary to state "which theft belongs with which cause of action because all of the thefts form the basis of each claim." Interestingly, in the footnote of that same sentence, Plaintiffs contradict themselves by stating that only the thefts in ¶¶ 20, 22, and 49 support the cause of action regarding post-petition transfers. Plaintiffs prove Defendants' point yet again. How can Defendants possibly know that ¶¶ 20, 22, and 49 support the cause of action for post-petition transfers, when it is not stated in the Complaint? Plaintiffs threw a mess of allegations in sequential paragraphs without any distinction, and expect Defendants to somehow make sense of it all.

13. Plaintiffs also cite *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004) ("*Lovick*") (citing *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 507, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), that "Rule 8(a) does not require pleading specific facts in support of each element of plaintiff's prima facia case...". The *Swierkiewicz* case is citing *Conley v. Gibson:*"(quoting *Conley*, 355 U.S. at 47, 78 S.Ct. 99)", which has been overruled, and *Swierkiewicz* has in part been overruled as well by the landmark Supreme Court case, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ("*Twombly*") (see *Francis v. Giacomelli*, 588 F. 3d 186 (4th Cir. 2009)). The above *Lovick* case predates *Twombly*, and therefore its precedent as legal authority is questionable. Defendants refer the court to ¶ 10 of their Motion which clearly states the pleading requirements necessary to avoid dismissal.

**Failure to State a Claim**

14. Plaintiffs state that Defendants' "argument is meritless because the majority of Plaintiffs' claims do not need to be plead [sic] with particularity under Rule 9(b) and the remainder have been pled with particularity." See Response ¶ 17. Defendants in their Motion state "these factual allegations...", referring to ¶¶ 15-40, "..are either irrelevant, vague, conclusory, or based soley upon information and belief. Many of them...", referring to the same factual allegations, "...also lack particularity as required by Rule 9(b)". Thus, while some of Plaintiffs' causes of action do not involve claims of fraud, and do not need to be pled with particularity, those causes of action which do in fact allege fraud must be supported by particular factual allegations. Interestingly, Plaintiffs list out each of the causes of action in their Response which they state do not claim fraud, and yet, contradict themselves by stating in footnote 5 that certain "misrepresentations" must in fact be pled according to Rule 9(b). Plaintiffs then state that their "claims for fraud are therefore the only claims subject to the requirements of Rule 9(b)." See Response ¶ 17. Plaintiffs appear to not even know which causes of action in their own Complaint are claiming fraud. How can Plaintiffs possibly expect Defendants to formulate a response, when Plaintiffs do not articulate which cause(s) of action (i.e., 1, 2, 3, or 4, etc.) are alleging fraud?

15. In ¶ 19 of Plaintiffs' Response, Plaintiffs give a long explanation of what they meant in the Complaint. A complaint should not require such detail of explanation, and Plaintiffs cannot add meaning to their Complaint which is not already there. Similarly, in ¶ 20 of the Response, Plaintiffs state that as "Defendants were continuously stealing from the Plaintiffs, they were forced to continuously misrepresent that costs of food,

labor, vehicles and equipment for these entities were high...". This statement is an entirely new allegation which is not stated in the Complaint.

16. Plaintiffs in ¶ 21 of the Response state that they are not barred from making allegations based on information and belief, yet Defendants point out in ¶ 13 of the Motion, that if allegations are made based on information and belief to support claims of fraud, that "'a complaint must adduce specific facts supporting a strong inference of fraud...'" referring to *Tuchman v. DSC Communications*, 14 F.3d 1061 (1994) ("*Tuchman*"), citing *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990). Nevertheless, Plaintiffs continue and state that as alleged in ¶ 20 of the Complaint (this allegation was made in ¶ 22), "Yvette was put in charge of collecting revenue from vending machines..." etc., arguing the same point, that they are able to plead such on information and belief, yet fail to show, as per *Tuchman*, how they have pled "'specific facts supporting a strong inference of fraud.'" *Id.*

17. Plaintiffs also directly contradict themselves in ¶ 22 of the Response by stating that:

> "the allegation in ¶ 34 made on information and belief...is the basis for Plaintiffs' claim for tortuous interference with prospective relations and is not subject to the requirements of Rule 9(b)."

This is in direct contradiction to Plaintiffs' own Complaint and Response. Nowhere in the Complaint does it state that ¶ 34 is the basis for Plaintiffs' tortuous interference claim[1].

18. Plaintiffs therefore have failed to demonstrate that the Complaint should not be dismissed pursuant to Rule 12(b)(6).

---
[1] Again, with respect to the Complaint's failure to meet the requirements of Rule 8(a)(2), if such things are not stated in the Complaint, how can Defendants possibly construe them as such?

## CONCLUSION

19. Plaintiffs' Response fails to rebut Defendants' Motion that the Complaint should be dismissed for failure to meet the pleading standards of Rule 8(a)(2) and for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs have proven by their own Response that their Complaint is "vague, overly verbose and does not provide a 'short and plain statement of the claim'" (See Motion ¶ 1), in part, by constantly attempting to explain what they meant to say in the Complaint. Plaintiffs have likewise demonstrated how their Complaint fails to provide fair notice to Defendants of the claims brought against them (see Motion, ¶ 2), in part, as it is impossible to determine how the allegations support each of the causes of action. As shown, due to the shortcomings of the Complaint, Plaintiffs have had to specify in the Response which factual allegations support which causes of action. As such, per Defendants' Motion, Plaintiffs' Complaint should be dismissed.

Defendants therefore respectfully request that Plaintiffs' Complaint be dismissed in its entirety pursuant to Rule 12(b)(6) as set forth above, and in the Motion. In the alternative, Defendants respectfully request that this Court order Plaintiffs to file a more definitive statement in the form of an amended complaint.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
CJohnston@F-Jlaw.com
Phone: (915) 532-7500
Fax: (915) 532-7503

 /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
SJDiamond@sidneydiamond.com
Phone: (915) 532-3327
Fax: (915) 532-3355

　/s/ Sidney J. Diamond　　　
SIDNEY J. DIAMOND
State Bar No. 5803000

## **CERTIFICATE OF SERVICE**

      I, Sidney J. Diamond, do hereby certify that on August 3, 2012, a true and correct copy of the foregoing Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz's Reply to Plaintiffs' Response to Defendants Armando Armendariz, Yvette Armendariz and Hector Armendariz's Motion to Dismiss Under FRCP § 12(b)(6) Or In the Alternative, For More Definitive Statement, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

| **THE DEBTOR:** | **THE DEBTOR'S ATTORNEY:** |
|---|---|
| DHC Realty, LLC | Corey W. Haugland |
| 301 Williams | P.O. Box 1770 |
| El Paso, TX 79901 | El Paso, TX 79949-1770 |

                                                    /s/Sidney J. Diamond
                                                      Sidney J. Diamond