IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| DHC REALTY, LLC, § | Case No.: 11-30977-HCM | |
| § | | |
| Debtor, § | | |
| § | | |
| ——————————————————§ | | |
| § | | |
| DHC REALTY, LLC, CHOWAIKI § | | |
| HOLDINGS, LLC, EL PASO DHC § | | |
| ENTERPRISES, LLC, EL PASO DHC § | | |
| ENTERPRISES FAR EAST, LLC, § | | |
| EL PASO DHC ENTERPRISES § | | |
| WEST, LLC, and DAVID CHOWAIKI § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Adversary No.: 12-03012-HCM | |
| § | | |
| ARMANDO ARMENDARIZ, § | | |
| YVETTE ARMENDARIZ, and § | | |
| HECTOR ARMENDARIZ, § | | |
| § | | |
| Defendants. § | | |

**ANSWER OF DEFENDANTS ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, AND HECTOR ARMENDARIZ**

TO THE HONORABLE COURT:

Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, hereby file their Answer to Plaintiffs' Complaint ("Complaint") and in support thereof, would respectfully show the court as follows:

**PARTIES**

1. Defendants lack sufficient information to either admit or deny the information contained in paragraph 1 of the Complaint.

2. Defendants lack sufficient information to either admit or deny the information contained in paragraph 2 of the Complaint.

3. Defendants lack sufficient information to either admit or deny the information contained in paragraph 3 of the Complaint.

4. Defendants lack sufficient information to either admit or deny the information contained in paragraph 4 of the Complaint.

5. Defendants lack sufficient information to either admit or deny the information contained in paragraph 5 of the Complaint.

6. Defendants lack sufficient information to either admit or deny the information contained in paragraph 6 of the Complaint.

7. Defendants admit paragraph 7 of the Complaint.

8. Defendants admit paragraph 8 of the Complaint.

9. Defendants admit paragraph 9 of the Complaint.

## JURISDICTION & VENUE

10. Defendants admit statements in paragraph 10 of the Complaint stating that "[t]his Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334", and the last sentence of the paragraph. Defendants deny the remaining portions of this paragraph.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit paragraph 14 of the Complaint.

## FACTS

15. Defendants lack sufficient information to either admit or deny the information contained in paragraph 15 of the Complaint.

16. Defendants lack sufficient information to either admit or deny the information contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint, excluding the last sentence. Defendants admit that "[b]oth Yvette and Hector were employed by DHC Far East", but lack sufficient information to either admit or deny the remaining information contained in the last sentence of paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. As the first sentence of paragraph 38 of the Complaint requires nothing to be admitted or denied, this statement is denied as a matter a law. Defendants lack sufficient information to either admit or deny the information contained in the second

and third sentences of paragraph 38. Defendants deny the allegations contained in the last sentence of paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint. While the second sentence in paragraph 39 on its face seems to allege facts regarding which Defendants would lack sufficient information to either admit or deny, inasmuch as it attempts to imply certain negative consequences of Defendants' actions, Defendants deny the allegations contained in this sentence, implied or otherwise.

40. Defendants admit the allegations contained in the first sentence of paragraph 40 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 40.

## COUNT 1 – Avoidance of Fraudulent Transfer

41. As paragraph 41 of the Complaint requires nothing to be admitted or denied, this statement is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

## COUNT 2 – Avoidance of Post-Petition Transactions Under 11 U.S.C. §549

47. As paragraph 47 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

## COUNT 3 – Violation of Texas Theft Liability Act

52. As paragraph 52 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants lack sufficient information to either admit or deny the information contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

57. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

## COUNT 4 – Money Had and Received

59. As paragraph 59 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

## COUNT 5 – Conversion

62. As paragraph 62 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendant incorporate the preceding paragraphs and set them forth herein verbatim.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants lack sufficient information to either admit or deny the information contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

### COUNT 6 – Breach of Fiduciary Duty

68. As paragraph 68 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint.

### COUNT 7 – Fraud

77. As paragraph 77 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint. Paragraph 80 is a sentence which is not possible to either admit or deny as it does not describe the "representations" it is referring to. Defendants nevertheless deny the allegations set forth in paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants lack sufficient information to either admit or deny the information contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

### COUNT 8 – Fraud by Non-Disclosure

85. As paragraph 85 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint. Paragraph 89 is a sentence which is not possible to either admit or deny as it does not describe the "facts" it is referring to. Defendants nevertheless deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in paragraph 92 of the Complaint. The first sentence of paragraph 92 is impossible to either admit or deny as its meaning is unclear, nevertheless, Defendants deny the allegations set forth therein.

93. Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. Defendants deny the allegations set forth in paragraph 94 of the Complaint.

### COUNT 9 – Tortious Interference with Prospective Relations

95. As paragraph 95 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

96. Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97. Defendants lack sufficient information to either admit or deny the information contained in paragraph 97 of the Complaint. The meaning of paragraph 97 is unclear, nevertheless, Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in paragraph 99 of the Complaint.

99. Defendants deny the allegations set forth in paragraph 100 of the Complaint.

100. Defendants deny the allegations set forth in paragraph 101 of the Complaint.

101. Defendants deny the allegations set forth in paragraph 102 of the Complaint.

### COUNT 10 – Conspiracy

102. As paragraph 102 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

103. Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104. Defendants deny the allegations set forth in paragraph 104 of the Complaint. It is not possible to discern the meaning of paragraph 104, nevertheless, Defendants deny the allegations set forth therein.

105. Defendants deny the allegations set forth in paragraph 105 of the Complaint. Paragraph 105 is a sentence which is not possible to either admit or deny as it does not describe the "combination" it is referring to. Defendants nevertheless deny the allegations set forth in paragraph 105 of the Complaint.

106. Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107. Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108. Defendants deny the allegations set forth in paragraph 108 of the Complaint.

### COUNT 11 – Declaratory Judgment

109. As paragraph 109 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

110. Defendants deny the allegations set forth in paragraph 110 of the Complaint.

## EXEMPLARY DAMAGES

111. As paragraph 111 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

112. Defendants deny the allegations set forth in paragraph 112 of the Complaint.

## ATTORNEY'S FEES

113. As paragraph 113 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

114. Defendants deny the allegations set forth in paragraph 114 of the Complaint.

## CONDITIONS PRECEDENT

115. As paragraph 115 of the Complaint requires nothing to be admitted or denied, this paragraph is denied as a matter a law. Defendants incorporate the preceding paragraphs and set them forth herein verbatim.

116. Defendants deny the allegations set forth in paragraph 116 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Not a proper party

117. Plaintiffs' claims are barred as Defendants are not a proper party to this action. There is no relationship between Defendants and Plaintiff DHC Realty, LLC. Defendants were employees of Fuddruckers restaurants, part of the Luby's Fuddruckers Restaurants, LLC franchise, operated in El Paso, Texas, and owned in part by Plaintiff David Chowaiki, until Defendants Armando Armendariz and Yvette Armendariz were wrongfully terminated.[1] The corporate name of the entity on the Defendants' employee paychecks was Chowaiki Holdings, LLC., or El Paso DHC Enterprises Far East, LLC.

---

1 Defendant Hector Armendariz was verbally abused by Mr. Ernie Glock and subsequently quit.

### Second Affirmative Defense – Fraud

118. Plaintiffs' claims are further barred in whole or in part by fraud.

### Third Affirmative Defense – Unclean Hands

119. Plaintiffs' claims are further barred under the doctrine of unclean hands.

### Fourth Affirmative Defense – Laches

120. Plaintiffs' claims are further barred under the doctrine of laches.

### Fifth Affirmative Defense – Waiver

121. Plaintiffs' claims are further barred under the doctrine of waiver.

### Sixth Affirmative Defense – Equitable estoppel

122. Plaintiffs' claims are further barred under the doctrine of equitable estoppel.

### Seventh Affirmative Defense – Accord and Satisfaction

123. Plaintiffs' claims are further barred under the doctrine of accord and satisfaction.

### Eighth Affirmative Defense – Failure of Consideration

124. Plaintiffs' claims are further barred under the doctrine of failure of consideration.

### Ninth Affirmative Defense – Uncertain and Indefinite Allegations

125. Defendants are unable to determine all of the affirmative defenses which may be available to it at this time as the allegations against them are so vague and unclear that it is not possible to determine their exact nature.

### Tenth Affirmative Defense – Reservation of Defenses

126. Defendants hereby reserve the right to assert at any time any additional affirmative defenses which may be determined during the course of discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court to enter judgment that Plaintiffs take nothing, assessing costs against Plaintiffs and awarding Defendants, and all other relief to which Defendants may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax:    (915) 532-7503

/s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax:    (915) 532-3355

/s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

      I, Sidney J. Diamond, do hereby certify that on August 22, 2012, a true and correct copy of the foregoing Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz's Answer to Plaintiff's Complaint, was served by depositing the same in the United States Mail, properly addressed and postage prepaid or via electronic means as listed on the Court's ECF noticing system to the following parties:

**THE DEBTOR:**
DHC Realty, LLC
301 Williams
El Paso, TX 79901

**THE DEBTOR'S ATTORNEY:**
Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770


          /s/Sidney J. Diamond
          Sidney J. Diamond

**CERTIFICATE OF SERVICE, Page - 1**