IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DHC REALTY, LLC, | § § | Case No.11-30977-HCM |
| Debtor. | § § § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' REPORT OF PARTIES' PLANNING MEETING

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

      Pursuant to the Order Denying Motion to Dismiss and Requiring Answer and Report [Doc #14], Fed. R. Civ. P. 16(b), 26(f) and Local Rule 16, a conference was held on August 30, 2012. The participants were Corey W. Haugland for the Plaintiffs and Christopher R. Johnston and Sidney J. Diamond for the Defendants. This is Plaintiffs' Report of Parties' Planning Meeting.

### I. Certification

      The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of Plaintiffs' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334 and 11 U.S.C. §548 and 549. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (H) (K) and (O).

### B. Personal Jurisdiction

Personal Jurisdiction is not being contested.

## III. Brief Description of Case.

Plaintiffs allege a scheme by the Defendants to steal and embezzle hundreds of thousands of dollars from the Debtor, DHC East, DHC West, and DHC Far East. Part of this scheme involved the theft of revenue from vending machines owned by the Debtor and the theft of equipment owned by the Debtor, both pre and post-petition. Debtor's suit seeks, *inter alia*, the recovery of these fraudulent and post-petition transfers which directly impact the administration of the estate. Debtor's suit also seeks a determination of the validity, extent and priority of the $100,000.00 loan that Yvette Armendariz has previously asserted against Debtor and Plaintiffs.

The claims of the non-Debtor Plaintiffs are inseparably intertwined with the claims of the Debtor. Yvette Armendariz has previously made demand on David Chowaiki, DHC East, DHC West, and DHC Far East as well as Debtor for the payment of the alleged loan so a determination of liability is impossible without each alleged obligor. Moreover, as Plaintiffs have asserted that the money Yvette used to make the loan was stolen from the Debtor, DHC East, DHC West, and DHC Far East, these parties' claims are intertwined and should be tried together.

With regard to their other claims, Plaintiffs have asserted that Defendants engaged in a broad based scheme to embezzle and steal from the Restaurants without regard to whether the theft was from the Debtor, DHC East, DHC West, or DHC Far East, and indeed, there is no way to segregate the activities of the Defendants. Again, the claims of the Plaintiffs are inseparable and should be tried together.

### A. Claim of Plaintiffs:

Plaintiffs have asserted legal claims for avoidance of fraudulent transfer pursuant to 11 U.S.C. § § 544, 548, and 550; avoidance of post-petition transactions under 11 U.S.C. § § 549 and 550; violations of the Texas Theft Liability Act; money had and received; conversion; breach of fiduciary duty; fraud; fraud by non-disclosure; tortious interference with prospective relations; conspiracy; and, Plaintiffs seek a declaratory judgment for a determination of liability on the loan of $100,000.00 alleged by Yvette Armendariz. Plaintiffs' initial claim for damages is for $400,000.00, plus exemplary damages, plus attorney's fees and costs.

**B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:**

Defendants have asserted that they lack sufficient information to either admit or deny the facts alleged by Plaintiffs in their Original Complaint; or, alternatively, Defendants have denied said allegations. Defendants assert the following affirmative defenses: they are not proper parties to this lawsuit, fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, failure of consideration, uncertain and indefinite allegations.

Yvette Armendariz will be filing a counterclaim for $100,000.00 against Plaintiffs for money loaned via three (3) checks to David Chowaiki to be utilized in the restaurant operations.

**IV. Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Plaintiffs state the following material facts are undisputed:

Plaintiff Chowaiki Holdings is owned by Plaintiff David Chowaiki, his brother Hilel Chowaiki (50% – 50%). Chowaiki Holdings, through Plaintiffs DHC East, DHC Far East, and DHC West, own and operate three Fuddrucker's® franchise restaurants located at: (1) 7942 Gateway East, El Paso County, Texas (DHC East); (2)1887 N. Zaragosa, El Paso County, Texas (DHC Far East); and (3) 5030 N. Desert, El Paso County, Texas (DHC West) (hereinafter the "Restaurants").

Plaintiff and Debtor DHC Realty owns and manages the real properties upon which the Restaurants are located, owns the fixtures and equipment inside the Restaurants, including the vending machines, and owns several vehicles utilized by the Restaurants to provide catering. David and Hilel Chowaiki (the "Chowaikis") oversee the general operations of all of these entities.

In February 2006, DHC East hired Armando as one of several new managers for the Fuddrucker's operation in El Paso, Texas, which consisted of the DHC East and the under construction DHC West. Subsequently, Armando became general manager for DHC West; and, he subsequently became director of operations for DHC East and DHC West. After DHC Far East became operational, it too became subject to Armando's management as Director of Operations. Three months after DHC Far East became operational, Chowaiki Holdings was created. Armando later became an employee of Chowaiki Holdings as Director of Operations over all three restaurants. At all times thereafter, Armando acted as an agent for DHC East, DHC Far East, DHC West, DHC Realty and Chowaiki Holdings.

Thereafter, Armando hired his wife Yvette to handle payroll for the Restaurants and his brother Hector to manage one of the Fuddrucker's restaurants (initially the Yarborough location (DHC East) and later the Westside location (DHC West)). Both Yvette and Hector were employed by DHC Far East (as were all other Restaurant employees regardless of the location at which they worked).

On or about May 23, 2011, DHC Realty filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Western District of Texas, El Paso Division. Since

the Petition Date, DHC Realty has continued to operate as a debtor-in-possession.

In 2012, Plaintiffs terminated each of the Defendants, if Defendants didn't first resign.

On or about April 18, 2012, Yvette sent a demand letter to David Chowaiki, DHC East, DHC West, DHC Far East and DHC Realty demanding immediate payment on the $100,000 loan. Several days later, Yvette sent another letter withdrawing her demand against DHC Realty because DHC Realty was in bankruptcy.

### V. Case Management Plan:

#### A. Standing Order on Scheduling in Civil Cases

Plaintiffs request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

* Plaintiffs do not anticipate joining any additional parties. Plaintiffs will amend pleadings per the Court's prior Order Denying Motion to Dismiss and Requiring Answer and Report [Doc #14].

* Defendants' deadline to join additional parties will be September 30, 2012. Defendants will file a counterclaim by September 30, 2012. Defendants will filed amended pleadings within fourteen (14) days of Plaintiffs filing their Amended Petition pursuant to the Court's Order.

* Parties' deadline to file dispositive motions - March 15, 2013.

#### B. Scheduling Conference with the Court

Plaintiffs do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

#### C. Early Settlement Conference

1. Plaintiffs certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is likely by use of the following procedure: attorney conference with a client representative.

2. Plaintiffs request an early settlement conference on or before October 15, 2012.

#### E. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs do not anticipate joining any additional parties. Plaintiffs will amend their COmplaint per the Court's prior Order Denying Motion to Dismiss and Requiring Answer and Report [Doc #14].

  2. Defendants' deadline to join additional parties will be September 30, 2012. Defendants will file a counterclaim by September 30, 2012. Defendants will filed amended pleadings within fourteen (14) days of Plaintiffs filing their Amended Petition pursuant to the Court's Order.

### F. Discovery

  1. Plaintiffs anticipate that discovery will be needed on the following subjects:

   All issues in dispute.

  2. All discovery, including deposition of expert witnesses pursuant to Fed.R.Civ. P. 26(b)(4), will be commenced by November 1, 2012, and completed by February 28, 2013.

  3. Discovery will not be conducted in phases.

  4. Discovery will be completed by February 28, 2013.

  5. Plaintiffs anticipate that the Plaintiffs will require a total of six (6) depositions of fact witnesses and that Defendants will require a total of six (6) depositions of fact witnesses. The depositions will commence by November 1, 2012, and be completed by February 28, 2013.

  6. Plaintiffs will not request permission to serve more than 25 interrogatories.

  7. Plaintiffs intend to call expert witnesses at trial. Plaintiff's will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26 (a)(2) by November 30, 2012. Depositions of such experts will be completed by February 28, 2013. These deadlines will apply for any party making an affirmative claim for damages.

  8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by December 31, 2012. Depositions of any such experts will be completed by February 28, 2013. These deadlines will apply for any party designating experts to rebut a claim.

  9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 30, 2012.

### G. Dispositive Motions:

  Dispositive Motions will be filed on or before March 15, 2013.

## VI. TRIAL READINESS

  The case will be ready for trial by May 1, 2013.

As an officer of the Court, the undersigned counsel agrees to cooperate with opposing Counsel and the Court to promote the just, speedy and inexpensive determination of this action.

DATED: August 31, 2012.

        JAMES & HAUGLAND, P.C.
        P.O. Box 1770
        El Paso, Texas 79949-3911
        Phone: 915/532-3911
        Fax: 915/541-6440

By: _____
        Corey W. Haugland
        State Bar No. 09234200

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Corey W. Haugland, hereby certify that on the 31st day of August, 2012 a true and correct copy of the foregoing was served upon the following parties via electronic means as listed on the Court's ECF Noticing System:

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 North Mesa, Suite 300
El Paso, Texas 79901

_____
Corey W. Haugland