UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE:<br><br>DHC REALTY, LLC.,<br><br>  Debtor. | |
| DHC REALTY, LLC. CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC., EL PASO DHC ENTERPRISES FAR EAST, LLC.,EL PASO DHC ENTERPRISES WEST, LLC., AND DAVID CHOWAIKI<br><br>  Plaintiffs,<br><br>v.<br><br>ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, AND HECTOR ARMENDARIZ,<br><br>  Defendants, | Case No: 11-30977<br><br>CHAPTER 11 |
| ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ,<br><br>  Counter-Plaintiffs,<br><br>v.<br><br>DHC REALTY, LLC., CHOWAIKI HOLDINGS, LLC., EL PASO DHC ENTERPRISES, LLC., EL PASO DHC ENTERPRISES FAR EAST, LLC., EL PASO DHC ENTERPRISES WEST, LLC., DAVID CHOWAIKI, AND HILEL CHOWAIKI,<br><br>  Counter-Defendants, | Adversary No. 12-3012 |

## AMENDED MOTION FOR LEAVE TO FILE LATE FILED COUNTERCLAIM OF DEFENDANTS ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ

MOTION FOR LEAVE TO FILE LATE FILED COUNTERCLAIM OF DEFENDANTS ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ, Page - 1

**TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Defendants, Counter-Plaintiffs, Armando Armendariz and Yvette Armendariz, by and through their attorneys of record, Christopher R. Johnston of Firth, Johnston, Martinez and Sidney J. Diamond of Diamond Law and files this Amended Motion for Leave to File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz and would respectfully show the Court the following:

1.      Corey Haugland, the attorney for DHC Realty, LLC does not agree the entry of this motion.

2.      On September 2, 2012, the Court entered a Scheduling Order setting September 30, 2012 as the last date for Defendants to file any counterclaims.

3.      Defendants/Counter-Plaintiffs' attorney, Sidney J. Diamond was injured in a fall and has been unable to return to work as shown in the Affidavit attached as Exhibit "A" and the Senior Legal Assistant's Affidavit has also been out of the office as shown in the attached as Exhibit "B".

4.      Defendants/Counter-Plaintiffs' attorney prepared the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz, a copy of which Counterclaim is attached hereto as Exhibit "C", but were unable to timely file it.

5.      Defendants/Counter-Plaintiffs move the Court for an order allowing them to late file the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz.

**WHEREFORE, THE DEFENDANTS/COUNTER-PLAINTIFFS PRAY:**

1. For an order allowing them to late file the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz; and

2. For such other and further relief to which the Defendants/Counter-Plaintiffs may be justly entitled.

**DATED:** October 4, 2012.

**MOTION FOR LEAVE TO FILE LATE FILED COUNTERCLAIM OF DEFENDANTS ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ, Page - 2**

Respectfully submitted,

DIAMOND LAW,.

_/s/ Sidney J. Diamond_
By: Sidney J. Diamond
 Attorney for Debtors
 Texas Bar Card No.: 5803000
 3800 N. Mesa, Suite B-2
 El Paso, Texas 79902
 (915) 532-3327 Voice
 (915) 532-3355 Fax
 sidney@sidneydiamond.com

## CERTIFICATE OF SERVICE

  I, Sidney J. Diamond, do hereby certify that on October 4, 2012, a true and correct copy of the foregoing Amended Motion for Leave to File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

**THE DEBTOR:**
DHC Realty, LLC
301 Williams
El Paso, TX 79901

**THE DEBTOR'S ATTORNEY:**
Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770

**UNITED STATES TRUSTEE:**
Kevin Epstein
Office of the U.S. Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

**VIA EMAIL: USTPRegion07.SN.ECF@usdoj.gov**

_/s/Sidney J. Diamond_
Sidney J. Diamond

**MOTION FOR LEAVE TO FILE LATE FILED COUNTERCLAIM OF DEFENDANTS ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ, Page - 3**

**EXHIBIT "A"**

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF
SIDNEY J. DIAMOND**

Sidney J. Diamond, states as follows:

1. That the Counterclaim of Defendants Armando Armendariz and Yvette

Armendariz was timely prepared.

1. That on the 17th day of September, 2012, I was injured in a fall. This is the third fall

that I have sustained in the last month. I severely injured my prosthetic elbow and ligaments and

I have been unable to return to work. I have been advised by my physician that in order to

recuperate and avoid re-injuring my injury I need to stay home and rest.

2. I verify under penalty of perjury that the foregoing is true and correct.

DATED: October 4, 2012.

     /s/ Sidney J. Diamond   
     Sidney J. Diamond

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY, Page - 1** Dec SJD.wpd

**EXHIBIT "B"**

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF
MARTHA PARTON**

Martha Parton, states as follows:

1.    I am the Senior Legal Assistant with the Diamond Law.  That on the 19th day of
September, 2012, my husband had an angiogram and thereafter had triple bypass open heart surgery.
On the same date my 88 year old mother had surgery on her intestines and is still hospitalized.  My
mother was the primarly caregiver for my elderly father, whose care was passed to me. My husband
was released from the hospital September 1, 2012, but requires continued care.  I have been unable
to return to work and still need to take my husband and my father to doctor's appointments.

2.    I verify under penalty of perjury that the foregoing is true and correct.

DATED: October 4, 2012.


                                        ___/s/ Martha Parton_____
                                           Martha Parton


**UNSWORN DECLARATION UNDER PENALTY OF PERJURY, Page - 1  Dec MP.wpd**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.:  11-30977-hcm |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No.:  12-03012-hcm |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| ARMANDO ARMENDARIZ and | § | |
| YVETTE ARMENDARIZ | § | |
| | § | |
| Counterclaimants | § | |
| | § | |
| v. | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, DAVID CHOWAIKI, and | § | |
| HILEL CHOWAIKI | § | |
| | § | |
| Counterdefendants | § | |

## COUNTERCLAIM OF DEFENDANTS
## ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ

TO THE HONORABLE COURT:

Defendants and Counterclaimants Armando Armendariz and Yvette Armendariz, (collectively "Counterclaimants"), by their undersigned counsel, bring the following Counterclaim against Counter-defendants LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, El Paso DHC Enterprises West, LLC, and David Chowaiki (collectively "Counter-defendants"), and Hilel Chowaiki, and in support of thereof show:

### PARTIES

1. Counterclaimant ARMANDO ARMENDARIZ ( "Armando") is an individual who is a resident of El Paso, Texas.

2. Counterclaimant YVETTE ARMENDARIZ ("Yvette") is an individual who is a resident of El Paso, Texas.

3. Debtor and Counter-defendant DHC REALTY, LLC ("DHC Realty") is a limited liability company that is organized and existing under the laws of the State of Texas with its principal place of business in El Paso County, Texas, and service of process can be obtained by serving DHC Realty through its attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

4. Counter-defendant CHOWAIKI HOLDINGS, LLC ("Chowaiki Holdings") is a limited liability company that is organized and existing under the laws of the State of Delaware with its principal place of business in El Paso County, Texas, and service of process can be obtained by serving Chowaiki Holdings through its attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

5. Counter-defendant EL PASO DHC ENTERPRISES, LLC (hereinafter "DHC East") is a limited liability company that is organized and existing under the laws of the State of Texas with its principal place of business in El Paso County, Texas, and service of process can be obtained by serving DHC East through its attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

6. Counter-defendant EL PASO DHC ENTERPRISES FAR EAST, LLC ("DHC Far East") is a limited liability company that is organized and existing under the laws of the State of Texas with its principal place of business in El Paso County, Texas, and service of process can be obtained by serving DHC Far East through its attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

7. Counter-defendant EL PASO DHC ENTERPRISES WEST LLC ("DHC West") is a limited liability company that is organized and existing under the laws of the State of Texas with its principal place of business in El Paso County, Texas, and service of process can be obtained by serving DHC West through its attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

8. Debtor and Counter-defendant DAVID CHOWAIKI ("David") is an individual with his residence in El Paso, Texas, and service of process can be obtained by serving David through his attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

9. Counter-defendant HILEL CHOWAIKI ("Hilel") is an individual with his residence in El Paso, Texas, and service of process can be obtained by serving Hilel through his attorney of record Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949.

Counterclaim of Defendants Armando Armendariz and Yvette Armendariz

## **BACKGROUND**

1.      Armando had been employed as a general manager for various fast food restaurant chains for over fifteen years.

2.      David and Hilel own three Fuddruckers restaurants, part of the Fuddruckers restaurant franchise owned by Luby's Fuddruckers Restaurants, LLC. The names of the operating entities of the El Paso Fuddruckers are DHC East, DHC West, and DHC Far East (collectively "El Paso Fuddruckers").

3.      Armando was hired as a restaurant manager trainee for DHC East in February 2006. A short time after receiving the training for his new position, Armando was promoted to General Manager and was assigned to open a new location of Fuddruckers, DHC West, on the west side of El Paso.

4.      As General Manager, Armando had access to the El Paso Fuddruckers profit and loss statements, and began to notice that the El Paso Fuddruckers accounting department (overseen by David and Hilel) was not producing accurate profit and loss statements.[1] This continued during the entire time of Armando's employment.

5.      David and Hilel later decided to open the third location of Fuddruckers, DHC Far East, which caused a decrease in sales at DHC East and DHC West. Nearby DHC East, projected to experience a 5% loss in sales as a result of the opening of DHC Far East, experienced a 20-40% loss in sales, upon the opening of DHC Far East in 2007.

---

[1] It is the belief of Counterclaimants that David and Hilel engaged in defrauding the Fuddruckers corporate franchise, Luby's Fuddruckers Restaurants, LLC, by continuously providing inaccurate information by not reporting vending sales, in-house gift cards, barter trade, and marketing dollars, via checks, in order to keep more money for themselves.

6.      By 2008, sales were consistently decreasing at El Paso Fuddruckers.  In late
2008, David and Hilel encouraged Armando to reduce management labor due to the
continuing decrease in sales.

7.      In 2010, not only were the El Paso Fuddruckers owned by David and Hilel failing,
but their other business, Basic Sports Apparel, saw its million dollar credit line revoked.

8.      By January 2012, El Paso Fuddruckers were the subject of an audit by the
corporate Fuddruckers franchise, Luby's Fuddruckers Restaurants, LLC.  David and
Hilel had also discussed the possibility of closing or selling more than one of their
restaurant locations, DHC East and DHC Far East with Armando.

9.      On March 26, 2010, Armando was approached by David and Hilel at their office
and David and Hilel discussed their difficult financial situation with him.  Armando
offered to let David and Hilel borrow $50,000.00 to be paid back within six months with
interest.  The $50,000.00 was part of a home equity loan which Armando had obtained.
Following their meeting, on March 29, 2010, Yvette gave David and Hilel a cashier's
check for $50,000.00.

10.     The financial difficulties of David and Hilel continued, and on or about June 3,
2010, David and Hilel mentioned their financial problems to Armando again, and again,
Armando offered to loan another $50,000.00 to David and Hilel.  On June 7, 2010,
Armando handed David and Hilel a second cashier's check for $50,000.00 to be paid
back with 10% interest by January of 2011.

11.     By March 2012, David and Hilel had still not paid the $100,000.00 loan back to
Armando, and Armando requested that the interest to date be paid.  On March 30,
2012, Armando was given a check from DHC East for the amount of $14,321.92.  In the

memo section of the check it stated "Interest to date @ 7.5%/annum-Loan to Fuddruckers".

12.    On April 3, 2012 Armando presented David with a doctor's note authorizing a medical leave of absence, and requested payment in full for the loan. Armando was told that David would call him after discussing the matter with Hilel. On April 16, 2012 while still on medical leave and still recovering from glaucoma, Armando was terminated,[2] and has to date not been paid back the $100,000.00 loaned to David and Hilel with interest. Yvette was terminated at the same time as Armando.

13.    For the entire period of time that Armando was employed with El Paso Fuddruckers, Armando never took a vacation. Armando was told verbally by El Paso Fuddruckers that any vacation pay owed to him would continuously roll over and paid at his request. Armando made numerous requests for vacation pay while employed with El Paso Fuddruckers, but was never paid. To date, Armando still has not been paid any of the vacation pay owed to him since his date of hire with El Paso Fuddruckers.

14.    Following the termination of Counterclaimants, to date, David and Hilel have engaged in a campaign of lies and slander against Counterclaimants, including filing an adversary claim against Counterclaimants in the bankruptcy action involving DHC Realty, LLC. The frivolous claims brought forth in the adversary claim and slander are a concerted effort to avoid paying their just debts.

**Defamation**

15.    Following Counterclaimants' termination, David and Hilel proceeded to engage in defamation against Counterclaimants. One such incident involved a Fuddruckers

---

[2] Counter-defendants will have a separate suit for the wrongful termination of Armando and Yvette filed against them.

catering event which had been set up without Armando's involvement while he was on medical leave. The catering event had been requested by Paso Del Norte School for teacher appreciation week on May 11, 2012. Yvonne Vallejo, Assistant Principal at Paso Del Norte School was coordinating the event with David to have Fuddruckers come to the school and cater the event. After David had personally approved the pricing for catering the event at the school on April 27, 2012, suddenly and without prior notice, on May 9, 2012, two days before the scheduled event, David stated that he was no longer willing to have Fuddruckers cater the event after he found out that there was a "family relationship" between the event's coordinator, Ms. Vallejo, and Armando. David then accused Armando of promising "a significant unauthorized discount", when Armando had no involvement with the catering event, as he was still on medical leave. Jeanette Williams, Principal at Paso Del Norte School, after expressing the school's displeasure with David's last-minute cancellation, received a threatening email from David accusing her and the school of fraud:

> "If you want to pass this on to your school district and staff we would be willing to discuss this situation with them regarding the attempt to defraud our company of goods and services by using the association with a former employee of our company who is directly related to your staff."

Paso del Norte school also had a second catering event with Fuddruckers planned for later the same month. A teacher at the school, Ms. Montellano, called Fuddruckers to cancel the event, given the prior incident with David. Ms. Montellano was told numerous defamatory statements by David or Hilel about Armando.

16. The May 9, 2012 email from David to school Principal Jeanette Williams, referenced above, is a clear example of how David resorts to threats of fraud and attempts at intimidation, when he decides to break off a formerly established business

relationship. David was certainly willing to falsely accuse and threaten a public institution (an elementary school) with fraud.

**Loan**

17.     Yvette loaned David a total of $100,000.00 as evidenced by three (3) cashier checks (Exhibits 1, 2 & 3). David agreed to pay at least a 10 % per annum interest rate.

18.     Yvette and David agreed this loan would be repaid no later than January 2011.

19.     David attempted to pay interest on this debt at a rate of 7.5%, but Yvette refused since the rate of interest was not as agreed. A copy of that check is attached as Exhibit 4.

20.     David is delinquent in the payment of the debt described above. David has failed to make any proper payments on the debt. Demand has been made for immediate payment of the full principal balance owing of $100,000.00, plus interest at the rate of ten percent per annum (10.00%). David has failed and refused to pay this debt.

## CAUSE OF ACTION – BREACH OF CONTRACT

21.     Yvette would show that the actions and/or omissions of David described herein constituted breach of contract. David obtained money from Yvette for which David failed to tender payment to Yvette. David's actions constitute breach of contract for which Yvette hereby sues. Therefore, David actions caused the damages to Yvette as described herein allowing Yvette to obtain relief from this Court for the damages established by the trier of fact.

22.     Counterclaimants would also show that the failure of David and Hilel to pay Armando the wages justly owed to him in the form of vacation pay constitutes breach of contract.

## CAUSE OF ACTION – QUANTUM MERUIT

23.     In the alternative to the claims made in paragraph 21, Yvette would show that she provided money to David for which David knew or should have known that he would be required to compensate Yvette; however, notwithstanding repeated requests for reasonable compensation, David has failed and continues to fail to compensate Yvette for the benefit conferred on David by Yvette. Therefore, Yvette is entitled to reasonable compensation for the benefit conferred on David by Yvette and for which David has derived a benefit.

24.     In the alternative to the claims made in paragraph 22, Counterclaimants would show that Armando provided his services as an employee to David and Hilel for which David and Hilel knew or should have known that they would be required to compensate Armando. Notwithstanding repeated requests for compensation of his vacation pay, David and Hilel have failed and continue to fail to compensate Armando for the benefit conferred on David and Hilel by Armando. Therefore, Armando is entitled to reasonable compensation for the benefit conferred on David and Hilel by Armando and for which David and Hilel have derived a benefit.

## CAUSE OF ACTION – FRAUD

25.     Yvette would show that David has engaged in fraud against Yvette, by showing that David had no intention to return the money he agreed to pay to Yvette. Counterclaimants would also show that David and Hilel have fraudulently withheld wages in the form of vacation pay from Armando, by showing that David and Hilel had no intention to pay said wages. Counterclaimants would also show that Hilel and David

have fraudulently attempted to engage Counterclaimants in a frivolous lawsuit as a means to avoid paying their just debts.

## CAUSE OF ACTION – DEFAMATION

26.     Counterclaimants would show that David and Hilel engaged in continuous defamatory conduct against Armando since the date of his termination on April 16, 2012.

## CAUSE OF ACTION – UNPAID WAGES

27.     Counterclaimants would show that David and Hilel have failed to pay Armando the wages justly owed to him in the form of vacation pay.

## CAUSE OF ACTION – TORTIOUS INTERFERENCE

28.     Counterclaimants would show that David and Hilel's continued defamatory conduct has been aimed at disrupting the Armando's ability to conduct business.

## ACTUAL LIQUIDATED DAMAGES

29.     Yvette's liquidated damages as agreed to be paid by under the agreement is $119,467.63, which amount is hereby claimed due. Therefore, Yvette claims liquidated damages totaling $119,467.63.

## ADDITIONAL DAMAGES

30.     Counterclaimants have suffered additional damages as a result of David and Hilel's defamatory conduct.

## ATTORNEY'S FEES

31.     Counterclaimants request all costs and reasonable and necessary attorney's fees incurred by Counterclaimants herein, including all fees and costs of court necessary, as the Court finds within its jurisdiction and deems equitable and just, as provided by (a)

Chapter 38 of the Texas Civil Practice and Remedies Code, and (b) common law.

**WHEREFORE, PREMISES CONSIDERED**, Counterclaimants request that David be cited to appear and to answer and that on final trial, Counterclaimants have judgment against David for:

a) $100,000.00, plus prejudgment interest;

b) Unpaid wages

c) Damages

d) Additional damages

e) Attorney's fees;

f) Costs of court;

g) Post-judgment interest; and

h) Such other and further relief to which it may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

/s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

/s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

# EXHIBIT 1

GECU                                                                          *312081089*

# Share Draft

| Sequence | Capture Date | Member No. | Draft No. | Draft Amt. |
|----------|--------------|------------|-----------|------------|
| 98071734 | 03292010 | 88000010 | 714810 | 50000.00 |



# EXHIBIT 2

View Image                                                                    Pa

*evolve Federal Credit Union*                                            312.

# Share Draft - Viewing Image

| Sequence | Capture Date | Member No. | Draft No. | Draft Amt. |
|----------|--------------|------------|-----------|------------|
| 73714862 | 06102010 | 68500311902567 | 634472 | 22777.00 |

El Paso Employees
FEDERAL CREDIT UNION
8840 GAZELLE, EL PASO, TX 79925-8931
(915) 595-5866

NCUA

88-01000120

01 0000634472

DATE
06/07/10

$22,777.00

PAY ** Twenty-Two Thousand Seven Hundred Seventy-Seven and 00/100 DOLLARS **

CASHIER'S CHECK
VOID AFTER SIXTY DAYS

TO THE ORDER OF    DAVID CHOWAIKI

REMITTED BY:    YVETTE ARMENDARIZ

AUTHORIZED SIGNATURE

⑆0634472⑈ ⑆312081005⑆68500311902567⑈

6/9/2010
3098
0006

Close

2

# EXHIBIT 3

*GECU*                                                                    *312081089*

# Share Draft - Viewing Image

| Sequence | Capture Date | Member No. | Draft No. | Draft Amt. |
|----------|--------------|------------|-----------|------------|
| 73471262 | 06092010 | 88000010 | 726540 | 27223.00 |

THIS DOCUMENT HAS A PRISMATIC PANTOGRAPH, MICROPRINTING AND AN ARTIFICIAL WATERMARK

**GECU**
WE'RE WITH YOU

VALID FOR ONE YEAR FROM DATE OF ISSUE
June 07, 2010

No. 726540

A 90 DAY WAITING PERIOD AND AN INDEMNIFYING BOND MAY BE REQUIRED TO REPLACE THIS CHECK.

TO THE ORDER OF
PAY ****DAVID CHOWAIKI********************************** $27,223.00

***TWENTY SEVEN THOUSAND TWO HUNDRED TWENTY THREE and 00/100*****
                                                              DOLLARS

RE:  YVETTE GUERRERO ARMENDARIZ

**CASHIER'S CHECK**
**GECU**

P.O. BOX 20998 • EL PASO, TEXAS 79998

By _____ AUTHORIZED SIGNATURE
By _____ AUTHORIZED SIGNATURE

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $2000.00

⑈726540⑈ ⑆312081089⑆ 88000010⑈

6/9/2010
3098
0006

[ Close ]

# EXHIBIT 4

10216

**EL PASO DHC ENTERPRISES LLC**
301 WILLIAMS ST
EL PASO, TEXAS 79901
(915) 532-0561

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com
32-61-1110

3/30/2012

PAY TO THE
ORDER OF___Armando A. Armendariz_____  $  **14,321.92

Fourteen Thousand Three Hundred Twenty-One and 92/100************************************************************  DOLLARS

Armando A. Armendariz

AUTHORIZED SIGNATURE

MEMO___Interest to Date@7.5%/annum-Loan to Fuddruckers

⑈010216⑈ ⑆111000614⑆ 936476225⑈

## CERTIFICATE OF SERVICE

I, Sidney J. Diamond, do hereby certify that on October 3, 2012, a true and correct copy of the foregoing Counterclaim of Defendants Armando Armendariz and Yvette Armendariz was served by depositing the same in the United States Mail, properly addressed and postage prepaid or via electronic means as listed on the Court's ECF noticing system to the following parties:

**THE DEBTOR:**                                  **THE DEBTOR'S ATTORNEY:**

DHC Realty, LLC                                  Corey W. Haugland
301 Williams                                     P.O. Box 1770
El Paso, TX 79901                                El Paso, TX 79949-1770


  /s/Sidney J. Diamond
     Sidney J. Diamond


**CERTIFICATE OF SERVICE, Page - 1**