IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| ――――――――――――――――― | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 12-03012-HCM |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE TO THE AMENDED MOTION FOR LEAVE TO FILE LATE FILED COUNTERCLAIM OF DEFENDANTS ARMANDO ARMENDARIZ AND YVETTE ARMENDARIZ

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Plaintiffs"), Plaintiffs herein, and file this, their Response to the Amended Motion for Leave to File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz [Docket No. 23], and in support thereof

would show the Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about July 6, 2012, Defendants, solely through their attorney Christopher R. Johnston[1], filed a Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, For More Definite Statement. [Docket No. 9].

3. On or about August 22, 2012, the Defendants, through their attorneys Christopher R. Johnston and Sidney J. Diamond, filed an Answer. [Docket No. 16]. The Defendants did not assert any counterclaims in their Answer. [Docket No. 16]

4. On or about September 7, 2012, this Court entered a Scheduling Order in which it ordered the Defendants to file any counterclaims by **September 30, 2012.** [Docket No. 20].

5. On or about October 8, 2012, Defendants Armando Armendariz and Yvette Armendariz (hereinafter these two Defendants will be referred to as the "Movants") filed an Amended Motion for Leave to File Late Filed Counterclaim through their attorneys Christopher R. Johnston and Sidney J. Diamond. [Docket No. 23]. In their Motion for Leave, the Movants

---

[1] The Docket incorrectly states that the Defendant's Motion to Dismiss was filed by Sidney J. Diamond.

claimed that their attorneys had prepared the Counterclaim, but were unable to timely file it because Attorney Diamond was injured on September 17, 2012 and has not been able to return to work and that Diamond's assistant had a family emergency and has been out of the office since September 19, 2012. [Docket No. 23]. The Motion for Leave did not give any indication why Movants' other attorney, Christopher R. Johnston, who had previously filed a Motion to Dismiss on behalf of the Defendants, was unable to timely file Movants' Counterclaim. [Docket No. 23]. The Counterclaim attached to the Amended Motion for Leave nominally alleges causes of action against the Plaintiffs and Hilel Chowaiki for breach of contract, quantum meruit, fraud, defamation, unpaid wages, tortious interference and a request for attorney's fees. [Docket No. 23].

## II. ARGUMENT & AUTHORITIES

6.  Under Rule 16(b) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)(citation and internal quotation omitted). The Fifth Circuit has set forth four factors that are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend or modify; (2) the importance of the amendment or modification; (3) potential prejudice in allowing the amendment or modification; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. In this case, an examination of the factors shows that there is not good cause to allow the late filed pleading.

7. First, although Movants have alleged that Attorney Diamond was unable to file the Counterclaim timely, they offer no explanation as to why their other attorney, Christopher R. Johnston, who has filed other pleadings in this matter, was not able to timely file the Counterclaim (or why Mr. Diamond's partner or other office staff were not able to timely file the Counterclaim). This lack of explanation is especially troublesome because the Motion for Leave implies that the Counterclaim had previously been prepared by Movants' counsel, but for some reason, neither Johnston, nor anyone at Diamond's law firm filed it.

8. Moreover, all of the alleged facts which form the basis of Movants' Counterclaim have been known to Movants since at least May 2012. Despite the fact that this case has been pending since May 23, 2012, the Movants failed to include any counterclaims in their answer, and Movants then missed the deadline in this Court's Scheduling Order. Movant's explanation for their failure to timely file their counterclaim doesn't excuse their lack of diligence in pursuing these claims.

9. Second, Plaintiffs will be prejudiced if Movants are allowed to file their Counterclaim. In reliance on the Court's scheduling order, the Plaintiffs had prepared and subsequently sent significant amounts of paper discovery to Defendants which address all of the pending claims between the parties. If the Movant's counterclaim is allowed, the Plaintiffs will be forced to conduct additional discovery regarding six new causes of action. *S & W Enter.*, 315 F.3d at 537 (finding prejudice because the non-movant "would be required to conduct additional discovery"); *Timely Integrated, Inc. v. Ryder Integrated Logistics, Inc.*, 2010 WL 5540953, *3 (W.D. Tex. June 23, 2010)(Defendant will be prejudiced by the need to engage in more discovery and investigation). Moreover, Movants seek to add an additional party to the case

through their counterclaim.

10. Finally, a continuance would not cure the prejudice against the Plaintiffs as they would still likely need to seek leave of court in order to obtain additional interrogatories and requests for production to address the counterclaims of Movants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask the Court to deny the Amended Motion for Leave To File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz [Docket No. 23] and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs

through their counterclaim.

10. Finally, a continuance would not cure the prejudice against the Plaintiffs as they would still likely need to seek leave of court in order to obtain additional interrogatories and requests for production to address the counterclaims of Movants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask the Court to deny the Amended Motion for Leave To File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz [Docket No. 23] and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 19th day of October, 2012, I electronically filed the foregoing Plaintiffs' Response to the Amended Motion for Leave To File Late Filed Counterclaim of Defendants Armando Armendariz and Yvette Armendariz with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

                                                                        _____
                                                                         Corey W. Haugland