IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>DHC REALTY, LLC,<br><br>Debtor.<br>_____ | §<br>§<br>§<br>§<br>§<br>§ | Case No.11-30977-HCM |
| DHC REALTY, LLC, CHOWAIKI<br>HOLDINGS, LLC, EL PASO DHC<br>ENTERPRISES, LLC, EL PASO DHC<br>ENTERPRISES FAR EAST, LLC,<br>EL PASO DHC ENTERPRISES<br>WEST, LLC, and DAVID CHOWAIKI,<br><br>Plaintiffs,<br><br>v.<br><br>ARMANDO ARMENDARIZ,<br>YVETTE ARMENDARIZ,<br>and HECTOR ARMENDARIZ,<br><br>Defendants.<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ and<br>YVETTE ARMENDARIZ,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>DHC REALTY, LLC, CHOWAIKI<br>HOLDINGS, LLC, EL PASO DHC<br>ENTERPRISES, LLC, EL PASO DHC<br>ENTERPRISES FAR EAST, LLC,<br>EL PASO DHC ENTERPRISES<br>WEST, LLC and DAVID CHOWAIKI,<br><br>Counter-Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**COUNTER-DEFENDANTS' PARTIAL MOTION TO DISMISS
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Plaintiffs and Counter-Defendants herein, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Counter-Defendants"), and file this, their Partial Motion to Dismiss the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz [Docket No. 29] for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012(b), and in support thereof would show the Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about October 29, 2012, Armando Armendariz and Yvette Armendariz (hereinafter "Counter-Plaintiffs") filed a Counterclaim against the Counter-Defendants and Hilel Chowaiki. [Docket No. 29]. Although the Counterclaim is nominally against the Counter-Defendants and Hilel Chowaiki, the Counter-Defendants do not plead any cause of action against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC. [Docket No. 29]. The Counter-Plaintiffs' causes of action for breach of contract, quantum meruit, fraud,

defamation, unpaid wages, tortious interference are pled solely against David Chowaiki and Hilel Chowaiki. [Docket No. 29]. Hilel Chowaiki is not a party to this suit and has not been served with process. [Docket No. 27]. Moreover, Counter-Plaintiffs' prayer only requests judgment against David Chowaiki and does not seek relief against any of the other Counter-Defendants or Hilel Chowaiki. [Docket No. 29].

## II. ARGUMENT & AUTHORITIES

3.    Aside from Yvette Armendariz's cause of action for breach of contract against David Chowaiki related to the $100,000.00 loan, Counter-Plaintiffs have failed to plead any cause of action for which relief may be granted.

4.    A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir.2010); *see also Nelson v. Lowe's Home Centers, Inc.*, 2012 WL 3731092, *2 (N.D. Tex. Aug. 29, 2012).

### A. All Claims Against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC Must be Dismissed

5.    On its face, Counter-Plaintiffs' Counterclaim makes no factual allegations and seeks no relief

against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West, LLC. Despite this, Counter-Plaintiffs list these entities as Counter-Defendants in the caption and in the "Parties" section of their pleading. "When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed." *Child v. Beame*, 417 F. Supp. 1023, 1025 (S.D.N.Y. 1976)(*citing Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974)); *see also, e.g., Bennett v. MacIsaac*, 2011 WL 5357840, *5 (E.D. Va. 2011). To the extent Counter-Plaintiffs are seeking relief against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC, their causes of action must be dismissed for failure to state a claim.

### B. *Yvette Armendariz's Claims for Defamation, Unpaid Wages and Tortious Interference must Be Dismissed*

1. Armando Armendariz and Yvette Armendariz have together alleged causes of action for defamation, unpaid wages and tortious interference against the Counter-Defendants and Hilel Chowaiki. Additionally, Armando Armendariz and Yvette Armendariz pray for judgment against David Chowaiki for damages for unpaid wages and "additional damages' related to the alleged defamation claim. Further, in their Counterclaim, the Counter-Plaintiffs allege that "Following Counterclaimant's termination, David and Hilel proceeded to engage in defamation against Counterclaimants." [Docket No. 29, ¶ 15].

2. Aside from these requests and conclusory statements, Counter-Plaintiffs have not plead any facts alleging that *Yvette Armendariz* was defamed, that she was owed unpaid wages, or that Counter-Defendants tortiously interfered with any present or prospective business relationship of hers. The facts alleged with regard to each of these causes of action concern

only Armando Armendariz. Because the Counterclaim does not allege any facts in support of a claim by Yvette Armendariz for defamation, unpaid wages, or tortious interference, these claim against the Counter-Defendants must be dismissed. *See, e.g., Child, supra*, 417 F. Supp. at 1025.

### C. Armando Armendariz' Causes of Action Against David Chowaiki for Breach of Contract, Quantum Meruit, Fraud, and Unpaid Wages must Be Dismissed

3. Armando Armendariz' causes of action for breach of contract, quantum meruit, fraud, and "for unpaid wages" against David Chowaiki (and Hilel Chowaiki) are based on the allegation that they failed to pay wages to Armando Armendariz in the form of vacation pay. Counter-Plaintiffs' Counterclaim does not show a right to relief that is plausible because it does not allege that David Chowaiki (or Hilel Chowaiki) had a contract with Armando Armendariz or that they had any obligation to pay him wages. Moreover, Counter-Plaintiff's Counterclaim does not allege any facts establishing that Armando Armendariz was an employee of David Chowaiki (or Hilel Chowaiki), individually, or that there was any relationship between these individuals from which the payment of wages could be implied.

4. Indeed, there is no such contract or relationship between David Chowaiki and Armando Armendariz. Armando Armendariz is well aware of this since two weeks before he filed the Counterclaim, he filed a separate lawsuit in State Court seeking unpaid wages from Chowaiki Holdings, LLC – his employer.[1] A true and correct copy of Plaintiff's Original Petition in *Armando Armendariz v. Chowaiki Holdings, LLC D.B.A. Fuddruckers*; Cause No.

---

[1]This separate state court suit was specifically contemplated by the parties and allowed for in their Agreed Order Concerning Motion to Quash Notice of Intent to Conduct Rule 2004 Video Examination Served by Debtor, DHC Realty, LLC that was entered in the main bankruptcy case on May 23, 2012 [Bankruptcy Docket No. 109] ("this Agreed Order shall not preclude [Armando Armendariz and Yvette Armendariz] from filing EEOC complaints or pursuing claims of wrongful discharge in a separate proceeding in a court of competent jurisdiction. A copy of the Agreed Order is attached hereto as Exhibit P-2 and incorporated herein by reference.

2012DCV06203; filed in the 448th Judicial District Court, El Paso County, Texas, is attached hereto as Exhibit P-1 and incorporated herein by reference. Despite the filing of his state court suit, Armando also filed a counterclaim against David Chowaiki for unpaid wages knowing that it was frivolous. At the very least, the Court should dismiss Armando Armendariz' claim for unpaid wages because the issue is currently pending before the 44th Judicial District Court of El Paso County, Texas.

5.    Additionally, Armando Armendariz' cause of action for "unpaid wages" separate and apart from his causes of action for breach of contract and quantum meruit should be dismissed because it does not show a right to relief that is plausible. Texas law does not recognize a cause of action for "unpaid wages" separate and apart from breach of contract or quantum meruit. Because an action for unpaid wages is not a cognizable legal theory under Texas law, this cause of action must be dismissed for failure to state a claim upon which relief may be granted.

6.    Because Counter-Plaintiffs did not, and cannot, plead the existence of a contract or other relationship between Armando Armendariz and David Chowaiki which would entitle Armando Armendariz to a judgment for alleged unpaid wages against David Chowaiki, Armando Armendariz' causes of action for breach of contract, quantum meruit, fraud and "unpaid wages" against David Chowaiki must be dismissed for failure to state a claim upon which relief may be granted.

### D. Yvette Armendariz' Claim for Quantum Meruit Against David Chowaiki Must Be Dismissed

7.    In the Counterclaim, Yvette Armendariz asserts a cause of action under the doctrine of quantum meruit for the recovery of the monies she allegedly loaned to David Chowaiki. This claim must be dismissed because under Texas Law, "[a] loan of money is not the type of

benefit that allows a claim for equitable relief on a quantum meruit theory." *Cristobal v. Allen*, 2010 WL 2873502 (Tex. App.–Hous. [1st Dist.] July 22, 2010, *no pet.*)(*citing Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944-45 (Tex.1990); *cf. La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex.1984)(holding that pure extension of credit does not constitute "goods or services," and therefore borrower in this transaction will not qualify as consumer under Deceptive Trade Practices Act); *see also Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)(to recover under the doctrine of quantum meruit, a plaintiff must establish that valuable services and/or materials were furnished).

8.      In this case, Yvette Armendariz has not alleged that she furnished any goods or services to David Chowaiki. Yvette Armendariz has only alleged that she loaned David Chowaiki money, which will not support a claim of quantum meruit. Yvette Armendariz has therefore not pled a cause of action upon which relief can be granted and her cause of action for quantum meruit against David Chowaiki must be dismissed.

### E. Yvette Armendariz' Cause of Action for Fraud Against David Chowaiki Must be Dismissed

9.      In the Counterclaim, Yvette Armendariz plead a cause of action for fraud based solely on the allegation that "David had no intention to return the money he agreed to pay to Yvette." This is insufficient to state a claim for fraud because it is merely a conclusory statement. Because it is merely a conclusion, it is not entitled to an assumption of truth and should be disregarded. *Iqbal*, 556 U.S. at 679; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

10.     Additionally, the Counterclaim is insufficient to state a claim for fraud because it does not

show a right to relief that is plausible. Even if it could be proven that David Chowaiki had

no intention to return the money he agreed to pay Yvette Armendariz, this does not rise to

the level of fraud, and is at most a breach of contract. In order to plead a claim for fraud a

plaintiff must allege: "(1) that a material representation was made; (2) the representation was

false; (3) when the representation was made, the speaker knew it was false or made it

recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker

made the representation with the intent that the other party should act upon it; (5) the party

acted in reliance on the representation; and (6) the party thereby suffered injury." *Italian

Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

Yvette Armendariz failed to allege any of the elements of a fraud claim and her claim must

therefore be dismissed.

### F. Armando Armendariz and Yvette Armendariz' Claims Against David Chowaiki for Tortious Interference Must Be Dismissed

11. Counter-Plaintiffs allege a cause of action against David Chowaiki and Hilel Chowaiki for

tortious interference based upon the allegation that their alleged "defamatory conduct has

been aimed at disrupting Armando's ability to conduct business." [Docket No. 29, ¶28].

Counter-Plaintiffs' cause of action for tortious interference must be dismissed because their

Counterclaim does not provide fair notice of Counter-Plaintiffs' claim and because the

Counterclaim does not show a right to relief that is plausible.

12. First, Counter-Plaintiffs' Counterclaim does not provide David Chowaiki with fair notice of

their claim. *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). Texas law recognizes two

causes of action based upon "tortious interference" – tortious interference with an existing

contract and tortious interference with prospective business relations. *Butnaru v. Ford Motor

Co.*, 84 S.W.3d 198, 207 (Tex. 2002); *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex.

App.–Hous. [1st Dist.] 2009, *pet. denied*). The Counterclaim does not specify which cause of action Counter-Plaintiffs are pursuing and alleges no facts upon which David Chowaiki could even hazard a guess. The Counterclaim is devoid of any allegations of either an existing contract between Armando Armendariz and a third party or a prospective business relationship between Armando Armendariz and any third party. Because the Counterclaim provides only labels and conclusions, it is insufficient to show grounds for Counter-Plaintiffs to be entitled to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n.3; *Brooks*, 578 F.3d at 581.

13.    Second, regardless of which cause of action Counter-Plaintiffs intended to plead, the factual allegations in the Counterclaim do not show a right to relief that is plausible. *Brooks*, 578 F.3d at 581-82. The elements of a cause of action for tortious interference with an *existing contract* are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant willfully and intentionally interfered with that contract; (3) the interference proximately caused the plaintiff's injury; and (4) the plaintiff incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

14.    In this case, Counter-Plaintiffs did not plead the existence of any contract with any third party with which David Chowaiki did, or could have interfered. The only agreement mentioned in the Counterclaim is between one of the Fuddrucker's entities and Paso del Norte School. [Docket No. 29, page 7]. It is elementary that before a party can claim a right to relief for tortious interference with an existing contract, it must allege the existence of a subject contract. Counter-Plaintiffs did not allege the existence of any contract that was allegedly interfered with, and their claim for tortious interference with an existing contract must fail.

15.    Moreover, Counter-Plaintiffs did not allege that they have incurred any actual loss or damage

or that they were in any way injured by the alleged tortious interference. Without any allegations to support a cause of action for tortious interference with an existing contract, the Court must dismiss Counter-Plaintiffs' claim against David Chowaiki.

16. Similarly, Counter-Plaintiffs did not allege any facts to support a claim for tortious interference with a *prospective business relationship*. "To establish a cause of action for tortious interference with prospective business relationships, a plaintiff must show that (1) there was a reasonable probability that the parties would have entered into a business relationship; (2) the defendant committed an independently tortious or unlawful act that prevented the relationship from occurring; (3) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.–Hous. [1st Dist.] 2009, *pet. denied*).

17. Again, the Counterclaim is entirely devoid of any allegations that Armando Armendariz would have entered into any prospective business relationship with any person or entity but for the alleged defamatory comments of David Chowaiki.[2] The Counterclaim is also devoid of any actual damages incurred by Counter-Plaintiffs that were proximately caused by the alleged actions of David Chowaiki. Without any allegations to support a claim for tortious interference with a prospective business relationship, Counter-Plaintiffs' claim against David Chowaiki must be dismissed.

### G. Counter-Plaintiffs' Claim Against David Chowaiki for Defamation Must Be Dismissed

18. Counter-Plaintiffs' claim against David Chowaiki for defamation must be dismissed for

---

[2]The Counterclaim doesn't even allege that Armando Armendariz engages in any business.

failure to state a claim upon which relief may be granted because: (1) the Counterclaim fails to specify the place of the alleged publication of defamatory material; (2) the Counterclaim fails to allege any facts in support of his claim of other "numerous defamatory statements by David or Hilel about Armando"; and (3) all allegations made in this, or any other judicial proceeding, are absolutely privileged against a claim for defamation.

19. To establish a cause of action for defamation under Texas law the plaintiff must show that the defendant "(1) published a statement, (2) that was defamatory as to [plaintiff], (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Nelson, supra*, 2012 WL 3731092, *2 (*quoting Hill v. Anderson*, 420 F. App'x 427, 434 (5th Cir.2011); *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998)). "Further, defamation claims **must specifically state the time and place of the publication**, as well as the alleged defamatory statement and the speaker." *Id.* (emphasis added)(*citing Jackson v. Dallas Indep. Sch. Dist.*, 1998 WL 386158, at *5 (N.D.Tex. July 2, 1998); *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir.2007)); *see also Hernandez v. Wal-Mart Associates, Inc.*, 2006 WL 2883080, *4 (W.D. Tex. Sept. 19, 2006)(*citing, inter alia*, 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1309 at 698 (2d ed.1990)(noting that several courts have adopted a higher requirement for pleading defamation claims); *Garrett v. Celanese Corp.*, 2003 WL 22234917, *4 (N.D.Tex.2003)(stating that a defamation claim must specifically state the time and place that the statement was published and concluding that, by failing to do so, the plaintiff had "hardly present[ed] facts tending to show the elements of a defamation claim.")).

20. In this case, Counter-Plaintiffs allege that "Following Counterclaimants' termination, David

and Hilel proceeded to engage in defamation against Counterclaimants." [Docket No. 29, ¶ 15]. Counter-Plaintiffs then allege "one such incident" with regard to Paso Del Norte School. Although the Counterclaim specifies the alleged defamatory statement and the speaker, it does not specify the place of the alleged statements as required by the courts of this circuit. Thus, the Counter-Plaintiffs hardly presented facts tending to show the elements of their defamation claim, and such claim must be dismissed.

21.     Further, although the Counterclaim alleges that there were other "numerous defamatory statements by David or Hilel about Armando" [Docket No. 29, ¶ 15], it does not identify the alleged defamatory statements, it does not identify the time and place of publication, and it does not identify the speaker (either David or Hilel). With regard to these other alleged defamatory statements, Counter-Plaintiffs have failed to state a claim for defamation as a matter of law. *See Nelson, supra*, 2012 WL 3731092, *2; *Hernandez, supra*, 2006 WL 2883080, *4. At the very least, Counter-Plaintiffs should be precluded from seeking damages for any alleged defamatory statement that has not been specifically identified.

22.     Finally, Counter-Plaintiffs have alleged that "David and Hilel have engaged in a campaign of lies and slander against Counterclaimants, including filing an adversary claim against Counterclaimants in the bankruptcy action involving DHC Realty, LLC." To the extent Counter-Plaintiffs' claims are based upon the filing of pleadings in this case, their cause of action must be dismissed. It cannot be contested that "[a]s a matter of law, communications made during a court's proceedings are absolutely privileged and are immune from an action alleging defamation or invasion of privacy." *McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1220 (5th Cir. 1987). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a

civil action in damages for slander or libel. The absolute privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 644 (N.D. Tex. 2007)(*citing Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942); *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex.1982). "[T]he issue of absolute privilege is properly raised by a motion to dismiss." *50-Off Stores, Inc. v. Banque PARIBAS (Suisse) S.A*, 1997 WL 790739, *6 (W.D. Tex. 1997). Thus, to the extent Counter-Plaintiffs' claim for defamation relies on the filing of this adversary or statements made in the pleadings filed herein, it must be dismissed as a matter of law.

### III. CONCLUSION

23.   Counter-Plaintiffs have attempted to cobble together a few claims against the Counter-Defendants and Hilel Chowaiki to hide their own bad acts. An examination of these claims, even at this early stage, reveals that there is nothing behind them.

a.   Counter-Plaintiffs have tried to include DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC in their suit, but their Counterclaim fails to plead a single fact or cause of action against these entities.

b.   Yvette Armendariz seeks damages for defamation, tortious interference, and unpaid wages, but she fails to plead a single fact alleging that she was defamed, was owed wages, or had a relationship that was interfered with.

c.   Armando Armendariz seeks unpaid wages from David Chowaiki in his causes of action for breach of contract, quantum meruit, fraud, and "unpaid wages," but he

failed to allege that David Chowaiki had or has any obligation to pay his wages.

d.   Yvette Armendariz pled a cause of action for quantum meruit against David Chowaiki, but she failed to allege that she provided any goods or services that would support such a claim.

e.   Yvette Armendariz pled an action for fraud against David Chowaiki, but she failed to allege a single fact supporting any element of such a claim.

f.   Counter-Defendants have pled a cause of action for tortious interference, but they failed to allege the existence of any contract or prospective business relationship with which David Chowaiki allegedly interfered.

g.   Counter-Defendants have pled a cause of action for defamation, but they failed to allege any specific statement or a time and place for each statement as required by the courts of this circuit.

24.   The only cause of action that Counter-Plaintiffs properly pled was Yvette Armendariz's cause of action for breach of contract related to the alleged loan to David Chowaiki. This is the only cause of action asserted by Counter-Plaintiffs that should not be dismissed from this suit. Considering the tardiness with which Counter-Plaintiffs brought their Counterclaim, and the lack of substance to support their claims, this Court should dismiss all of Counter-Plaintiffs' causes of action except for Yvette Armendariz' cause of action for breach of contract, and allow this case to proceed to trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs and Counter-Defendants DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI, pray that this Court grant their Partial Motion to Dismiss Counterclaim for Failure to

State a Claim, dismiss all of the claims asserted by Armando Armendariz and Yvette Armendariz

in their Counterclaim [Docket No. 29] except for Yvette Armendariz's cause of action for breach

of contract, and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone:  915-532-3911
FAX:  (915) 541-6440

By:  _____
Corey W. Haugland
State Bar No.  09234200
Attorney for Plaintiffs/Counter-Defendants

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the /2th day of November, 2012, I electronically
filed the foregoing Counter-Defendants' Partial Motion to Dismiss Counterclaim for Failure to State
a Claim with the Clerk of the Court using the CM/ECF System, which will give notice of the filing
of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland



IN THE __448__ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ARMANDO ARMENDARIZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CAUSE NO. _2012 DCV 06203_ |
| | § | |
| CHOWAIKI HOLDINGS LLC | § | |
| D.B.A. FUDDRUCKERS, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, ARMANDO ARMENDARIZ, Plaintiff, in the above styled and numbered cause, by and through his attorney of record, Bernardo Gonzalez, Attorney at Law, and files this, Plaintiff's Original Petition, and for cause of action would show the court the following:

## DISCOVERY CONTROL PLAN

1.      Discovery will be conducted under Level III pursuant to Rule §190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

## PARTIES TO THIS ACTION

2.      Plaintiff resides in El Paso County, Texas.

3.      Defendant, CHOWAIKI HOLDINGS LLC, D.B.A. FUDDRUCKERS, is a corporation doing regular and systematic business in the State of Texas.  Said Defendant may be served through David Chowaiki, 301 Williams Street, El Paso, Texas 79901.



EXHIBIT
P-1

## JURISDICTION AND VENUE

4.      Venue is proper in El Paso County, Texas because a substantial part of the incident which is the basis of the lawsuit occurred in El Paso, County, Texas.

## FACTS

5.      Plaintiff was a dedicated employee of the Defendant since 2006.  As Director of Operations, Plaintiff worked around the clock, long hours. seven days a week with no vacations. Unfortunately, Plaintiff developed a disabling eye condition, which affected his eye sight.  On 4-3-12, Plaintiff informed his employer that the Doctor ordered that he take seven days off. Defendants instead terminated Plaintiff on 4-16-12.  At termination Plaintiff was earning an average of $85,000 dollars annually, with insurance benefits of $600.00 monthly.

## CAUSES OF ACTION

6.      The conduct of the Defendants, as described above, were unlawful employment practices and violated Sec. 21.001 et. seq. of the Texas Labor Code.  The Plaintiff has exhausted all administrative remedies and has received notice of the right to sue by the Equal Employment Opportunity Commission.  Plaintiff filed this petition within 60 days of receiving said notice. The actions by the Defendants, as described above, discriminated against the Plaintiff because of his disability.

7.      Furthermore, the conduct of the Defendants, as described above, was discrimination and violated Sec. 21.001 et. seq. of the Texas Labor Code.

8.      By Reason of the Defendant's actions, Plaintiff found it necessary to retain the services of an attorney and is entitled to attorney's fees.

9.      Plaintiff request trial by jury.

10.     Wherefore, Plaintiff respectfully requests that this Honorable Court cites the Defendants to answer and appear, and upon final trial enter a judgment for $250,000.00 upon his favor and award the following:

1.   Back pay and benefits;

2.   Front pay and benefits;

3.   Mental anguish;

4.   Attorney's fees;

5.   Plaintiff's costs;

6.   Pre-Judgment and Post Judgment interest;

7.   Such other relief as the Court deems necessary and proper. to which Plaintiff may be entitled.

Respectfully Submitted,

BERNARDO GONZALEZ
Attorney for Plaintiff
7362 Remcon Circle
El Paso, Texas 79912
(915) 225-2276
Fax: (915) 581-9042
SBN: 08124100



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 23, 2012.**

_H Cratt_

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |

**AGREED ORDER CONCERNING MOTION TO QUASH NOTICE OF INTENT
TO CONDUCT RULE 2004 VIDEO EXAMINATION
SERVED BY DEBTOR, DHC REALTY, LLC [DOC #90]**

On this date came on for consideration the Motion to Quash Notice of Intent to Conduct Rule 2004 Examination Served By Debtor, DHC Realty, LLC [Doc #90] filed by Armando Armendariz and Yvette Armendariz, by and through their attorney of record, Sidney J. Diamond. The Armendarizes appeared by and through their attorney of record, Sidney J. Diamond, and DHC Realty, LLC appeared by and through its attorney of record, Corey W. Haugland, and announced that a settlement has been reached in this matter. The Court has reviewed the terms of the proposed settlement and has approved same. It is therefore,

**ORDERED, ADJUDGED AND DECREED** that the Rule 2004 Examinations scheduled by the Debtor and memorialized by service of Subpoenas Duces Tecum on Armando Armendariz



EXHIBIT

P-2

and Yvette Armendariz are hereby cancelled.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Armando Armendariz and Yvette Armendariz shall each return the $55.00 witness fee provided to them to DHC Realty, LLC, care of its attorney, Corey W. Haugland at 609 Montana, El Paso, Texas 79902, on or before 5:00 p.m. on May 11, 2012.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court accepts Armando Armendariz's and Yvette Armendariz's stipulation and consent to the jurisdiction of the U.S. Bankruptcy Court for entry of final orders regarding resolution of all disputes involving DHC Realty, LLC, David Chowaiki, Chowaiki Holdings, LLC, DHC Enterprises, LLC, DHC Enterprises Far East, LLC, and DHC Enterprises West, LLC involving their employment and/or business transactions involving those parties. It is the desire and the intent of all parties to this Order to consent to entry of final orders by the U.S. Bankruptcy Court, and to resolve all disputes in the U.S. Bankruptcy Court in front of one tribunal in order to minimize costs and facilitate a prompt resolution of all disputes between said parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court accepts David Chowaiki's, Chowaiki Holdings, LLC's, DHC Enterprises, LLC's, DHC Enterprises Far East, LLC's, and DHC Enterprises West, LLC's stipulation and consent to the jurisdiction of the U.S. Bankruptcy Court for entry of final orders regarding resolution of all disputes involving Armando Armendariz and Yvette Armendariz concerning their employment and/or business transactions involving those parties. It is the desire and the intent of all parties to this Order to consent to entry of final orders by the U.S. Bankruptcy Court and to resolve all disputes in the U.S. Bankruptcy Court in front of one tribunal in order to minimize costs and facilitate a prompt resolution of all disputes between said parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor's adversary complaint involving Hector Armendariz may effectively be served on Sidney J. Diamond.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DHC Realty, LLC, David Chowaiki, Chowaiki Holdings, LLC, DHC Enterprises, LLC, DHC Enterprises Far East, LLC, and DHC Enterprises West, LLC agree with Armando Armendariz and Yvette Armendariz that this Agreed Order shall not preclude them from filing EEOC complaints or pursuing claims of wrongful discharge in a separate legal proceeding in a court of competent jurisdiction. All other claims or causes of action between the parties to this Agreed Order shall be brought in the adversary proceeding to be initiated in this bankruptcy proceeding in this Court by DHC Realty, LLC, David Chowaiki, Chowaiki Holdings, LLC, DHC Enterprises, LLC, DHC Enterprises Far East, LLC, and DHC Enterprises West, LLC.

All relief not expressly granted herein is hereby denied.

###

AGREED AND APPROVED:


_____
Corey W. Haugland
Attorney for Debtor, DHC Realty, LLC
and attorney for David Chowaiki, Chowaiki Holdings,
DHC Enterprises, LLC, DHC Enterprises Far East, LLC,
and DHC Enterprises West, LLC


_____
Sidney J. Diamond
Attorney for Armando & Yvette Armendariz