IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>DHC REALTY, LLC,<br><br>　　　　Debtor, | §<br>§<br>§<br>§<br>§<br>§ | Case No.: 11-30977-hcm |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary No.: 12-03012-hcm |
| ARMANDO ARMENDARIZ and YVETTE ARMENDARIZ<br><br>　　　　Counterclaimants<br><br>v.<br><br>DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, DAVID CHOWAIKI, and HILEL CHOWAIKI<br><br>　　　　Counterdefendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## RESPONSE TO COUNTER-DEFENDANTS' PARTIAL MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE COURT:

Defendants and Counterclaimants Armando Armendariz and Yvette Armendariz, (collectively "Counterclaimants"), by their undersigned counsel, file the following Response to Counter-defendants' Partial Motion to Dismiss Counterclaim for Failure to State a Claim ("Motion" or "Motion to Dismiss"), and in support of thereof show:

### INTRODUCTION

1. Counter-defendants have filed a Motion to Dismiss claiming Counterclaimants have failed to state a claim as to various counter-claims. Counter-defendants have admitted that the breach of contract claim against Counter-defendant David Chowaiki ("Chowaiki") is a cause of action for which relief may be granted, but denied this fact as to each of the other claims.

### MEMORANDUM OF POINTS AND AUTHORITIES

2. The Motion to Dismiss requests dismissal as to DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West, LLC (collectively "DHC entities").

3. The U.S. Supreme Court in *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 937 (2009), states:

> A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action. See 5A C. Wright & A. Miller, Federal Practice and Procedure § 1321, p. 388 (3d ed.2004) ("[T]he caption is not determinative as to the identity of the parties to the action").

While at this point, no direct causes of action have been stated against the DHC entities, given Counter-defendants' propensity for seeking to avoid paying their just debts, in any myriad of ways, it may be necessary to add additional causes of action

against these Counter-defendants during the course of discovery as additional facts come to light.

**Unpaid Wages**

4. Counter-defendants state that Counterclaimaints' claim for unpaid wages is without merit as it has not been alleged that there was any contract between Chowaiki, individually, and Counterclaimant Armando Armendariz ("Armando"), nor was there "any relationship between these individuals from which the payment of wages could be implied" (see Motion). Counter-defendants err in this regard. The Fair Labor Standards Act ("FLSA"), is clear, in its definition of an "employer": "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee". See 29 USC § 203(d). Chowaiki is therefore an employer as by Counter-defendants own admission in their Original Complaint, "David and Hilel Chowaiki…oversee the general operation of all of these entities". See Complaint ¶ 16. The entities referred to are DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, El Paso DHC Enterprises West, LLC. Counter-defendants also state "Armando later became an employee of Chowaiki Holdings as Director of Operations over all three restaurants." See Complaint ¶ 17. It is clear therefore as the person overseeing the general operation of an employing agency of Armando, that Chowaiki was "acting directly…in the interest of an employer in relation to an employee" (see 29 USC § 203(d)), and therefore meets the definition of an employer per the FLSA. Counterclaimants reference a state court claim filed by Armando, however, their arguments involving this claim are irrelevant as Armando is free to seek other claims such as the wrongful termination claim against Counter-

defendants. As the owner of one of the entities in the present matter, and in the wrongful termination suit, Chowaiki is incorrect by stating that the issue relating to unpaid wages is an issue pending before the state court, when in fact, it is clear from reading the state court Complaint which Counter-defendants attached to their Motion, that it is not.

5. Counter-defendants also argue that "an action for unpaid wages is not a cognizable legal theory under Texas law" (see Motion ¶ 5.). As stated by the court in *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993), "meaningful legal remedies must be afforded to our citizens, so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress. *Sax v. Votteler*, 648 S.W.2d 661, 665-66 (Tex.1983)." The court in *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189 (Tex.App.-Fort Worth 1995, writ den'd) clarifies, in a case involving the Texas Payday Law, stating that the common law action for unpaid wages is "well-recognized at common law", and further:

> "a cause of action for unpaid wages is not purely statutory because…the remedial scheme provided by the Payday Law does not provide a reasonable substitute for the constitutional right to a jury trial, which is guaranteed for actions recognized at common law prior to the adoption of the Texas Constitution."

In sum, "the right to a jury trial for an action brought on a debt for unpaid wages" (*Id.*) is a constitutional right in the State of Texas. Counter-defendants' claims that the common law cause of action for unpaid wages is not recognized in Texas is without merit.

**Quantum Meruit**

6. Counter-defendants assert that Counterclaimants' claim of Quantum Meruit as it relates to the personal loan of Counterclaimant Yvette Armendariz ("Yvette") is moot

given that a loan of money is not a "benefit" allowing for recovery under quantum meruit. While Counter-defendants' only rely upon an unpublished opinion to support this contention, Counterclaimants admit that a personal loan may not necessarily qualify as the type of goods and services rendered intended for recovery under a theory of quantum meruit, and agree to amend and remove this claim should the Court agree with Counter-defendants assertion.

**Fraud**

7. Counter-defendants argue Counterclaimants' claim of fraud as to Yvette is insufficient as it is conclusory. This is an ingenious argument since the allegations of fraud in Plaintiffs' Original Complaint are only conclusory throughout. Specifically, Counter-defendants allege the statement "Yvette would show that [Chowaiki] has engaged in fraud against Yvette, by showing that [Chowaiki] had no intention to return the money he agreed to pay Yvette" is conclusory. This statement clearly informs Counter-defendants' of the claim of fraud against them, what the allegation of fraud entails, and how Counterclaimants intend to support this claim. Paragraphs 17-20 of the Counterclaim outline in detail the events involving the loan. Additional factual information is contained in introductory ¶¶ 1-14 under the "Background" section of the Counterclaim. The allegation of fraud follows upon these events and the attached exhibits.

8. Counter-defendants also argue that Counterclaimants' claim of fraud as to Yvette does not rise to the level of fraud and does not meet the requirements of fraud as pled. Federal Rules of Civil Procedure ("FRCP") governing fraud, FRCP 9(b), states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Counterclaimants' claim of fraud meets this additional pleading requirement by the description of events involving the loan to Chowaiki for $100,000.00, attached exhibits, and the claim of fraud itself. The circumstances of the allegation of fraud are particularly stated; Chowaiki's fraud is demonstrated by the fact that he had no intention to return the money he agreed to pay. The money referred to is the personal loan of $100,000.00 described in the initial ¶¶ 1-20 of the Counterclaim. The additional pleading requirements of pleading fraud per FRCP 9 are fulfilled.

**Tortious Interference**

9. Counter-defendants state the "cause of action for tortious interference must be dismissed because their Counterclaim does not provide fair notice…and because the Counterclaim does not show a right to relief that is plausible." See Motion, ¶ 11. The requirements of providing fair notice, are described in *Anderson v. U.S. Department Of Housing And Urban Development*, 554 F.3d 525 (5th Cir., 2008) ("Anderson"):

> Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. *Id.* In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law."

Counter-defendants are clearly put on notice as to the claim of tortious interference. As mentioned in ¶ 28 of the Counterclaim, the claim of tortious interference is based on the continued defamatory conduct of Chowaiki. The factual allegations of Chowaiki's defamation are contained in ¶¶ 1-16 of the Counterclaim. These factual allegations provide ample facts to provide fair notice of the claim. Counter-defendants claim they are unable to "even hazard a guess" as to whether Counterclaimants are claiming tortious interference with prospective business relations. A simple reading of ¶ 28

provides the answer, referring to "defamatory conduct…aimed at disrupting…Armando's ability to conduct business."

10. Counter-defendants also claim that a specific prospective business relationship has not been mentioned, however they have also not pointed to any requirement that one must specifically plead which specific prospective business relationship(s) are impacted by a defendant's tortious interference. The requirements of providing "a short and plain statement of the claim showing that the pleader is entitled to relief" per FRCP 8(a)(2) is fulfilled.

11. Further, while Counter-defendants list many elements which they assert must be shown to prove tortious interference, the case cited, *Plotkin v. Joekel*, 304 S.W.3d 455, 486 (Tex. App.-Houston [1st Dist.] 2009, pet. denied), does not state that each of these elements must be *pled* in the initial pleading. Again, the purpose of an initial complaint or counterclaim is to provide "a short and plain statement of the claim" (FRCP 8(a)(2)). A proving of the claim is not required, but a "statement", so as to inform the defendant(s) of the claims against them.

12. Counter-defendants state that no actual damages are alleged with respect to the claim of tortious interference. As stated by the U.S. Supreme Court in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), "general damages are presumed, and may be awarded without proof of pecuniary injury." Further, per *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d (1978), "plaintiffs ordinarily are not required to prove with exactitude the amount of damages that should be awarded to compensate intangible injury. See *Gertz v. Robert Welch, Inc.*, 418 U. S., at 350." The lack of specific damages stated, therefore, for a claim of tortious interference

with prospective business relations does not deprive Counter-defendants of fair notice of the claims against them.

**Defamation**

13. Counter-defendants list several reasons in ¶ 18 of their Motion how Counterclaimants claim of defamation against Chowaiki fails "to state a claim upon which relief may be granted." See Motion, ¶ 18. They argue the "Counterclaim fails to specify the place of the alleged publication." *Id.* Even under the three requirements for proving defamation listed by Counter-defendants in ¶19 do not show this requirement. Further, the FRCP govern the pleading of matters in the present case. Defamation is not listed in FRCP 9(b) as a tort that is held to a higher pleading standard. Therefore the rules of FRCP 8(a)(2) apply. The courts have stated similiarly:

> "A defamation complaint, like any other civil complaint in federal court, must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47, 78 S.Ct. 99. While the Federal Rules of Civil Procedure require more specific pleading in certain cases, defamation cases are not among them. See Fed.R.Civ.P. 9(b). Thus, the usual standards of notice pleading apply in defamation cases such as this one." See *Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 336 (4th Cir.2005)

> "It is clear that allegations of libel and slander do not require special pleadings under the Federal Rules of Civil Procedure. *Geisler v. Petrocelli*, supra; Rule 8, Federal Rules of Civil Procedure." *Frito-Lay, Inc. v. WAPCO [WAPCO] Constructors, Inc.*, 520 F.Supp. 186 (M.D.La.1981)

Further explanation of the rules of pleading per FRCP are seen in *General Electric Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir.2005):

> "According to rule 84 of the Federal Rules of Civil Procedure, '[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.' FED. R.CIV.P. 84. A glance at Form 9 confirms the low bar that rule 8(a)'s notice pleading standard sets out. In its example of a

complaint for negligence, Form 9 merely contains the simple statement, '[D]efendant negligently drove a motor vehicle against plaintiff ....'"

"The example in Form 9 does not even parse the negligence allegation into separate elements — e.g., the allegation could say, 'Defendant owed a duty of reasonable care and breached that duty by not exercising reasonable care in the manner in which he operated his vehicle.'[5]

[5] Indeed, parsing the allegations into elements has never been required. See 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1], at 8-24 to 8-24.1 (3d ed. 2005)."

Again, the detailed background information given in ¶¶ 1-20 and the statement of the allegation in ¶ 26 are well more than sufficient to meet the pleading standards set forth in FRCP 8(a)(2) and FRCP 84.

## **CONCLUSION**

14. Counter-defendants' Motion is without merit. Each allegation of the Counterclaim has met the requirements set forth in FRCP 8(a)(2). Likewise, any allegations of fraud, have also been set forth with sufficient particularity as per FRCP 9(b). Sufficient factual allegations also support each of the causes of action made in the Counterclaim.

Wherefore, Counterclaimants respectfully request that Counter-defendant's Motion be denied and that Counterclaimants be granted any further relief to which they may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

  /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

DIAMOND LAW
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

/s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

    I, Sidney J. Diamond, do hereby certify that on November 30, 2012, a true and correct copy of the foregoing Response to Counter-defendants' Partial Motion to Dismiss Counterclaim for Failure to State a Claim, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

**THE DEBTOR:**
DHC Realty, LLC
301 Williams
El Paso, TX 79901

**THE DEBTOR'S ATTORNEY:**
Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770

/s/ Sidney J. Diamond