IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: <br><br> DHC REALTY, LLC, <br><br> Debtor. | § § § § § § § § | Case No.11-30977-HCM |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, <br><br> Plaintiffs, <br><br> v. <br><br> ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Adversary No. 12-03012-HCM |

### REPLY TO RESPONSE TO COUNTER-DEFENDANTS'
### PARTIAL MOTION TO DISMISS COUNTERCLAIM
### FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Plaintiffs and Counter-Defendants herein, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter the "Chowaiki Parties"), and file this, their Reply to the Response to their Partial Motion to Dismiss the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz [Docket No. 36], and

in support thereof would show the Court the following:

## I. BACKGROUND

1. On or about October 29, 2012, Armando Armendariz and Yvette Armendariz (hereinafter the "Armendariz Parties") filed a Counterclaim against the Chowaiki Parties and Hilel Chowaiki. [Docket No. 29].

2. On or about November 12, 2012, the Chowaiki Parties filed a Partial Motion to Dismiss the Armendariz Parties' Counterclaim (hereinafter the "Motion to Dismiss") in which they argued that all of the Armendariz Parties' causes of action, with the exception of Yvette Armendariz's claim for breach of contract, must be dismissed for failure to state a claim upon which relief can be granted. [Docket No. 31].

3. On or about November 30, 2012, Counter-Plaintiffs filed a Response to Counter-Defendants Partial Motion to Dismiss [Docket No. 36]. Counter-Defendants now file this Reply.

## II. ARGUMENT & AUTHORITIES

### A. All Claims Against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC Must be Dismissed

4. In their Motion to Dismiss, the Chowaiki Parties argued that, although the Armendariz Parties filed suit against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC, the Armendariz Parties failed to allege any causes of action against them; therefore, any claims against them should be dismissed. In their Reply, the Armendariz Parties argue that, although they have not alleged any causes of action against these parties, they might do so in the future, and therefore dismissal should not be granted. The

Armendariz Parties further argue that an entity can be named in the caption of a complaint without necessarily becoming a party to the suit.

5. The Armendariz Parties have not put forward any reason why DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC should not be dismissed as Counter-Defendants in this action. These parties are not merely named in the caption, they are specifically named as Counter-Defendants in the "Parties" section of the Counterclaim. [Docket No. 23, ¶¶3-7]. The Armendariz Parties suggest that the Motion to Dismiss should not be granted as to these parties in case the Armendariz Parties think of something to plead later. The Court should decline to entertain the Armendariz Parties' argument. The Armendariz Parties either have causes of action against these parties or they don't. The Armendariz Parties' attempt to make these entities Counter-Defendants without pleading any causes of action against them is merely an attempt to get-around the Court's Scheduling Order, which requires that all counterclaims be filed by September 30, 2012.

6. The Armendariz Parties don't have any counterclaims against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC and they failed to plead any counterclaim by the Scheduling Order Deadline. To the extent Counter-Plaintiffs are seeking relief against DHC Realty, LLC, Chowaiki Holdings, LLC, El Paso DHC Enterprises, LLC, El Paso DHC Enterprises Far East, LLC, and El Paso DHC Enterprises West LLC, their causes of action must be dismissed for failure to state a claim.

### B. Yvette Armendariz's Claims for Defamation, Unpaid Wages and Tortious Interference Must Be Dismissed

7. In their second point, the Chowaiki Parties argue that Yvette Armendariz's claims for defamation, unpaid wages and tortious interference must be dismissed because the Counterclaim does not plead any facts alleging that *Yvette Armendariz* was defamed, that she was owed unpaid wages, or that the Chowaiki Parties tortiously interfered with any present or prospective business relationship of hers.

8. In their Response, the Armendariz Parties neither address nor dispute that Yvette's claims for defamation, unpaid wages and tortious interference should be dismissed. The Court should therefore dismiss these claims by Yvette Armendariz.

### C. Armando Armendariz' Causes of Action Against David Chowaiki for Breach of Contract, Quantum Meruit, Fraud, and Unpaid Wages must Be Dismissed

9. In their Motion to Dismiss, the Chowaiki Parties argue that Armando Armendariz's causes of action against David Chowaiki for breach of contract, quantum meruit, fraud, and unpaid wages must be dismissed for a failure to state a claim. Specifically, the Chowaiki Parties argue that the Armendariz Parties failed to allege the existence of any contract or other relationship between David Chowaiki and Armando Armendariz that would give rise to any obligation to pay Armando vacation time. In their Reply, the Armendariz Parties argue that David Chowaiki is an "employer" under the definition in the Fair Labor Standards Act (FLSA), and therefore is obligated to pay Armando Armendariz his alleged vacation wages. This argument is baseless.

10. First, the Armendariz Parties pled a cause of action for breach of contract, but they never alleged the existence of a contract between David Chowaiki and Armando Armendariz. The

argument that Armando should be allowed to maintain a breach of contract action without ever pleading the existence of a contract is not only illogical, it is unprecedented.[1] "For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief." *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011). Without pleading that he had a contract with David Chowaiki, Armando failed to state a claim for breach of contract and this cause of action must be dismissed.

11. Second, Armando did not plead a cause of action for violation of the FLSA, nor did he allege any facts to support any statutory claim thereunder.[2] In determining whether dismissal is warranted, "It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated[a statute] in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Moreover, the definition of "employer" relied upon by the Armendariz Parties is specifically limited to 29 U.S.C. §

---

[1] *See, e.g., Schauer v. Cargill, Inc.*, 2003 WL 21372163, *5 (W.D. Tex. 2003)(plaintiffs failed to allege a viable breach of contract claim against non-diverse defendants where they did not allege the existence of a contract between the plaintiffs and any of the non-diverse defendants); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 996 (S.D. Tex. 2011)(to state such a claim for breach of contract the Plaintiffs must allege the existence of a valid contract); *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005)(In order to state a claim for breach of contract, a petition must allege the existence of a contract); 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1235 (3rd ed.)(Not surprisingly, numerous cases conclude that a complaint in a contract action must allege the existence of a valid and binding contract).

[2] *See, e.g.*, 48B AM. JUR. 2d, Labor and Labor Relations §3380 (Since the Fair Labor Standards Act does not cover all employers and employees, an employee must allege FLSA coverage in his or her complaint). Further, Armando failed to plead that David Chowaiki failed to pay him in accordance to the statutory minimum requirements for wages and overtime in violation of 29 U.S.C. §§ 206, 207. *See* 29 U.S.C. §§ 206, 207, 216; *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953).

201 *et seq.* 29 U.S.C. § 203. As Armando has not plead a violation of the FLSA or any facts establishing the application of the FLSA to this matter, there is no basis for using its provisions to define the relationship between Armando and David Chowaiki.

12. Regardless, even if the Armendariz Parties had plead a cause of action under FLSA, they never alleged that David Chowaiki was an employer of Armando Armendariz, under either the FLSA, a contract, or some other relationship. As stated above, the Court cannot assume that the Armendariz Parties can prove facts that they have not alleged. *Associated Gen. Contractors*, 459 U.S. at 526; *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983). Armando wholly failed to plead any facts that give rise to an obligation by David Chowaiki to pay for the alleged vacation time and his causes of action for breach of contract, quantum meruit, fraud and unpaid wages must be dismissed.

13. Armando also argues that the fact that he is pursuing the same claim against his former employer, Chowaiki Holdings, LLC, in state court is no basis for dismissing his claim against David Chowaiki in this suit. While it is true that Armando is free to seek other claims in other courts, he is not free to seek more than one recovery. Armando's action against David Chowaiki has no basis in law or fact, and he has not plead any facts which give rise to any obligation by David Chowaiki to pay his wages. In light of his state court suit against Chowaiki Holdings, LLC, Armando's claim against David Chowaiki for vacation wages should be dismissed.

14. Armando also argues that his cause of action for "unpaid wages" apart from his claim for breach of contract is a cognizable theory under Texas law. In support of this claim he cites

several cases for the proposition that a statutory cause of action for unpaid wages does not abrogate a plaintiff's common law rights. This argument is meritless as these cases do not stand for the proposition that Texas law recognizes a cause of action for unpaid wages outside of contract law, they stand for the proposition that statutory actions do not necessarily abrogate common law actions. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993); *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 192 (Tex. App.–Fort Worth 1995, *writ denied*). Indeed, the issue in the *Holmans* case was whether the statutory Payday Law provides the exclusive remedy for a wage claimant, abrogating a plaintiff's right to pursue wages via a common law debt action (i.e. a contract claim). *Holmans*, 914 S.W.2d at 190 ("appellant filed a common-law debt action against Transource for alleged unpaid sales commissions . . .Transource moved the district court to dismiss appellant's suit, arguing the court was without subject-matter jurisdiction because appellant failed to exhaust his administrative remedies provided by the Payday Law. After a hearing, the trial court granted the motion and dismissed the case.). The *Holmans* court found that the legislature did not intend to abrogate the common law action for debt when it enacted the Payday Law. *Id.* at 192. Neither *Holmans* nor any of the other cases cited by the Armendariz Parties create a cause of action for "unpaid wages" that is separate and apart from a common law breach of contract action. Moreover, none of the cases cited by the Armendariz Parties create a cause of action for "unpaid wages" against a party with no contractual obligation to pay the claimaint's wages.

15. Armando has failed to plead facts which would support a claim for unpaid wages against David Chowaiki, and his causes of action for breach of contract, quantum meruit, fraud and

"unpaid wages" must be dismissed.

### D. Yvette Armendariz' Claim for Quantum Meruit Against David Chowaiki Must Be Dismissed

16. In their Motion to Dismiss, the Chowaiki Parties assert that Yvette Armendariz' counterclaim under the doctrine of quantum meruit for the recovery of monies she allegedly loaned to David Chowaiki must be dismissed because under Texas Law, "[a] loan of money is not the type of benefit that allows a claim for equitable relief on a quantum meruit theory." *Cristobal v. Allen*, 2010 WL 2873502 (Tex. App.–Hous. [1st Dist.] July 22, 2010, *no pet.*).

17. In their Response, the Armendariz Parties argue that Yvette's cause of action should not be dismissed because the Chowaiki Parties "rely upon an unpublished opinion to support this contention." [Docket No. 36, ¶ 6]. The Armendariz Parties assertion is incorrect, and conveniently overlooks the other cases cited by the Chowaiki Parties, which state an action for quantum meruit requires proof that goods or services were rendered. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944-45 (Tex.1990); *cf. La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex.1984)(holding that pure extension of credit does not constitute "goods or services," and therefore a borrower in this transaction will not qualify as a consumer under the Deceptive Trade Practices Act); *see also Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)(to recover under the doctrine of quantum meruit, a plaintiff must establish that valuable services and/or materials were furnished). No Texas court has held that quantum meruit is available as a legal theory to recover a loan of money, and the Armendariz Parties cite no support for such contention.

18. The Armendariz Parties ultimately concede that a loan may not be the subject of an action

for quantum meruit. This Court should accept that concession and dismiss this cause of action.

### E. Yvette Armendariz' Cause of Action for Fraud Against David Chowaiki Must be Dismissed

19. In their Motion to Dismiss, the Chowaiki Parties asserted that Yvette Armendariz' cause of action for fraud must be dismissed because it is based on a single allegation, that "David had no intention to return the money he agreed to pay to Yvette", which is insufficient to state a claim for fraud. In their Response, the Armendariz Parties assert that this statement, along with the other allegations in its pleading relating to the loan is sufficient to state a cause of action for fraud. The Armendariz Parties are not able to point out what other allegations they are refering to, but there is absolutely nothing in the counterclaim alleging that David Chowaiki promised to repay the loan and *at the time he made that promise* he had no intention to repay the loan.

20. Under Texas law, a promise of future performance is only fraudulent "if the promise was made with no intention of performing at the time it was made." *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). A party commits fraud when it enters into a contract that it does not intend to perform; a party merely breaches a contract when it enters into a contract and later decides not to perform it. *See, Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). Having "no intention to return the money he agreed to pay to Yvette" as alleged by the Armendariz Parties is insufficient to plead a cause of action for fraud and constitutes, at most, a breach of contract.

21. Rather than stating facts which support their claim, the other allegations made by the Armendariz Parties in the Counterclaim show that David Chowaiki *did* intend to repay the loan at the time it was made. Specifically, the Armendariz Parties allege that David Chowaiki attempted to make a payment on the loan, but that Yvette rejected it because it was not at the agreed upon interest rate.[3] [Docket No. 23, ¶ 19]. Under Texas law, the tendering of a partial payment negates a claim that the defendant had no intention of paying when it entered into the contract. *Reyna v. First Nat. Bank in Edinburg*, 55 S.W.3d 58, 68 (Tex. App.–Corpus Christi 2001, *no pet.*). The Armendariz Parties fail to plead that David Chowaiki did not intend to repay the loan at the time it was made, and in any case, their pleadings foreclose that argument.

22. Thus, the Armendariz Parties specific allegations, as well as their general pleadings, fail to set forth a cause of action by Yvette Armendariz against David Armendariz for fraud, and this claim must be dismissed.

### F. Armando Armendariz and Yvette Armendariz' Claims Against David Chowaiki for Tortious Interference Must Be Dismissed

23. In their Motion to Dismiss, the Chowaiki Parties argue that the claims of Armando and Yvette against David Chowaiki for tortious interference must be dismissed because their Counterclaim does not provide fair notice of the claim and because the Counterclaim does not show a right to relief that is plausible. The Armendariz Parties contend that their assertion that David Chowaiki and Hilel Chowaiki have engaged in defamatory conduct

---

[3] The allegations of both parties in this case make it clear that the Chowaiki Parties accepted the loan from Yvette with the intent to repay it, that David Chowaiki did, in fact, try to repay the loan, and that it was not until it became clear that the Defendants had embezzled hundreds of thousands of dollars from them that the Chowaiki Parties withheld repayment on the loan. Any intent not to repay a loan made with money stolen from the Chowaiki Parties, began long after the loan was made.

aimed at disrupting Armando's ability to conduct business is sufficient to state a claim for either tortious interference with an existing contract or tortious interference with prospective business relations because it provides notice of their claim. This argument is baseless.

24. The only notice that has been provided to the Chowaiki Parties is that there are allegedly "numerous defamatory statements by David or Hilel about Armando" and that Armando believes that these statements were "aimed" at disrupting his business. Thus, either David Chowaiki, or non-party Hilel Chowaiki, said something to someone that Armando believes is defamatory, and this was aimed at disrupting Armando's business. The Armendariz Parties' pleading makes no allegation of who actually made the alleged statements, to whom the statements were made, the content of the statements, whether the statements were made to someone with whom Armando had an existing or prospective business relationship, whether any of the statements actually interfered with any existing or prospective relationship, or whether any of the statements actually damaged Armando. The Armendariz Parties' Counterclaim does not provide notice of anything except the names of the causes of action that Armando is asserting.

25. The Armendariz Parties argue that they do not need to plead each element of their claim in the initial pleading. The Armendariz Parties misstate the requirements necessary to give notice of their claims. The United States District Court for the Western District of Texas has declared: "For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief." *Kan, supra,* 823 F. Supp. 2d at 468 (W.D.

Tex. 2011). The Armendariz Parties' pleading doesn't even address which cause of action they are alleging, must less plead facts in support of each element of their claim.

26. The Armendariz Parties also argue that there is no requirement "that one must specifically plead which specific prospective business relationship(s) are impacted by a defendant's tortious interference." [Docket No. 36, ¶10]. This argument is misguided because the Armendariz Parties didn't plead that **any** prospective business relationship was impacted by the conduct of David Chowaiki, much less plead facts that support the claim. *Kan*, 823 F. Supp. 2d at 468.

27. The Armendariz Parties' final argument is that they do not need to allege actual damages with respect to a claim of tortious interference. In support, they cite to two United States Supreme Court cases that state that general damages are presumed and that plaintiffs are not required to prove with exactitude the amount of damages that should be awarded to compensate intangible injury. *New York Times Co. v. Sullivan*, 376 U.S. 254, 267, 84 S. Ct. 710, 719, 11 L. Ed. 2d 686 (1964); *Carey v. Piphus*, 435 U.S. 247, 267 n. 25, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978). The Armendariz Parties' representation of the law to this Court is specious. The *Sullivan* case involved a libel claim under Alabama Law and the Carey case involved a claim of deprivation of due process under 42 U.S.C. §1983. *Id.* Neither case is even remotely related to damages for tortious interference under Texas law. While damages may be presumed for certain types of defamation claims, they are not presumed for tortious interference claims. Indeed, claims for both tortious interference with an existing contract and tortious interference with prospective business relations require actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002)(tortious

interference with exiting contract); *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.–Hous. [1st Dist.] 2009, *pet. denied*)(tortious interference with prospective business relations). As the Armendariz Parties have neither alleged that they suffered any actual loss, nor provided specific factual allegations of any actual loss, their claim for tortious interference must be dismissed. *Kan*, 823 F. Supp. 2d at 468.

### G. The Armendariz Parties' Claim Against David Chowaiki for Defamation Must Be Dismissed

28. In their Motion to Dismiss, the Chowaiki Parties argue that the Armendariz Parties' claims against David Chowaiki for defamation must be dismissed because they fail to specify the speaker, the alleged defamatory statement, and the time and place of the alleged defamatory statement as required by the courts of this circuit. *See, e.g., Hernandez v. Wal-Mart Associates, Inc.*, 2006 WL 2883080, *4 (W.D. Tex. Sept. 19, 2006); *Nelson v. Lowe's Home Centers, Inc.*, 2012 WL 3731092, *2 (N.D. Tex. Aug. 29, 2012); *Jackson v. Dallas Indep. Sch. Dist.*, 1998 WL 386158, at *5 (N.D.Tex. July 2, 1998); *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir.2007)); *Garrett v. Celanese Corp.*, 2003 WL 22234917, *4 (N.D.Tex.2003)(stating that a defamation claim must specifically state the time and place that the statement was published and concluding that, by failing to do so, the plaintiff had "hardly present[ed] facts tending to show the elements of a defamation claim.")). In their Response, the Armendariz Parties ask the Court to disregard the binding caselaw of this district and circuit and instead to follow a case from the Fourth Circuit and a 1981 case from the Middle District of Louisiana. The Court should decline the Armendariz Parties' request and apply the current law of this circuit.

29. Even if this Court were to accept the Armendariz Parties' argument and ignore the case law of this circuit, the Armendariz Parties' cause of action for defamation still fails to state a claim upon which relief may be granted. Aside from the single allegedly defamatory statement set forth in Paragraph 15 of the Counterclaim, the Armendariz Parties' claim is based upon the allegation that there were "numerous defamatory statements by David or Hilel about Armando" [Docket No. 29, ¶ 15]. This allegation is based entirely on the conclusory statement that the alleged statements are "defamatory." While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Merely labeling unknown statements as "defamatory" is not sufficient to plead a cause of action for defamation.

30. Moreover, as set forth above, the Armendariz Parties' pleading fails to give fair notice of their claim. According to the Counterclaim, either David Chowaiki, or non-party Hilel Chowaiki, said something to someone that Armando believes is defamatory. The Armendariz Parties' pleading makes no allegation of who actually made the alleged statements, to whom the statements were made, or the content of the statements. Without these allegations, David Chowaiki has no notice of what he is being accused. The Armendariz Parties' claims for defamation should therefore be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs and Counter-Defendants DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI, pray that this Court grant their Partial Motion to Dismiss Counterclaim for Failure to

State a Claim, dismiss all of the claims asserted by Armando Armendariz and Yvette Armendariz in their Counterclaim [Docket No. 29] except for Yvette Armendariz's cause of action for breach of contract, and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs/Counter-Defendants

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 7th day of December, 2012, I electronically filed the foregoing Reply to Response To Counter-Defendants' Partial Motion to Dismiss Counterclaim For Failure to State a Claim with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland