IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| DHC REALTY, LLC, § | | Case No.11-30977-HCM |
| § | | |
| Debtor. § | | |
| § | | |
| § | | |
| DHC REALTY, LLC, CHOWAIKI § | | |
| HOLDINGS, LLC, EL PASO DHC § | | |
| ENTERPRISES, LLC, EL PASO DHC § | | |
| ENTERPRISES FAR EAST, LLC, § | | |
| EL PASO DHC ENTERPRISES § | | |
| WEST, LLC, and DAVID CHOWAIKI, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Adversary No. 12-03012-HCM |
| § | | |
| ARMANDO ARMENDARIZ, § | | |
| YVETTE ARMENDARIZ, § | | |
| and HECTOR ARMENDARIZ, § | | |
| § | | |
| Defendants. § | | |
| § | | |
| ARMANDO ARMENDARIZ and § | | |
| YVETTE ARMENDARIZ, § | | |
| § | | |
| Counter-Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | |
| DHC REALTY, LLC, ET AL., § | | |
| § | | |
| Counter-Defendants. § | | |

**COUNTER-DEFENDANTS' ORIGINAL ANSWER SUBJECT TO THEIR PARTIAL
MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Plaintiffs and Counter-Defendants herein, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Counter-Defendants"), and file this, their Original Answer Subject to Partial Motion to Dismiss the Counterclaim For Failure to State a Claim, and in support thereof would show the Court the following:

## I. ADMISSIONS AND DENIALS

Counter-Defendants make the following admissions and denials to the allegations in the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz (hereinafter the "Counterclaim") [Docket No. 29]:

### Parties

1. Counter-Defendants admit the allegations in Paragraph 1 of the "Parties" section of the Counterclaim.

2. Counter-Defendants admit the allegations in Paragraph 2 of the "Parties" section of the Counterclaim.

3. Counter-Defendants admit the allegations in Paragraph 3 of the "Parties" section of the Counterclaim.

4. Counter-Defendants admit the allegations in Paragraph 4 of the "Parties" section of the Counterclaim.

5. Counter-Defendants admit the allegations in Paragraph 5 of the "Parties" section of the Counterclaim.

6. Counter-Defendants admit the allegations in Paragraph 6 of the "Parties" section of the Counterclaim.

7. Counter-Defendants admit the allegations in Paragraph 7 of the "Parties" section of the Counterclaim.

8. Counter-Defendants admit the allegations in Paragraph 8 of the "Parties" section of the Counterclaim.

9. With regard to Paragraph 9 of the "Parties" section of the Counterclaim, Counter-Defendants admit that Hilel Chowaiki is an individual with his residence in El Paso, Texas, but deny that he is a Counter-Defendant, that his attorney of record is Corey W. Haugland, or that he may be served through attorney Corey W. Haugland.

### Background

10. Counter-Defendants admit the allegations in Paragraph 1 of the Counterclaim.[1]

11. Counter-Defendants admit the allegations in each sentence of Paragraph 2 of the Counterclaim.

12. Counter-Defendants admit the allegations in each sentence of Paragraph 3 of the Counterclaim.

13. Counter-Defendants deny the allegations in each sentence of Paragraph 4 of the Counterclaim.

14. Counter-Defendants deny the allegations in each sentence of Paragraph 5 of the Counterclaim.

---

[1] In their Counterclaim, Counter-Plaintiffs begin renumbering their paragraphs in the "Background" section beginning with Paragraph 1. Counter-Defendants will refer to the renumbered paragraphs for the remainder of their answer.

15. Counter-Defendants admit the allegations in the first sentence of Paragraph 6 of the Counterclaim and deny the allegations in the second sentence of Paragraph 6 of the Counterclaim.

16. Counter-Defendants deny the allegations in Paragraph 7 of the Counterclaim.

17. Counter-Defendants admit the allegations in each sentence of Paragraph 8 of the Counterclaim.

18. Counter-Defendants deny the allegations in the first sentence of Paragraph 9 of the Counterclaim. With regard to the second sentence of the Counterclaim, Counter-Defendants admit that Armando offered to let David and Hilel borrow $50,000.00, but deny that it was required to be paid back within six months with any stated interest rate. Counter-Defendants are without sufficient information to admit or deny the third sentence of Paragraph 9 of the Counterclaim. With regard to the fourth sentence of the Counterclaim, Counter-Defendants admit that either Armando or Yvette gave David a cashier's check for $50,000.00 on or about June 7, 2010.

19. With regard to the first sentence of Paragraph 10 of the Counterclaim, Counter-Defendants deny that David and Hilel mentioned their financial problems to Armando but admit that Armando offered to loan another $50,000.00 to the business. Counter-Defendants deny the allegations in the second sentence of Paragraph 10 of the Counterclaim; they admit that one check for $22,777.00 and one check for $27,223.00 were tendered by Yvette to David, but no interest or date of repayment was agreed upon.

20. With regard to the first sentence of Paragraph 11 of the Counterclaim, Counter-Defendants admit that they had not paid $100,000.00 to Yvette and admit that Armando mentioned

interest for the first time in March 2012. Counter-Defendants admit the second and third sentences of Paragraph 11 of the Counterclaim.

21. With regard to the first sentence of Paragraph 12 of the Counterclaim, Counter-Defendants admit that on or about April 3, 2012 Armando presented David with an alleged doctor's note, but deny that he requested payment in full for the loan. Counter-Defendants admit the second sentence of Paragraph 12 of the Counterclaim. With regard to the third sentence of Paragraph 12 of the Counterclaim, Counter-Defendants (1) admit that Armando was terminated on April 16, 2012; (2) do not have sufficient information to admit or deny whether or not Armando was recovering from glaucoma on April 16, 2012; (3) deny that Armando loaned any money to David or Hilel; (4) admit that David has not paid $100,000.00 to Yvette; and (5) deny that David or Hilel or anyone else was required to pay interest on the loan. With regard to the last sentence of Paragraph 12 of the Counterclaim, Counter-Defendants admit that Yvette was terminated on the same day as Armando.

22. Counter-Defendants deny the allegations in each sentence of Paragraph 13 of the Counterclaim.

23. Counter-Defendants deny the allegations in each sentence of Paragraph 14 of the Counterclaim.

24. With regard to Paragraph 15 of the Counterclaim:

   a. Counter-Defendants deny the allegations in the first sentence;

   b. Counter-Defendants deny the allegations in the second sentence;

   c. Counter-Defendants admit the allegations in the third sentence;

   d. Counter-Defendants deny the allegations in the fourth sentence because the event was

coordinated first with Armando, and then, when Armando went out on sick leave it was coordinated with David;

 e. Counter-Defendants deny the allegations in the fifth sentence and would state that Armando negotiated the pricing for catering the event at Paso Del Norte School. After Armando was terminated, Fuddruckers was initially going to honor the pricing for the meals that Armando had negotiated, even though it was at a significant unauthorized discount. It was not until David discovered that Yvonne Vallejo was Armando's sister-in-law and that she requested additional items be provided free of charge that David stated he was no longer willing to have Fuddruckers cater the event;

 f. Counter-Defendants deny the allegations in the sixth sentence;

 g. Counter-Defendants admit that David sent the email described in the seventh sentence, but deny the remainder of the allegations in that sentence;

 h. Counter-Defendants admit the allegations in the eighth sentence;

 i. Counter-Defendants admit the allegations in the ninth sentence;

 j. Counter-Defendants deny the allegations in the tenth sentence.

25. Counter-Defendants deny the allegations in each sentence of Paragraph 16 of the Counterclaim.

26. Counter-Defendants admit the allegations in the first sentence of Paragraph 17 of the Counterclaim. Counter-Defendants deny the allegations in the second sentence of Paragraph 18 of the Counterclaim.

27. Counter-Defendants deny the allegations in Paragraph 18 of the Counterclaim.

28. Counter-Defendants deny the allegations in Paragraph 19 of the Counterclaim.

29. Counter-Defendants deny the allegations in the first sentence of Paragraph 20 of the Counterclaim. Counter-Defendants admit the allegations in the second sentence of Paragraph 20 of the Counterclaim. Counter-Defendants deny the allegations in the third sentence of Paragraph 20 of the Counterclaim.

### Cause of Action – Breach of Contract

30. Counter-Defendants deny the allegations the allegations in each sentence of Paragraph 21 of the Counterclaim.

31. Counter-Defendants deny the allegations in Paragraph 22 of the Counterclaim.

32. Counter-Defendants deny the allegations each sentence of Paragraph 23 of the Counterclaim.

33. Counter-Defendants deny the allegations in each sentence of Paragraph 24 of the Counterclaim.

### Cause of Action – Fraud

34. Counter-Defendants deny the allegations each sentence of Paragraph 25 of the Counterclaim.

### Cause of Action – Defamation

35. Counter-Defendants deny the allegations in Paragraph 26 of the Counterclaim.

### Cause of Action – Unpaid Wages

36. Counter-Defendants deny the allegations in Paragraph 27 of the Counterclaim.

### Cause of Action –Tortious Interference

37. Counter-Defendants deny the allegations in Paragraph 28 of the Counterclaim.

### Actual Liquidated Damages

38. Counter-Defendants deny the allegations in each sentence of Paragraph 29 of the Counterclaim.

**Additional Damages**

39. Counter-Defendants deny the allegations in Paragraph 30 of the Counterclaim.

**Attorney's Fees**

40. Counter-Defendants deny the allegations in Paragraph 31 of the Counterclaim.

## II. AFFIRMATIVE DEFENSES

41. Counter-Defendants incorporate herein their Original Complaint in this matter and any amendments or supplements thereto as if set forth verbatim.

42. For the reasons set forth in their Original Complaint and others, Counter-Defendants are not liable to Counter-Plaintiffs because of the affirmative defenses of fraud, failure of consideration, no consideration, unconscionability, offset, express contract, unclean hands, Counter-Plaintiffs' fault, substantial truth, the Counter-Plaintiffs are libel proof, qualified privilege, estoppel, justification and because of the absolute judicial privilege.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs/Counter-Defendants

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 21st day of December, 2012, I electronically filed the foregoing Counter-Defendants' Original Answer Subject to Partial Motion to Dismiss Counterclaim for Failure to State a Claim with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

                                                                     Corey W. Haugland