IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: <br><br> DHC REALTY, LLC, <br><br> Debtor, | § § § § § § § | Case No.: 11-30977-hcm |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI <br><br> Plaintiffs, <br><br> v. <br><br> ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Adversary No.: 12-03012-hcm |

**DEFENDANT ARMANDO ARMENDARIZ'S RESPONSES TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR PRODUCTION**

TO: Plaintiffs, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI by and through their attorneys of record, Corey W. Haugland, and Jamie T. Wall, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770.

RECEIVED NOV 2 0 2012

EXHIBIT
P-3

Defendant Armando Armendariz's Res[ponses to Plaintiffs' First S]et of Requests for Production
Page 1

Pursuant to the provisions of the Fed.R.Civ.P., Defendant ARMANDO ARMENDARIZ propounds the following Responses to Plaintiffs' First Set of Requests for Production:

**FIRTH ♦ JOHNSTON ♦ MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

_____
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

_____
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been mailed certified mail return receipt requested to Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770, this 19 day of November, 2012.

_____
CHRISTOPHER R. JOHNSTON

## RESPONSES TO REQUESTS FOR PRODUCTION

**GENERAL OBJECTION:** Defendant objects to the following statement: "Unless otherwise specified, each request is limited to the time period from January 1, 2006 through the present." Any Request for Production for documents for the time period after the wrongful termination of Defendant are irrelevant to this litigation and outside the scope of permissible discovery.

**REQUEST FOR PRODUCTION NO. 1:** All documents in your name, individually or jointly, or in connection with any other person or entity relating to any savings bank books, records, accounts and memoranda, current as well as those that may have been cancelled.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
   Without waiving these objections, documents relating to the current personal savings bank accounts of Defendant, for the relevant time period, if any, will be produced, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 2:** All documents relating to any checking accounts, in your name, individually or in connection with any other person or entity, including checkbooks, checkbook stubs, statements, cancelled checks and deposit slips, whether the accounts are current or have been closed.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
   Without waiving these objections, documents relating to the current personal checking account of Defendant will be produced, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 3:** All documents relating to stock certificates, bonds, or other securities issued or held in your name, individually or jointly, or in connection with any other person or entity, or which may be held in the account of Armando Armendariz, individually, or in conjunction with any other person or entity in any corporation.

**RESPONSE:** Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
   Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 4:** All documents relating to stock brokerage accounts in your name, individually or jointly, or in connection with any other person or entity, including but not limited to, books, records, accounts, monthly statements, statements of transactions and all other papers and memoranda thereof.

**RESPONSE:** Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 5:** All federal and state income tax returns filed by you for the previous four (4) years (2008, 2009, 2010, and 2011) together with any schedules and worksheets related thereto as well as all other papers and memoranda referring to any adjustment made in connection therewith.

**RESPONSE:** Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, these will be produced, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 6:** All documents and contracts relating to the rental and/ or lease of safe deposit boxes or vaults in your name, individually or in conjunction with any other person or entity.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 8:** All documents relating to monies received and/or being presently received by you for the preceding four (4) years from all sources, including but not limited to, accounts receivable, wages, earnings, draws; dividends, bonuses, automobile sales, real property leases, or reimbursed expenses.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, outside the scope of permissible discovery, and equally available to Plaintiffs. Documents relating to Defendant's employee earnings are equally available to Plaintiffs.

Without waiving these objections, copies of Defendant's paycheck stubs will be made available for inspection subject to the receipt of a signed confidentiality agreement, and documentation related to property rental income is documented on Defendant's tax returns.

REQUEST FOR PRODUCTION NO. 9: All documents relating to policies of insurance covering you or your real or personal property, including but not limited to life, liability, accident, home, and automobile, and all records showing payments for premiums therefor.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, subject to the receipt of a signed confidentiality agreement, Defendant's automotive and homeowner insurance policies will be produced and other documents responsive to this request in the possession, custody, or control of Defendant will be made available for inspection.

REQUEST FOR PRODUCTION NO. 10: All documents relating to your memberships in and contributions to any charity or any other organizations or associations, including private or professional clubs or associations.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, refer to Defendant's tax returns. There is no documentation for donations to church and Goodwill.

REQUEST FOR PRODUCTION NO. 11: All documents relating to any business entity in which you have an interest, individually or jointly, or in conjunction or partnership with any other individual or entity, including, but not limited to, books, records, general ledgers, general journals, cash journals, payroll records, purchase and sales journals, petty cash records, bank statements, and cancelled checks.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving this objection, there are no documents responsive to this request prior to Mr. Armendariz's wrongful termination from Fuddruckers.

**REQUEST FOR PRODUCTION NO. 12:** All records for any corporation which you, individually or jointly, hold stock directly or indirectly if the corporation records are under your actual or constructive control.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to the title of any assets held by you, individually or jointly, whether presently owned by you, individually or jointly, or previously transferred within the preceding four (4) years.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, relevant copies of Defendant's motor vehicle titles will be produced, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 14:** All documents relating to bills and/or the purchase price for items costing in excess of $500.00 owned by you and records concerning acquisition of same.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, see credit card statements which will be made available for inspection in response to Request for Production No. 22, and checking account statements produced in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 15:** All documents relating to bills and/or the purchase price for items costing in excess of $500.00 which you claim to be exempt property and records concerning acquisition of same.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there are no tax exempt records.

REQUEST FOR PRODUCTION NO. 16: All documents relating to any location in which you maintain a business enterprise, including but not limited to, real estate purchase contracts, deeds, lease agreements, rental agreements, security deposits, mortgages, mortgage balance sheets, monthly mortgage payments, and all other documentation relating thereto.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 17: All documents relating to any financial statements prepared or submitted by you to any individual or institution for the preceding five (5) years together with all schedules, worksheets memoranda and other papers regarding same.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none other than Defendant's tax returns.

REQUEST FOR PRODUCTION NO. 18: All documents relating to any debt owed to you by any person or entity at any time within the preceding (5) years, including but not limited to, promissory notes, IOU notes and/or accounts receivable.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, copies of Defendant's paycheck stubs will be made available for inspection subject to the receipt of a signed confidentiality agreement, and other documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 19: All real property leases between you and any current or past employee of the Fuddruckers restaurants in El Paso.

**RESPONSE:** Objection. This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
Without waiving these objections, real property leases responsive to this request will be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 20: All contracts or leases involving automobiles

by and between you and any past or current employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 21: All documents memorializing any contracts or financial transactions by and between you and any current or past employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are outside the scope of permissible discovery.
Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 22: All monthly credit card statements for all credit cards used by you since January 1, 2008.

**RESPONSE:** Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, these statements, for the relevant time period, will be made available for inspection subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 23: All applications or documents submitted by you since January 1, 2008 to the Texas Department of Public Safety, Texas Department of Transportation, the Texas State Comptroller, or the Texas Secretary of State in order to obtain a license or to qualify generally to do business in the state of Texas.

**RESPONSE:** Objection. This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 24: All documents relating to your purchase or sale of automobiles since January 1, 2008.

**RESPONSE:** Objection. This Request seeks documents that are irrelevant to this litigation. Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 25: All quarterly sales tax reports submitted by you to the Texas State Comptroller relating to your sales of automobiles, trucks, or boats in the state of Texas since January 1, 2008.

**RESPONSE:** Objection. This Request is Request is not calculated to lead to the discovery of admissible evidence and seeks documents that are irrelevant to this litigation.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 26: If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 27: All diplomas you claim to have earned from any institute of higher learning after high school.

**RESPONSE:** Objection. This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

REQUEST FOR PRODUCTION NO. 28: All documents in your possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and seeks documents equally available to Plaintiffs.
Without waiving these objections, documents responsive to this Request in electronic form will be produced and those in print form will be made available for inspection.

REQUEST FOR PRODUCTION NO. 29: All documents memorializing any communications received or sent by you with current or past employees of the Fuddruckers restaurants in El Paso since January 1, 2009.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and is not calculated to lead to the discovery of admissible evidence. Further, any documents responsive to this request prior to the institution of this lawsuit will be produced. Any such documents after the institution of this lawsuit are protected by attorney-client privilege.

Without waiving these objections, copies of email messages, if any, will be made available for inspection, and handwritten notes, and recorded conversations, if any, pertaining to this request, will be produced.

REQUEST FOR PRODUCTION NO. 30: All documents memorializing any communications received or sent by you with catering customers of the Fuddruckers restaurants in El Paso, Texas since January 1, 2009.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and is not calculated to lead to the discovery of admissible evidence. The term "catering customers" is vague and its intended meaning is not understood.
Without waiving these objections, all documents relating to catering customers are in the possession, custody, or control of Plaintiffs. Documents responsive to this Request, for the relevant time period, if any, will be produced if in electronic form, and if in print form, will be made available for inspection.

REQUEST FOR PRODUCTION NO. 31: All computer files or discs that include any information related to the business of Fuddruckers in El Paso, Texas.

**RESPONSE:** Objection, this Request is vague, ambiguous, overly broad, overly burdensome, seeks documents that are equally available to Plaintiffs, and is not calculated to lead to the discovery of admissible evidence
Without waiving these objections, documents responsive to this Request in the possession, custody, or control of Defendant will be produced.

REQUEST FOR PRODUCTION NO. 32: All documents memorializing communications sent by you or received by you from or with any suppliers, vendors, employees, ex-employees, family, or friends relating to the business of Fuddruckers restaurants in El Paso, Texas, since January 1, 2008.

**RESPONSE:** Objection, this Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and is outside the scope of permissible discovery. Further, any documents responsive to this Request prior to the institution of this lawsuit will be produced. Any such documents after the institution of this lawsuit are protected by attorney-client privilege.
Without waiving these objections, documents responsive to this Request in electronic form will be produced and those in print form will be made available for inspection.

REQUEST FOR PRODUCTION NO. 33: All documents in your possession, custody or control, related to employee files or ex-employee files or personnel who have worked for Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, and overly broad, and seeks documents equally available to Plaintiffs. The phrase "related to" is vague, ambiguous and overly broad.

Without waiving these objections, documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 34: All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by Chowaiki Holdings, LLC and/or its related Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, and overly broad, and seeks documents equally available to Plaintiffs. The phrase "related to" is vague, ambiguous and overly broad.
Without waiving these objections, there are no documents responsive to this request.

REQUEST FOR PRODUCTION NO. 35: All records of food purchases made by you since January 1, 2009.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, records responsive to this Request, for the relevant time period, will be made available for inspection, subject to the receipt of a signed confidentiality agreement. Refer also to Defendant's banking records produced in response to Request for Production Nos. 1 and 2.

REQUEST FOR PRODUCTION NO. 36: Any records related to the vending machines located in the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome.
Without waiving these objections, documents responsive to this Request in electronic form, if any, will be produced and those in print form, if any, will be made available for inspection.

REQUEST FOR PRODUCTION NO. 37: Any invoices, contracts, documents or communications in your possession, custody or control related to the catering business or any other business of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome.
Without waiving these objections, documents responsive to this Request in electronic form will be produced and those in print form will be made available for inspection.

REQUEST FOR PRODUCTION NO. 38: All documents memorializing any cash payments received by you, rebates received by you, gifts received by you, or any items of value received by you or anyone in your household provided by customers or by vendors/suppliers with a relationship to the Fuddruckers restaurants in El Paso, Texas. This would necessarily include suppliers, vendors, employees, ex-employees, relatives, friends, military personnel, or anyone else who has provided anything of value to you because of your relationship with Chowaiki Holdings, LLC and/or the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 39: All records, documents and communications in your possession, custody or control relating to any food cost analysis performed by you or anyone else for any of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection, this request is overly broad, and overly burdensome.
Without waiving these objections, documents responsive to this Request in electronic form will be produced and those in print form will be made available for inspection.

REQUEST FOR PRODUCTION NO. 40: All inventory records in your possession, custody or control related to the business of Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, and overly broad.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 41: All documents related to any purchases by you on behalf of Fuddruckers restaurants in El Paso, Texas since January 1, 2008.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome. The term "related to" is vague, ambiguous, and overly broad.
Without waiving these objections, documents responsive to this Request in electronic form will be produced. Refer also to Defendant's banking records and credit card records as per responses to Request for Production Nos. 1, 2, and 22.

REQUEST FOR PRODUCTION NO. 42: All monthly cell phone bills for you, your household, and for anyone living at your household since January 1, 2009.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, equally available to Plaintiffs and outside the scope of permissible discovery.

Without waiving these objections, records responsive to this Request, for the relevant time period, will be made available for inspection, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 43:** All notes, ledgers, and accounts reflecting any loans made by you to any employee or ex-employee of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 44:** If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.
Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

**REQUEST FOR PRODUCTION NO. 45:** If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.
Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

**REQUEST FOR PRODUCTION NO. 46:** If you contend that Plaintiffs' claims are barred in whole or in part by laches, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.
Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

**REQUEST FOR PRODUCTION NO. 47:** If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.

Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 48: If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.

Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 49: If you contend that Plaintiffs' claims are barred in whole or in part because of an accord and satisfaction, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.

Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 50: If you contend that Plaintiffs' claims are barred in whole or in part because of a failure of consideration, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, and based on attorney work product.

Without waiving these objections, see documents produced and made available for inspection. This response will be supplemented.