IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DHC REALTY, LLC, | § § § | Case No.11-30977-HCM |
| Debtor. | § § § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST YVETTE ARMENDARIZ

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Plaintiffs"), and file this, their Motion to Compel and For Sanctions Against Yvette Armendariz and in support thereof would respectfully show the Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter "Armando," "Yvette," and "Hector," respectively and collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfers, the avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about August 8, 2012, Defendants filed their Answer in which they asserted, *inter alia*, affirmative defenses of fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration. [Docket No. 16].

3. On or about October 19, 2012, Plaintiffs served their First Request for Production, First Set of Interrogatories, and First Request for Admissions on Yvette. A true and correct copy of Plaintiffs' First Request for Production, First Set of Interrogatories, and First Request for Admissions to Yvette Armendariz is attached hereto as Exhibit P-1 and incorporated herein by reference.

4. On or about November 19, 2012, Yvette served her responses to Plaintiffs' Interrogatories and Requests for Production. A true and correct copy of Defendant Yvette Armendariz's Responses To Plaintiffs' First Set of Interrogatories is attached hereto as Exhibit P-2 and incorporated herein by reference. A true and correct copy of Defendant Yvette Armendariz's Responses To Plaintiffs' First Set of Requests For Production is attached hereto as Exhibit P-3 and incorporated herein by reference.

5. When it was served, Yvette's Responses to Plaintiffs' First Set of Interrogatories was not signed under oath. See Exhibit P-2. Additionally, although her Response to Interrogatory No. 2 was to "see attached," no attachment was included with the Response. See Exhibit P-2.

6. On November 20 and 21, 2012, counsel for Plaintiffs attempted to confer with counsel for Yvette in a good faith effort to resolve disputes concerning Yvette's objections and responses without court action, as required by Federal Rule of Civil Procedure 37(a)(1), via two letters. Counsel for the Defendants thereafter sent the required verification and attachment to Yvette's Response to Interrogatory No. 2, but did not respond to any other issues raised by counsel for Plaintiffs. Several telephonic efforts to address these issues have been unsuccessful. Thus, no agreement was reached with regard to this discovery dispute.

## II. ARGUMENT & AUTHORITIES

7. Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. 26(b)(1), as made applicable by Fed. R. Bankr. P. 7026. Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

8. A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033 or if a party files an objection or does not produce documents in response to a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R. Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). This Court should grant Plaintiffs' motion to compel for the reasons set forth below.

A. DEFENDANTS' OBJECTIONS AND ANSWERS TO YVETTE'S INTERROGATORIES

*Yvette's Objections to Interrogatory Nos. 3-9 Are Invalid*

9. In their Interrogatory Nos. 3-9, the Plaintiffs asked Yvette to set forth the facts and evidence that she intends to use to support her affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration), to identify documents that she will use to support that affirmative defense and to identify the individuals who have knowledge of the facts supporting that affirmative defense. See Exhibit P-1. In response to each of these Interrogatories, Yvette asserted the same objection:

> This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

See Exhibit P-2. Yvette's objections are invalid and should be overruled.

10. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). In this case, Yvette has the burden of establishing each affirmative defense she has plead and must put forward evidence to prove each affirmative defense she has asserted. Rule 11 requires that the factual contentions set forth in a pleading have evidentiary support. Plaintiffs are entitled to know the factual and evidentiary basis for each of Yvette's affirmative defenses as well as the documents and witnesses upon which she may rely. While Yvette need not marshal her evidence, she cannot withhold all of it from the Plaintiffs either.

11. The breadth of Plaintiffs' requests are a direct result of the breadth of Defendants' pleading

of her affirmative defenses. For each of Plaintiffs' claims, Defendants have merely asserted that Plaintiffs' claims are barred by various affirmative defenses. No factual basis for the affirmative defenses are asserted in the Defendants' pleadings. Plaintiffs' cannot narrow their requests to specific allegations made by the Defendants because the Defendants made no specific allegations in support of their affirmative defenses. Defendants cannot simply plead an affirmative defense without pleading any basis therefore and then object that each of Plaintiffs' interrogatories, which ask for the factual and evidentiary basis for each affirmative defense, are too broad.

12. Further, Yvette's assertions of privilege are entirely unfounded. Plaintiffs specifically requested the facts and evidence that Yvette intends to use to support her affirmative defenses. Facts, evidence, and the identity of documents and witnesses are not privileged, nor can they be withheld by asserting that they are somehow attorney work-product[1] or that they have been provided to an expert witness.[2]

---

[1] *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981)(The attorney work-product privilege only protects against the disclosure of communications to an attorney; it does not protect against the disclosure of underlying facts); *S.E.C. v. Brady*, 238 F.R.D. 429, 439 (N.D. Tex. 2006)("the attorney-client privilege does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney"); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, *4 (N.D. Cal. 2005)("It is generally accepted that the 'work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.'")(*citing Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 440, 444 (D.Kan., 1987); *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009)("the selection of documents according to facts alleged in a pleading does not elevate the compilation to core work product. Although a complaint includes some amount of legal theory and strategy, Rule 11 of the Federal Rules of Civil Procedure requires all parties to have 'evidentiary support' for the factual contentions in their pleadings. Given that requirement, producing the compilations of documents that support the factual allegations of a complaint reveals no more than that already revealed by the filing of the complaint.").

[2] *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571 (S.D. Tex. 2005)(The Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure explain that given the disclosure obligation, "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure.")(*citing* Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes to 1993 Amendments).

424157.1 Page 5

### *Yvette Gave Incomplete and Evasive*
### *Answers to Plaintiffs' Interrogatories*

13. As set forth above, in their Interrogatory Nos. 3-9, the Plaintiffs asked Yvette to set forth the facts and evidence that each Defendant intends to use to support each its affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration), to identify documents that she will use to support each defense and the individuals who have knowledge of the facts supporting that affirmative defense. See Exhibit P-1. After stating the objections set forth above, Yvette gave the same stock answer to each interrogatory:

> Without waiving these objections, Defendants will show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that David has engaged in fraud against Defendant Yvette Armendariz, by showing that David had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that David and Hilel have fraudulently withheld wages in the form of vacation pay from Armando, by showing that David and Hilel had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

See Exhibit P-2. Yvette's responses are evasive and incomplete as they do not set forth any facts or evidence or identify any documents or witnesses which support the affirmative defense that is the subject of the interrogatory.

14. Moreover, Yvette's responses have nothing to do with the information requested. For example, Plaintiffs' Interrogatory No. 5 seeks information regarding Defendant's affirmative defense of laches. The response, as set forth above, has nothing to do with laches and wholly fails to set forth a single fact or piece of evidence that establishes that Plaintiffs unreasonably

424157.1  Page 6

delayed asserting their rights. Similarly, none of the responses have anything to do with waiver, equitable estoppel, accord and satisfaction, or failure of consideration and are only tangentially related to fraud and unclean hands. Plaintiffs are entitled to know the factual and evidentiary basis for each of Yvette's affirmative defenses as well as the documents and witnesses upon which she may rely.

15. Further, despite being asked to identify documents that she may rely upon for each affirmative defense, Yvette's answers wholly failed to identify even a single document for any affirmative defense. Instead, Yvette has merely stated that she will produce documents which allegedly support some of her counterclaims. Yvette's responses are evasive and incomplete.

### B. YVETTE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

*Yvette's General Objection is Invalid*

16. In their Requests for Production, the Plaintiffs temporally limited their requests to the time period from January 1, 2006 through the present, unless otherwise specified. See Exhibit P-1. In her Response, Yvette made the following general objection:

> Defendant objects to the following statement: "Unless otherwise specified, each request is limited to the time period from January 1, 2006 through the present." Any Request for Production for documents for the time period after the wrongful termination of Defendant are irrelevant to this litigation and outside the scope of permissible discovery.

See Exhibit P-3. This objection is baseless.

17. Plaintiffs pled causes of action for theft, money had and received, conversion, fraud, and breach of fiduciary duty related to Defendants' embezzlement of hundreds of thousands of dollars from Plaintiffs in the form of money, food, equipment and other assets. While

Plaintiffs may have been able to prevent continued thefts by Defendants when they terminated the Defendants for cause, the use of the fruits of this embezzlement likely continued after this time. Plaintiffs are entitled to full discovery of where Defendants kept or are currently keeping Plaintiffs' stolen assets, what transfers were made or continue to be made with Plaintiffs' stolen assets, and what assets Defendants purchased with Plaintiffs' stolen assets.

18. Moreover, as a thief cannot pass good title, Plaintiffs are entitled to discover what the Defendants did with Plaintiffs' assets and who might currently be in possession of them.

19. Finally, Plaintiffs alleged that Armando tortiously interfered with the Restaurants' catering business by usurping catering opportunities for Armando's own catering business and/or for a third party business who compensated Armando for steering Fuddrucker's prospective customers to it. Plaintiff's have also alleged that Yvette has conspired with Armando in this wrongful conduct. The damages from this interference continued and continues well after Armando and Yvette were terminated for their actions. Indeed, it appears that Armando and Yvette have now gone into the catering business for themselves and Plaintiffs are entitled to documents related to the customers for which they have provided catering services since their termination. This information is clearly within the scope of discovery and Yvette's attempt to arbitrarily limit discovery to the day she was terminated for cause is meritless. Yvette's objection is invalid and she should be compelled to withdraw this objection and answer each Request for Production for the relevant time period.

***Plaintiffs Are Entitled to Documents Relating
to Defendants' Use of Stolen Assets***

20. In Requests for Production Nos. 1-16 and 19, Plaintiffs requested that Yvette produce

documents related to her finances during and after her employment by DHC Far East. The requested documents include those related to Yvette's interest in bank accounts, stocks, safe deposit boxes, real property, income tax returns, insurance policies, business entities, and various types of assets, as well as documents related to Yvette's purchase of certain assets. See Exhibit P-1. In response to each of these requests, Yvette objected that the Request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. These objections are baseless.

21. The Plaintiff's Requests for Production seek documents which are likely to show large sums of money and the acquisition of assets well beyond Yvette's ability to acquire same through her salary alone. For example, shortly after being employed, the Chowaikis loaned Armando and Yvette $5,000.00 to help them buy a house. A few years later, the Armendariz's had purchased several houses, Yvette had loaned the Plaintiffs $100,000.00, and Armando had offered to buy one of the Fuddrucker's restaurants. The salaries paid to Armando and Yvette do not even begin to cover the assets acquired by Armando and Yvette in a relatively short period of time – the same period of time in which hundreds of thousands of dollars were embezzled from the Restaurants. Documents showing Yvette's financial picture and the money trail of stolen assets are certainly relevant to the Plaintiffs' claims in this case and are well within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).

22. Similarly, Yvette's objections that the requests are vague, ambiguous, overly broad and overly burdensome have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 6

424157.1 Page 9

requests "All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein." See Exhibit P-1. As this is specifically limited to the time period between January 1, 2006 and the present, this request is in no way overly broad or overly burdensome. Moreover, the request is not in any way vague or ambiguous. Despite this, Yvette objected to the Request on these grounds and refused to produce any documents.[3] Yvette's objections are invalid and she should be compelled to withdraw her objections and answer each Request for Production Nos. 1-16 and 19.

### *Plaintiffs Are Entitled to Documents Relating to Defendants' Financial Transactions with Fuddruckers' Employees*

23. In Requests for Production 17, 18, 22-25 and 27, Plaintiffs requested that Yvette produce documents related to her financial transactions with employees of Fuddruckers. The requested documents include those related to personal loans, leases and the sale of vehicles, as well as her license to sell vehicles in the State of Texas. See Exhibit P-1. In response to each of these requests, Yvette objected that each Request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibits P-3. These objections have no merit.

24. Plaintiffs have specifically plead that, while they were employed by Chowaiki Holdings and DHC Far East, Armando and Yvette ran side businesses providing short term loans at usurious interest rates, leasing housing, selling vehicles without a license and providing

---

[3] As set forth below, documents responsive to this Request exist.

vehicle financing to Fuddruckers' employees. These employees were hired and/or paid for work they did not provide to the Restaurants in order to be able to make the required payments to Armando and/or Yvette. In light of Plaintiff's pleadings, the requested documents are relevant, calculated to lead to admissible evidence and within the permissable scope of discovery. Fed. R. Civ. P. 26(b)(1).

25. Yvette's objections that the requests are vague, ambiguous, overly broad and overly burdensome also have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 26 Armando and Hector (which is Request for Production No. 25 to Yvette) states: "If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions." See Exhibits P-1. This request is straightforward and limited in time. It is not vague, ambiguous, overly broad nor overly burdensome. Despite this, Defendants objected to the Request on these grounds. Defendants' objections are invalid and Defendants should be compelled to withdraw these objections and answer each of the above listed Requests for Production.

### *Plaintiffs are entitled to Documents Related to the Defendants' Theft of their Assets and Diversion of the Catering Business*

26. In Requests for Production Nos. 20, 21, 26, and 28-32, Plaintiffs requested that Yvette produce documents related to money and assets taken by the Defendants and the diversion of Fuddruckers' catering business. These Requests for Production sought documents related to: communications with customers of Fuddruckers catering; charitable contributions made by Yvette with Fuddruckers' assets; food purchases; vending machine records; and, cash, rebates and gifts received by Yvette from suppliers, vendor or employees because of their

relationship to the Restaurants; purchases made by Yvette on behalf of Fuddruckers. See Exhibit P-1. In response to each of these requests, Yvette objected that the Request was "vague, ambiguous, overly broad, overly burdensome", "seeks documents equally available to Plaintiffs", and/or was "not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. Again, these objections have no merit.

27. Plaintiffs have plead that Yvette conspired with Hector and Armando to: use Restaurant funds to purchase food and restaurant equipment which were personally kept and sold to other entities; take significant quantities of prepared and unprepared food from the Restaurants for their personal use; take revenue from vending machines located inside the restaurants; sell coupons and gift cards to customers with unauthorized discounts and use restaurant food, coupons and discounts to pay people who had provided personal services to Armando and/or his family; steal money from yearly special events catered by Fuddruckers such as the Amigo Airsho, KLAQ BBQ, and the El Paso Street Festival; and, give away large quantities of food owned by the Restaurants without authorization and provide below cost pricing to catering customers. [Docket No. 1]. In light of Plaintiff's pleadings, the requested documents are relevant, calculated to lead to admissible evidence and within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1).

28. Yvette's objections that these Requests are vague, ambiguous, overly broad, or overly burdensome are also unfounded. Each of these requests is narrowly drawn and very specific as to the documents being sought. For example, Plaintiffs' Request for Production No. 28 seeks "All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been

employed by El Paso DHC Enterprises Far East, LLC and/or its related Fuddruckers restaurants in El Paso, Texas." See Exhibit P-1. Yvette objects that "related to" is vague, ambiguous, and overly broad. See Exhibit P-3. However, Plaintiffs specifically defined "related to" in the "Definitions" section of their Requests for Production to mean "to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made." See Exhibit P-1. There is nothing vague, ambiguous or overly broad about this Request or any other.

29. Also, in response to some of Plaintiffs' requests, Yvette objects that the request "seeks documents equally available to Plaintiffs." For example,

    a. In Request for Production No. 21, the Plaintiffs ask for "All documents in your possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas"; and

    b. In Request for Production No. 28, the Plaintiffs ask for "All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by Chowaiki Holdings, LLC and/or its related Fuddruckers restaurants in El Paso, Texas."

See Exhibit P-1. Yvette's objections that these documents are equally available to Plaintiffs are unfounded.

30. This litigation is based, in part, around allegations that Defendants would take money and assets from Fuddruckers' restaurants and catering and falsify the numbers that were reported

to the Plaintiffs' accounting departments. This is how embezzlers hide their activities. Plaintiffs specifically pled that Yvette was part of a conspiracy in which "Armando wouldn't let anyone else count or deposit the money [from various catering events]; he insisted that all money be turned over to him and he would tell the stores what sales to ring up or report from the events at a later date." [Docket No. 1, ¶ 30]. The documents that Plaintiffs have in their possession regarding the catering business are those that have been falsified by the Defendants, which is why the Plaintiffs asked Yvette to produce the documents in her possession regarding same. To object by stating that the Plaintiffs "have these documents" is nonsensical in light of the basis for this litigation. Yvette's objections are invalid and irrelevant and she should be compelled to withdraw these objections and answer each of the above listed Requests for Production. Plaintiffs want and are entitled to receive the documents in Yevette's possession.

### *Yvette Is Wrongfully Withholding Non-Privileged Documents*

31. In response to Plaintiffs' Requests for Production Nos. 1, 2, 5, 7, 8, 12, 19, 20, 23, 29 Yvette stated that she will only produce responsive documents upon the "receipt of a signed confidentiality agreement." The imposition of this arbitrary condition is an invalid attempt to evade discovery.

32. The documents requested by Plaintiffs include documents related to bank records, checking accounts, tax returns, income, insurance policies, title to assets, debts owed to Yvette, real property and automotive leases between Yvette and current or former Fuddruckers' employees, credit card statements, the purchase and sale of automobiles, food purchases, and cell phone bills. See Exhibit P-1. Yvette has not asserted any privilege with respect to these non-privileged documents and cannot arbitrarily assert conditions to withhold them from

production. Yvette's response is evasive and she should be compelled to produce documents responsive to each of the above listed Requests for Production without a confidentiality agreement.

### *Yvette Is Subverting the Discovery Process to Hide Her Unlawful Activities*

33. In addition to lodging the above invalid objections, Yvette is also refusing to produce documents in an effort to continue to conceal her embezzlement from the Plaintiffs and this Court. In Request for Production No. 6, the Plaintiffs ask for "All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein." See Exhibit P-1. After lodging her objections, Yvette responded "Without waiving these objections, there is none." See Exhibits P-3. This answer is false.

34. During the relevant time period Yvette was deeded at least three properties as indicated by the documents attached hereto as Exhibits P-4, P-5, and P-6.[4] These are three properties that the Plaintiffs are aware of and there are likely to be more. Yvette was well aware that she had been deeded three houses in the last six years, and yet she denied that she had been deeded any real property. This is not only a direct misrepresentation, it calls into question all of Yvette's responses. Yvette is subverting the discovery process in bad faith and she should be sanctioned by this Court.

---

[4] The Special Warranty Deed dated October 17, 2008 granting Lot 31, Block 54 of VISTA REAL UNIT FIVE to Armando Armendariz and Yvette Armendariz is attached hereto as Exhibit P-4 and incorporated herein by reference. The Special Warranty Deed dated October 28, 2008 granting Lot 29, Block 24 of TIERRA DEL ESTE UNIT THREE to Armando Armendariz and Yvette Armendariz is attached hereto as Exhibit P-5 and incorporated herein by reference. The Special Warranty Deed with Vendor's Lien dated January 8, 2009 granting Lot 5, Block 9 of the KIMBERLY HEIGHTS SUBDIVISION to Armando Armendariz and Yvette G. Armendariz is attached hereto as Exhibit P-6 and incorporated herein by reference.

### C. THE COURT SHOULD COMPEL YVETTE TO WITHDRAW HER OBJECTIONS AND RESPOND TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION AND IMPOSE SANCTIONS ON YVETTE FOR HER CONDUCT

35. A Court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033, or if a party files an objection or does not produce documents in response to a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R. Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). In this case, Yvette has made invalid objections and failed to respond to Plaintiffs' Interrogatories and Requests for Production as set out above. Yvette should be compelled to withdraw these objections and answer each of the above listed Interrogatories and Requests for Production.

36. Further, Plaintiffs ask the Court to impose sanctions on Yvette for giving false and evasive responses to Plaintiffs' discovery requests. Fed. R. Civ. P. 37(a)(5)(A); *see also Alonso v. Agrigenetics, Inc.*, 2004 WL 2668801, *3 (S.D. Tex. 2004)("[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party ... to sanctions."). Plaintiffs ask the Court to award costs and attorneys fees of $2,500.00 incurred in preparing this Motion to Compel and attending hearing on same.

37. The sanction requested is the least severe sanction available to remedy the wrong. Yvette made false representations in her discovery responses and this Court has the inherent power to strike a party's pleadings when litigation is being conducted in bad faith or when the litigant or counsel "willfully abuse judicial processes." *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 464 (W.D. Tex. 2006). In light of Yvette's conduct, the sanction of paying Plaintiffs' costs and expenses in preparing this motion and attending the hearing on same is

the least severe sanction available.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI, asks that the Court grant their Motion to Compel and for Sanctions and enter an order: (1) directing Yvette to withdraw her objections to the subject Interrogatories and Requests for Production; (2) compelling Yvette to respond adequately to Plaintiffs' Interrogatories and Requests for Production; (3) awarding Plaintiffs their costs and attorney's fees incurred in preparing this motion and attending the hearing on same in the amount of $2,500.00; and (4) granting Plaintiffs any other relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Jamie T. Wall
State Bar No. 24028200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 22nd day of January, 2013, I electronically filed the foregoing Plaintiffs' Motion to Compel and for Sanctions Against Yvette Armendariz with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland