## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.: 11-30977-hcm |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No.: 12-03012-hcm |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## DEFENDANT YVETTE ARMENDARIZ'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO: Plaintiffs, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWIAKI by and through their attorneys of record, Corey W. Haugland, and Jamie T. Wall, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770.

RECEIVED NOV 2 0 2012

EXHIBIT
P-2

Defendant Yvette Armendariz's Responses [ ] terrogatories

Pursuant to the provisions of the Fed.R.Civ.P., Defendant YVETTE ARMENDARIZ propounds the following Responses to Plaintiffs' First Set of Interrogatories:

**FIRTH ◆ JOHNSTON ◆ MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

_____
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

_____
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been mailed certified mail return receipt requested to Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770, this _15_ day of October, 2012.

_____
CHRISTOPHER R. JOHNSTON

## RESPONSES TO INTERROGATORIES

<u>INTERROGATORY NO. 1</u>: State the full name, date of birth, address and occupation of each individual who answered or assisted in the answering of these interrogatories.

**RESPONSE:** Yvette Armendariz, DOB: 1/5/1973, 11316 Lindenwood Ave., El Paso 79936, Babysitter. Assistance was also provided by undersigned counsel.

<u>INTERROGATORY NO. 2</u>: Set forth the following information with respect to each non-expert witness that you expect to call during the course of trial:

    A.    His or her name, address, telephone number, occupation, title and relationship to the parties, if any.

    B.    The name, address and telephone number of the witness's employer.

    C.    The educational, professional and occupational background and experience of the witness.

    D.    The subject matter for which the witness may be called upon to testify.

    E.    The payment or compensation, if any, that has been promised to the witness.

    F.    The payment or compensation, if any, that will be provided to the witness.

**RESPONSE:** Objection. This Interrogatory is overly broad, overly burdensome, and seeks information that is irrelevant to this litigation, information that Plaintiff is not entitled to in the course of discovery, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence. Defendant may call any person with relevant knowledge disclosed by any party as a witness.

    Without waiving these objections, see attached.

<u>INTERROGATORY NO. 3</u>: If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**RESPONSE:** Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

    Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by

showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

INTERROGATORY NO. 4: If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

RESPONSE: Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

INTERROGATORY NO. 5: If you contend that Plaintiffs' claims are barred in whole or in part by laches, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

RESPONSE: Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had

no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

INTERROGATORY NO. 6: If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

RESPONSE: Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

INTERROGATORY NO. 7: If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

RESPONSE: Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have

engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

**INTERROGATORY NO. 8:** If you contend that Plaintiffs' claims are barred in whole or in part because of an accord and satisfaction, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**RESPONSE:** Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

**INTERROGATORY NO. 9:** If you contend that Plaintiffs' claims are barred in whole or in part because of a failure of consideration, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**RESPONSE:** Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, Defendants would show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that Defendant David Chowaiki has engaged in fraud against Defendant Yvette Armendariz, by showing that Defendant David Chowaiki had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that Defendant David Chowaiki and Hilel Chowaiki have fraudulently withheld wages in the form of vacation pay from Defendant Armando Armendariz, by showing that Defendant David Chowaiki and Hilel Chowaiki had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

**INTERROGATORY NO. 10:** With respect to each of the following Requests for Admissions which you denied in whole or in part, please set forth and describe, in detail, each fact or item of evidence that you relied upon to support your denial.

**RESPONSE:** Objection. This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged and based on attorney work product. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

Without waiving these objections, see Response to Requests for Production.

---

Defendant Yvette Armendariz's Responses to Plaintiffs' First Set of Interrogatories