IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DHC REALTY, LLC, | § § | Case No.11-30977-HCM |
| Debtor. | § § § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST HECTOR ARMENDARIZ

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Plaintiffs"), and file this, their Motion to Compel and For Sanctions against Hector Armendariz and in support thereof would respectfully show the Court the following:

424158.1                    Page 1

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter "Armando," "Yvette," and "Hector," respectively and collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfers, the avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective business relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about August 8, 2012, Defendants filed their Answer in which they asserted, *inter alia*, affirmative defenses of fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration. [Docket No. 16].

3. On or about October 19, 2012, Plaintiffs served Hector with their First Request for Production, First Set of Interrogatories, and First Request for Admissions. A true and correct copy of Plaintiffs First Request for Production, First Set of Interrogatories, and First Request for Admissions to Defendant Hector Armendariz is attached hereto as Exhibit P-1 and incorporated herein by reference.

4. On or about November 19, 2012, Hector served his Responses to Plaintiffs' First Set of Interrogatories and his Responses to Plaintiffs' First Set of Requests for Production. A true and correct copy of Defendant Hector Armendariz's Responses To Plaintiffs' First Set of Interrogatories is attached hereto as Exhibit P-2 and incorporated herein by reference. A true and correct copy of Defendant Hector Armendariz's Responses To Plaintiffs' First Set of

5. Requests For Production is attached hereto as Exhibit P-3 and incorporated herein by reference.

5. When it was served, Hector's Responses to Plaintiffs' First Set of Interrogatories was not signed under oath. See Exhibit P-2. Additionally, although his Response to Interrogatory No. 2 was to "see attached," no attachment was included with the Response. See Exhibit P-2.

6. On November 20 and 21, 2012, counsel for Plaintiffs attempted to confer with counsel for Hector in a good faith effort to resolve disputes concerning Hector's objections and responses without court action, as required by Federal Rule of Civil Procedure 37(a)(1), via two letters. Counsel for the Defendants thereafter sent the required verification and attachment to Hector's Response to Interrogatory No. 2, but did not respond to any other issues raised by counsel for Plaintiffs. Counsel has also attempted on numerous occasions to discuss and resolve these issues on the telephone, to no avail. Thus, no agreement has been reached with regard to this discovery dispute.

## II. ARGUMENT & AUTHORITIES

7. Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. 26(b)(1), as made applicable by Fed. R. Bankr. P. 7026. Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

8. A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033 or if a party files an objection or does not produce documents in response to

a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R. Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). This Court should grant Plaintiffs' motion to compel for the reasons set forth below.

### A. HECTOR'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

*Hector's Objections to Interrogatory Nos. 3-9 Are Invalid*

9.  In their Interrogatory Nos. 3-9, the Plaintiffs asked Hector to set forth the facts and evidence that he intends to use to support each of his affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration), to identify documents that he will use to support that defense, and to identify the individuals who have knowledge of the facts supporting that affirmative defense. See Exhibit P-1. In response to each of these Interrogatories, Hector asserted the same objection:

    > This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

    See Exhibits P-2. Hector's objections are invalid and should be overruled.

10. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). In this case, Hector has the burden of establishing each affirmative defense he has plead and must put forward evidence to prove each affirmative defense he has asserted. Rule 11 requires that the factual contentions set forth in a pleading have evidentiary support. Plaintiffs are entitled to know the factual and evidentiary basis for each of Hector's affirmative defenses as well

as the documents and witnesses upon which Hector may rely. While Hector need not marshal his evidence, he cannot withhold all of it from the Plaintiffs either.

11. The breadth of Plaintiffs' requests are a direct result of the breadth of the Defendants' pleading of their affirmative defenses. For each of Plaintiffs' claims, the Defendants have merely asserted that Plaintiffs' claims are barred by various affirmative defenses. No factual basis for the affirmative defenses are asserted in the Defendants' Answer. Plaintiffs' cannot narrow their requests to specific allegations made by the Defendants because the Defendants made no specific allegations in support of their affirmative defenses. Hector cannot simply plead an affirmative defense without pleading any basis therefore and then object that each of Plaintiffs' Interrogatories, which ask for the factual and evidentiary basis for each affirmative defense, are too broad.

12. Further, Hector's assertions of privilege are entirely unfounded. Plaintiffs specifically requested the facts and evidence that Hector intends to use to support his affirmative defenses. Facts, evidence, and the identity of documents and witnesses are not privileged, nor can they be withheld by asserting that they are somehow attorney work-product[1] or that

---

[1] *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981)(The attorney work-product privilege only protects against the disclosure of communications to an attorney; it does not protect against the disclosure of underlying facts); *S.E.C. v. Brady*, 238 F.R.D. 429, 439 (N.D. Tex. 2006)("the attorney-client privilege does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney"); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, *4 (N.D. Cal. 2005)("It is generally accepted that the 'work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.'")(citing *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 440, 444 (D.Kan., 1987); *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009)("the selection of documents according to facts alleged in a pleading does not elevate the compilation to core work product. Although a complaint includes some amount of legal theory and strategy, Rule 11 of the Federal Rules of Civil Procedure requires all parties to have 'evidentiary support' for the factual contentions in their pleadings. Given that requirement, producing the compilations of documents that support the factual allegations of a complaint reveals no more than that already revealed by the filing of the complaint.").

424158.1                                         Page 5

they have been provided to an expert witness.[2]

### *Hector Gave Incomplete and Evasive Answers to Plaintiffs' Interrogatories*

13. As set forth above, in their Interrogatory Nos. 3-9, the Plaintiffs asked Hector to set forth the facts and evidence that he intends to use to support each of his affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration), to identify documents that Hector will use to support each defense, and to identify the individuals who have knowledge of the facts supporting that affirmative defense. See Exhibits P-1, P-2, and P-3. After stating the objections set forth above, Hector gave the same stock answer to each interrogatory:

> Without waiving these objections, Defendants will show that Plaintiffs have engaged Defendants in a frivolous lawsuit as a means to avoid paying their just debts. Defendants would also show that David has engaged in fraud against Defendant Yvette Armendariz, by showing that David had no intention to return the money he agreed to pay to Yvette Armendariz. Defendants would further show that David and Hilel have fraudulently withheld wages in the form of vacation pay from Armando, by showing that David and Hilel had no intention to pay said wages. Defendants will produce documents which show that Plaintiffs unlawfully withheld Defendants' earnings while employed by Plaintiff(s) by not permitting Defendants to cash their paychecks. Defendants will also produce documentation demonstrating vending machine income not reported to Luby's Fuddruckers Restaurants, LLC.

See Exhibit P-2. Hector's responses are evasive and incomplete as they do not set forth any facts or evidence or identify any documents or witnesses which support the affirmative

---

[2] *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571 (S.D. Tex. 2005)(The Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure explain that given the disclosure obligation, "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure.")(*citing* Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes to 1993 Amendments).

defense that is the subject of the interrogatory.

14. Moreover, Hector's responses have nothing to do with the information requested. For example, Plaintiffs' Interrogatory No. 5 seeks information regarding Hector's affirmative defense of laches. The response, as set forth above, has nothing to do with laches and wholly fails to set forth a single fact or piece of evidence that establishes that Plaintiffs unreasonably delayed asserting their rights. Similarly, none of the responses have anything to do with waiver, equitable estoppel, accord and satisfaction, or failure of consideration and are only tangentially related to fraud or unclean hands. Plaintiffs are entitled to know the factual and evidentiary basis for each of Hector's affirmative defenses as well as the documents and witnesses upon which Hector may rely.

15. Further, despite being asked to identify documents that Hector may rely upon for each affirmative defense, his answers wholly failed to identify even a single document for any affirmative defense. Instead, Hector has merely stated that he will produce documents which allegedly support some of his counterclaims. Hector's responses are evasive and incomplete.

16. Hector should be compelled to withdraw these objections and answer each of the above listed Interrogatories in compliance with the Federal Rules of Civil Procedure.

### B. HECTOR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

*Hector's General Objection is Invalid*

17. In their Requests for Production, the Plaintiffs temporally limited their requests to the time period from January 1, 2006 through the present, unless otherwise specified. See Exhibit P-1. In his Response, Hector made the following general objection:

> Defendant objects to the following statement: "Unless otherwise

> specified, each request is limited to the time period from January 1, 2006 through the present." Any Request for Production for documents for the time period after the wrongful termination of Defendant are irrelevant to this litigation and outside the scope of permissible discovery.

See Exhibits P-3. This objection is baseless.

18. Plaintiffs pled causes of action for theft, money had and received, conversion, fraud, and breach of fiduciary duty related to the Defendants' embezzlement of hundreds of thousands of dollars from Plaintiffs in the form of money, food, equipment and other assets. While Plaintiffs may have been able to prevent continued thefts by Defendants when they terminated the Defendants for cause, the use of the fruits of this embezzlement likely continued after this time. Plaintiffs are entitled to full discovery of where Defendants kept or are currently keeping Plaintiffs' stolen assets, what transfers were made or continue to be made with Plaintiffs' stolen assets, and what assets the Defendants purchased with Plaintiffs' stolen assets.

19. Moreover, as a thief cannot pass good title, Plaintiffs are entitled to discover what the Defendants did with Plaintiffs' assets and who might currently be in possession of them.

20. Finally, Plaintiffs alleged that Hector conspired with Armando to tortiously interfere with the Restaurants' catering business by usurping catering opportunities for Armando's own catering business and/or for a third party business who compensated Armando for steering Fuddrucker's prospective customers to it. The damages from this interference continued and continues well after Hector was terminated for his actions. Indeed, it appears that Armando has now gone into the catering business for himself and Plaintiffs are entitled to documents related to the customers for which he has provided catering services since his termination.

This information is clearly within the scope of discovery and Hector's attempt to arbitrarily limit discovery to the day he was terminated for cause is baseless. Hector's objection is invalid and he should be compelled to withdraw this objection and answer each Request for Production for the relevant time period.

### *Plaintiffs Are Entitled to Documents Relating to Defendants' Use of Stolen Assets*

21. In Requests for Production Nos. 1-17 and 22, Plaintiffs requested that Hector produce documents related to his finances during and after his employment. The requested documents include those related to Hector's interest in bank accounts, stocks, safe deposit boxes, real property, income tax returns, insurance policies, business entities, and various types of assets, as well as documents related to Hector's purchase of certain assets. See Exhibit P-1. In response to each of these requests, Hector objected that the request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. These objections are baseless.

22. The Plaintiff's Requests for Production seek documents which are likely to show sums of money and the acquisition of assets well beyond Hector's ability to acquire same through his salary alone. For example, shortly after being employed, the Chowaikis loaned Armando and Yvette $5,000.00 to help them buy a house. A few years later, Armando and Yvette had purchased several houses, Yvette had loaned the Plaintiffs $100,000.00, and Armando had offered to buy one of the Fuddrucker's restaurants. The salaries paid to Armando and Yvette do not even begin to cover the assets acquired by them in a relatively short period of time –

the same period of time in which hundreds of thousands of dollars were embezzled from the Restaurants. As a co-conspirator, documents showing Hector's financial picture and the money trail of stolen assets are certainly relevant to the Plaintiffs' claims in this case and are well within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).

23. Similarly, Hector's objections that the requests are vague, ambiguous, overly broad and overly burdensome have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 7 requests "All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein." See Exhibit P-1. As this is specifically limited to the time period between January 1, 2006 and the present, this request is in no way overly broad or overly burdensome. Moreover the request is not in any way vague or ambiguous. Despite this, Hector objected to the Request on these grounds. Hector's objections are invalid and he should be compelled to withdraw his objection and answer each Request for Production Nos. 1-17 and 22.

### *Plaintiffs Are Entitled to Documents Relating to Defendants' Financial Transactions with Fuddruckers' Employees*

24. In Requests for Production Nos. 18-21, 23-26, 30 and 34, Plaintiffs requested that Hector produce documents related to his financial transactions with employees of Fuddruckers. The requested documents include those related to personal loans, leases and sales of vehicles, as well as Defendants' license to sell vehicles in the State of Texas. See Exhibit P-1. In response to each of these requests, Hector objected that each Request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of

admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. These objections have no merit.

25. Plaintiffs have specifically plead that while they were employed by Chowaiki Holdings and DHC Far East, Hector conspired with Armando and Yvette to run side businesses providing short term loans at usurious interest rates, leasing housing, selling vehicles without a license, and providing vehicle financing to Fuddruckers' employees. These employees were hired and/or paid for work they did not provide to the Restaurants in order to be able to make the required payments to Armando and/or Yvette. In light of Plaintiff's pleadings, the requested documents are relevant, calculated to lead to admissible evidence and within the permissible scope of discovery. Fed. R. Civ. 26(b)(1).

26. Hector's objections that the requests are vague, ambiguous, overly broad and overly burdensome also have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 26 states: "If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions." See Exhibits P-1. This request is straightforward and limited in time. It is not vague, ambiguous, overly broad or overly burdensome. Despite this, Hector objected to the Request on these grounds. Hector's objections are invalid and he should be compelled to withdraw these objections and answer each of the above listed Requests for Production.

### *Plaintiffs are entitled to Documents Related to the Defendants' Theft of their Assets and their Diversion of the Catering Business*

27. In Requests for Production Nos. 27, 29, 31-33, 35-39, 41, 42, Plaintiffs requested that Hector

424158.1 Page 11

produce documents related to money and assets embezzled from the Restaurants and the diversion of Fuddruckers' catering business to Armando and/or third parties. These Requests for Production sought documents related to: communications with customers of Fuddruckers catering; charitable contributions made by Defendants with Fuddruckers' assets; food purchases; vending machine records; cash, rebates and gifts received by Defendants from suppliers, vendor or employees, because of their relationship to the Restaurants; purchases made by Defendants on behalf of Fuddruckers. See Exhibit P-1. In response to each of these requests, Hector objected that each Request was "vague, ambiguous, overly broad, overly burdensome", "seeks documents equally available to Plaintiffs", and/or was "not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. Again, these objections have no merit.

28. Plaintiffs have plead that Hector conspired with Armando and Yvette to: use Restaurant funds to purchase food and restaurant equipment which were kept and sold to other entities; take significant quantities of prepared and unprepared food from the Restaurants for their personal use; take revenue from vending machines located inside the restaurants; sell coupons and gift cards to customers with unauthorized discounts and use restaurant food, coupons and discounts to pay people who had provided personal services to Armando and/or his family; steal money from yearly special events catered by Fuddruckers such as the Amigo Airsho, KLAQ BBQ, and the El Paso Street Festival; give away large quantities of food owned by the Restaurants without authorization and provide below cost pricing to catering customers. [Docket No. 1]. In light of Plaintiff's pleadings, the requested documents are

relevant, calculated to lead to admissible evidence and within the permissible scope of discovery. Fed. R. Civ. 26(b)(1).

29. Hector's objections that these Requests are vague, ambiguous, overly broad, or overly burdensome are also unfounded. Each of these requests is narrowly drawn and very specific as to the documents being sought. For example, Plaintiffs' Request for Production No. 34 seeks "All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by El Paso DHC Enterprises Far East, LLC and/or its related Fuddruckers restaurants in El Paso, Texas." See Exhibit P-1. Hector objects that "related to" is vague, ambiguous, and overly broad. See Exhibits P-3. However, Plaintiffs specifically defined "related to" in the "Definitions" section of their Requests for Production to mean "to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made." See Exhibit P-1. There is nothing vague, ambiguous nor overly broad about this Request.

30. Similarly, in Request for Production No. 30, Plaintiffs request "All documents memorializing any communications received or sent by you with catering customers of the Fuddruckers restaurants in El Paso, Texas since January 1, 2009." See Exhibit P-1. Hector objects that the "request is vague, ambiguous, overly broad, and overly burdensome . . . the term "catering customers" is vague and is intended meaning is not understood." See Exhibit P-3. "Catering customers" of the Fuddruckers' restaurants is not a vague term. There is no way

to be more specific and Hector is merely quibbling over terms to avoid producing documents. There is nothing vague, ambiguous nor overly broad about this Request or any other.

31. Also, in response to some of Plaintiffs' requests, Hector objects that the request "seeks documents equally available to Plaintiffs." For example,

   a. In Request for Production No. 29 the Plaintiffs ask for "All documents in your possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas";

   b. In Request for Production No. 32 the Plaintiffs ask for "All computer files or discs that include any information related to the business of Fuddruckers in El Paso, Texas";

   c. In Request for Production No. 35 the Plaintiffs ask for "All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by Chowaiki Holdings, LLC and/or its related Fuddruckers restaurants in El Paso, Texas."

See Exhibit P-1. Hector's objections that these documents are equally available to Plaintiffs is irrelevant. Plaintiffs are entitled to discovery the responsive documents in Hector's possession.

32. This litigation is based, in part, around allegations that Defendants took money and assets from Fuddruckers' restaurants and catering and then falsified the numbers that were reported to the Plaintiffs' accounting department. This is how embezzlers and thieves hide their activities. Plaintiffs specifically plead that Hector was part of a conspiracy in which

"Armando wouldn't let anyone else count or deposit the money [from various catering events]; he insisted that all money be turned over to him and he would tell the stores what sales to ring up or report from the events at a later date." [Docket No. 1, ¶ 30]. The documents that Plaintiffs have in their possession regarding the catering business are those that have been falsified by the Defendants, which is why the Plaintiffs asked Hector to produce the documents in his possession regarding same. To object that the Plaintiffs have these documents is nonsensical in light of the basis for this litigation. Hector's objections are invalid and he should be compelled to withdraw these objections and answer each of the above listed Requests for Production.

### *Hector Is Wrongfully Withholding Non-Privileged Documents*

33. In response to Plaintiffs' Requests for Production Nos. 5, 7, 8, 9, 13, 14, 21, 24, 27, 33, 36 Hector stated that he will only produce responsive documents upon the "receipt of a signed confidentiality agreement." The imposition of this arbitrary condition is an invalid attempt to evade discovery.

34. The documents requested by Plaintiffs include documents related to tax returns, income, insurance policies, title to assets, debts owed to Yvette, real property and automotive leases between Hector and current or former Fuddruckers' employees, credit card statements, the purchase and sale of automobiles, food purchases, and cell phone bills. See Exhibit P-1. Hector has not asserted any privilege with respect to these non-privileged documents and cannot arbitrarily assert conditions to withhold them from production. Hectors's response is evasive and he should be compelled to produce documents responsive to each of the above listed Requests for Production without a confidentiality agreement.

### C. THE COURT SHOULD COMPEL HECTOR TO WITHDRAW HIS OBJECTIONS AND RESPOND TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION AND IMPOSE SANCTIONS ON HECTOR FOR HIS CONDUCT

35. A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033, or if a party files an objection or does not produce documents in response to a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R. Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). In this case, Hector has made invalid objections and failed to respond to Plaintiffs' Interrogatories and Requests for Production as set out above. Hector should be compelled to withdraw these objections and answer each of the above listed Interrogatories and Requests for Production.

36. Further, Plaintiffs ask the Court to impose sanctions on Hector for giving evasive responses to Plaintiffs' discovery requests. Fed. R. Civ. P. 37(a)(5)(A); *see also Alonso v. Agrigenetics, Inc.*, 2004 WL 2668801, *3 (S.D. Tex. 2004)("[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party ... to sanctions."). Plaintiffs ask the Court to award costs and attorneys fees of $2,500.00 incurred in preparing this Motion to Compel and attending hearing on same. The sanction requested is the least severe sanction available to remedy the wrong.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI, asks that the Court grant their Motion to Compel and for Sanctions and enter an order: (1) directing Hector to withdraw his objections to the subject Interrogatories and Requests for

Production; (2) compelling Hector to respond adequately to Plaintiffs' Interrogatories and Requests for Production; (3) awarding Plaintiffs their costs and attorney's fees incurred in preparing this motion and attending the hearing on same in the amount of $2,500.00; and (4) granting Plaintiffs any other relief to which they may be entitled.

        Respectfully submitted,

        JAMES & HAUGLAND, P.C.
        P.O. Box 1770
        El Paso, Texas 79949-1770
        Phone: 915-532-3911
        FAX: (915) 541-6440

By: _____
        Corey W. Haugland
        State Bar No. 09234200
        Jamie T. Wall
        State Bar No. 24028200
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 22nd day of January, 2013, I electronically filed the foregoing Plaintiffs' Motion to Compel and for Sanctions Against Hector Armendariz with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

        _____
        Corey W. Haugland