IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO EXTEND DEADLINES

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

COME NOW, Plaintiffs herein, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL

PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter the "Chowaiki Parties"), and file this, their Motion to Extend Deadlines, and in support thereof would show the Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Chowaiki Parties filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about July 6, 2012, Defendants filed a Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, For More Definite Statement. [Docket No. 9].

3. On or about August 6, 2012, the Court entered an Order Denying Motion to Dismiss and Requiring Answer and Report which provided in part:

> The Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, For More Definitive Statement (herein "Motion") (dkt no. 9) filed by Defendants is hereby denied; provided that prior to 45 days before the deadline for completion of fact discovery, Plaintiffs shall amend their Complaint to more specifically set forth the alleged transfers which are the subject of their counts for fraudulent transfers and postpetition transfers.

[Docket No. 14].

4. On or about September 7, 2012, this Court entered a Scheduling Order in which it ordered

that any counterclaims by Defendants be filed by September 30, 2012 and that all fact and expert discovery be completed by February 28, 2013. [Docket No. 20]. The Scheduling Order also provided that "any deadline may be extended or modified by order entered by the Court *sua sponte* or based on a motion filed by any party and a showing of good cause." [Docket No. 20].

5.  On or about October 8, 2012, Defendants Armando Armendariz and Yvette Armendariz filed an Amended Motion for Leave to File Late Filed Counterclaim [Docket No. 23] which the Court granted. [Docket No. 27].

6.  On or about October 19, 2012, the Chowaiki Parties served Requests for Production, Interrogatories, and Requests for Admissions on each of the Defendants.[1]

7.  On October 29, 2012, Armando Armendariz and Yvette Armendariz filed a Counterclaim against the Chowaiki Parties and Hilel Chowaiki. [Docket No. 29].

8.  On or about November 12, 2012, the Chowaiki Parties filed a Partial Motion to Dismiss the Armendariz Parties' Counterclaim (hereinafter the "Motion to Dismiss") in which they argued that all of the Armendariz Parties' causes of action, with the exception of Yvette Armendariz's claim for breach of contract, must be dismissed for failure to state a claim upon which relief can be granted. [Docket No. 31]. Hearing on the Chowaiki Parties' Partial Motion to Dismiss is currently set for February 13, 2013. [Docket No. 40].

9.  On or about November 19, 2012, each of the Defendants served responses to Plaintiffs' Interrogatories and Requests for Production. As set forth more fully in the Chowaiki Parties'

---

[1] Copies of these Interrogatories and Requests, as well as each of the Defendants' responses are attached to the Motions to Compel and for Sanctions referenced below. [Docket Nos. 47, 48, and 49].

Motions to Compel and for Sanctions, Armando Armendariz, Yvette Armendariz and Hector Armendariz provided objections and evasive answers to most of the Chowaiki Parties' Interrogatories. Moreover, Armando Armendariz, Yvette Armendariz and Hector Armendariz objected and refused to produce documents in response to almost all of the Chowaiki Parties' Requests for Production. [Docket Nos. 47, 48, and 49]. To date Defendants have not produced a single document requested by Plaintiffs.

10. On or about January 21, 2013, the Defendants filed three identical motions requesting dismissal of all claims against them for failure to comply with the August 6, 2012 Order Denying Motion to Dismiss and Requiring Answer and Report. [Docket Nos. 44, 45, and 46]. Specifically, Defendants asked the court to dismiss all of the Chowaiki Parties' claims against them because the Chowaiki Parties had failed to amend their Complaint within the deadline set by the Court's August 6, 2012 Order. [Docket Nos. 44, 45, and 46].

11. On or about January 22, 2013, the Chowaiki Parties filed their Motions to Compel and for Sanctions against each of the Defendants. [Docket Nos. 47, 48, and 49].

## II. ARGUMENT & AUTHORITIES

12. Pursuant to the Bankruptcy Rules and this Court's Scheduling Order, a request to extend deadlines may be granted for good cause. Fed. R. Bankr. P. 9006(b)(1); Docket No. 20. Similarly, under Federal Rule 16, as made applicable by Bankruptcy Rule 7016, a scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

13. The Chowaiki Parties request that the discovery period (as well as all other remaining deadlines) be extended for an additional 90 days because discovery disputes and amendments to pleadings have prevented the completion of discovery. The current discovery deadline

ends on February 28, 2013, but there is good cause for the extension, which is not intended to delay these proceedings and not the result of the parties lack of diligence.

14. Discovery in this matter has not been completed and cannot be completed prior to the February 28, 2013 deadline. As set forth above, the Defendants have refused to participate meaningfully in discovery. Defendants have lodged numerous improper objections, withheld almost all documents from production based on the assertion that a confidentiality agreement is needed (even though no such privilege was asserted), and responded evasively to all interrogatories. [Docket Nos. 47, 48, and 49]. Despite their efforts to resolve the discovery disputes without this Court's intervention, the Chowaiki Parties have been forced to file Motions to Compel for each of the Defendants. Hearings have been scheduled for the Motions to Compel on February 13, 2013. As a result of the paper discovery disputes, no depositions have been taken or scheduled in this matter. Extending the remaining deadlines in this case for an additional 90 days will allow the Motions to Compel to be heard, the documents to be reviewed, and the necessary depositions to be taken.

15. Similarly, the Chowaiki Parties have been unable to amend their Complaint in compliance with this Court's August 6, 2012 Order [Docket No. 14] because they have not been able to obtain discovery from the Defendants. The August 6, 2012 Order required the Chowaiki Parties to amend their Complaint to more specifically set forth the transfers which are the subject of their claims fraudulent and postpetition transfers. The deadline for doing so was 45 days before the end of the discovery period and was clearly premised on the Defendants participating in discovery. The Defendants embezzled hundreds of thousands of dollars from the Chowaiki Parties over a series of years using various schemes, the full extent of which

can only be determined by reviewing Defendants' financial records. Extending the deadlines in this case will allow the Chowaiki Parties to compel the necessary discovery from the Defendants so that their Complaint can be amended in accordance with this Court's order.

16. Additionally, discovery in this matter has not been completed because of the delay in obtaining a hearing on the Chowaiki Parties' Partial Motion to Dismiss. Although the Chowaiki Parties timely moved to dismiss the late filed counterclaims of Armando and Yvette Armendariz in November 2012, hearing on their Partial Motion to Dismiss was not scheduled until February 13, 2013. The Chowaiki Parties have not initiated discovery on Armando and Yvette Armendariz's counterclaims[2] because they failed to allege causes of action upon which relief may be granted. Until the Partial Motion to Dismiss is heard, the Chowaiki Parties do not know whether they will have to bear the burden and expense of obtaining discovery on Armando and Yvette Amendariz's counterclaims.

17. For these reasons the Chowaiki Parties ask the Court to extend the deadline for the completion of discovery and all of the remaining deadlines for at least 90 days. Currently, under the Scheduling Order, the following deadlines are in effect:

   a. By February 28, 2013, all fact and expert discovery shall be completed.

   b. By March 15, 2013, authorized representatives of each of the parties and their respective counsel shall conduct and have completed mediation before a third party neutral mediator. The parties shall agree on the selection of the mediator, if the parties cannot agree the Court will appoint a mediator at the request of any party. Unless otherwise agreed by the parties, the cost of such mediation shall be shared equally between Plaintiffs and Defendants.

   c. By March 15, 2013, any dispositive motions shall be filed.

---

[2] The Chowaiki Parties sent their initial discovery prior to the filing of Armando and Yvette Armendariz's Counterclaim, so none of the issues raised in the Counterclaim are addressed in discovery.

d.  By April 1, 2012, the parties shall file a proposed Pre-Trial Order pursuant to the Local Bankruptcy Rules and the Addendum located in Appendix L-7016 of the Local Bankruptcy Rules, and file proposed findings of fact and conclusions of law.

e.  Counsel for all parties shall attend and a Pre-Trial Conference/Docket Call is hereby set for April 10, 2013 at 3:00 pm (MT) in the United States Bankruptcy Court, El Paso, Texas.

[Docket No. 20]. The Chowaiki Parties ask that all of these deadlines be extended at least 90 days in accordance with the Court's docket requirements.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI ask that the Court grant their Motion to Extend Deadlines, extending the remaining deadlines in this case for at least 90 days in accordance with the Court's docket, and grant them such other and further relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Jamie T. Wall
State Bar No. 24028200
Attorney for Plaintiffs/Counter-Defendants

## CERTIFICATE OF SERVICE

    I, Corey W. Haugland, hereby certify that on the 30th day of January, 2013, I electronically filed the foregoing Plaintiffs' Motion to Extend Deadlines with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

                                                                   Corey W. Haugland