IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 12-03012-HCM |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, | § | |
| and HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, AND HECTOR ARMENDARIZ'S REQUEST FOR DISMISSAL OF ALL CLAIMS PER COURT ORDER OF AUGUST 6, 2012**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Plaintiffs herein, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter the "Chowaiki Parties"), and file this, their Response to Armando Armendariz, Yvette Armendariz, and Hector Armendariz's Request for Dismissal of All Claims per Court Order of August 6, 2012 [Docket Nos. 44, 45, and

424573.1            Page 1

46], and in support thereof would show the Court the following:

## I. BACKGROUND

1. On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ (hereinafter collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. [Docket No. 1].

2. On or about July 6, 2012, Defendants filed a Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, For More Definite Statement. [Docket No. 9].

3. On or about August 6, 2012, the Court entered an Order Denying Motion to Dismiss and Requiring Answer and Report which provided in part:

> The Motion to Dismiss Under FRCP 12(b)(6) or in the Alternative, For More Definitive Statement (herein "Motion") (dkt no. 9) filed by Defendants is hereby denied; provided that prior to 45 days before the deadline for completion of fact discovery, Plaintiffs shall amend their Complaint to more specifically set forth the alleged transfers which are the subject of their counts for fraudulent transfers and postpetition transfers.

[Docket No. 14]

3. On or about September 7, 2012, this Court entered a Scheduling Order in which it ordered the following deadlines:

   a. September 30, 2012 for the filing of any counterclaims by Defendants;

   b. February 28, 2013 for the completion of all fact and expert discovery; and

c.  April 10, 2013 for Docket Call.

[Docket No. 20]. The Scheduling Order also provided that "any deadline may be extended or modified by order entered by the Court sua sponte or based on a motion filed by any party and a showing of good cause." [Docket No. 20].

5.  On or about October 8, 2012, Defendants Armando Armendariz and Yvette Armendariz filed an Amended Motion for Leave to File Late Filed Counterclaim [Docket No. 23] which the Court granted. [Docket No. 27].

4.  On or about October 19, 2012, the Chowaiki Parties served Requests for Production, Interrogatories, and Requests for Admissions on each of the Defendants.[1]

5.  On October 29, 2012, Armando Armendariz and Yvette Armendariz filed a Counterclaim against the Chowaiki Parties and Hilel Chowaiki. [Docket No. 29].

6.  On or about November 12, 2012, the Chowaiki Parties filed a Partial Motion to Dismiss the Armendariz Parties' Counterclaim (hereinafter the "Motion to Dismiss") in which they argued that all of the Armendariz Parties' causes of action, with the exception of Yvette Armendariz's claim for breach of contract, must be dismissed for failure to state a claim upon which relief can be granted. [Docket No. 31]. Hearing on the Chowaiki Parties' Partial Motion to Dismiss is currently set for February 13, 2013. [Docket No. 40].

7.  On or about November 19, 2012, each of the Defendants served responses to Plaintiffs' Interrogatories and Requests for Production. As set forth more fully in the Chowaiki Parties' Motions to Compel and for Sanctions, Armando Armendariz, Yvette Armendariz and Hector

---

[1] Copies of these Interrogatories and Requests, as well as each of the Defendants' responses are attached to the Motions to Compel and for Sanctions referenced below. [Docket Nos. 47, 48, and 49].

      Armendariz provided only objections and evasive answers to most of the Chowaiki Parties' Interrogatories. Moreover, Armando Armendariz, Yvette Armendariz and Hector Armendariz objected and refused to produce documents in response to almost all of the Chowaiki Parties' Requests for Production. [Docket Nos. 47, 48, and 49]. Defendants have not produced a single document to Plaintiffs in discovery.

8. On or about January 21, 2013, the Defendants filed three identical motions requesting dismissal of all claims against them for Plaintiffs' failure to comply with the August 6, 2012 Order Denying Motion to Dismiss and Requiring Answer and report. [Docket Nos. 44, 45, and 46]. Specifically, Defendants asked the Court to dismiss all of the Chowaiki Parties' claims against them because the Chowaiki Parties had failed to amend their Complaint within the deadline set by the Court's August 6, 2012 Order. [Docket Nos. 44, 45, and 46].

9. On or about January 22, 2013, the Chowaiki Parties filed their Motions to Compel and for Sanctions against each of the Defendants. [Docket Nos. 47, 48, and 49].

10. On that same day, the Court entered an Order Setting Response Deadline and Hearing on Defendants' Requests for Dismissal of All Claims which allowed the Chowaiki Parties to file one Response to all three Requests for Dismissal filed by the Defendants by February 5, 2013. [Docket No. 50].

11. On or about January 30, 2013 the Chowaiki Parties filed a Motion to Extend Deadlines [Docket No. 54] to extend the discovery deadlines and all related trial deadlines for at least 90 days.

## II. ARGUMENT & AUTHORITIES

12. The Chowaiki Parties ask the Court to deny the Defendants' requests to dismiss all of their

claims for failure to amend their Complaint by the deadline set forth in the August 6, 2012 Order. Dismissal is improper in this case because the Chowaiki Parties' delay in amending their pleadings is a direct result of the Defendants' refusal to meaningfully participate in discovery.

13. The August 6, 2012 Order required the Chowaiki Parties to amend their Complaint to more specifically set forth the transfers which are the subject of their avoidance claims for fraudulent and postpetition transfers. The deadline for doing so was 45 days before the end of the discovery period and was clearly premised on the Defendants participating in discovery. The Defendants embezzled hundreds of thousands of dollars from the Chowaiki Parties over a series of years using various schemes, the full extent of which can only be determined by reviewing Defendants' financial records.

14. As set forth above, the Defendants have refused to participate meaningfully in discovery. Defendants have lodged numerous improper objections, withheld all documents from production based on the assertion that a confidentiality agreement is needed (even though no such privilege was asserted), and responded evasively to all interrogatories. [Docket Nos. 47, 48, and 49]. Despite their efforts to resolve the discovery disputes without this Court's intervention, the Chowaiki Parties have been forced to file Motions to Compel for each of the Defendants and have filed a motion seeking to extend the discovery deadline. Defendants should not be rewarded for abusing the discovery process by obtaining dismissal of all of the Chowaiki Parties' claims against them.

15. Regardless, even if the Defendants had properly participated in discovery, the Chowaiki Parties' failure to amend their complaint to more specifically allege the transfers which form

the basis of the fraudulent and post-petition transfer claims cannot be the basis for the dismissal of all of their claims. The Chowaiki Parties pled causes of action for avoidance of fraudulent transfer, avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective relations, conspiracy and declaratory judgment. The August 6, 2012 Order only refers to the Chowaiki Parties' claims for fraudulent and post-petition transfer claims. There is no basis for requesting, much less granting, the dismissal of the claims that are unrelated to the Court's order.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs and Counter-Defendants DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI, pray that this Court deny each of the Requests for Dismissal of All Claims per Court Order of August 6, 2012 filed by Armando Armendariz, Yvette Armendariz, and Hector Armendariz [Docket Nos. 44, 45, and 46], and grant them such other and further relief to which they may be entitled.

    Respectfully submitted,

    JAMES & HAUGLAND, P.C.
    P.O. Box 1770
    El Paso, Texas 79949-1770
    Phone: 915-532-3911
    FAX: (915) 541-6440

By: _____
    Corey W. Haugland
    State Bar No. 09234200
    Jamie T. Wall
    State Bar No. 24028200
    Attorneys for Plaintiffs/Counter-Defendants

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 4th day of February, 2013, I electronically filed the foregoing Plaintiffs' Response to Armando Armendariz, Yvette Armendariz, and Hector Armendariz's Request for Dismissal of All Claims per Court Order of August 6, 2012 with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

Corey W. Haugland