IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>DHC REALTY, LLC,<br><br>    Debtor, | § § § § § § § | Case No.: 11-30977-hcm |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI<br><br>    Plaintiffs,<br><br>v.<br><br>ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ,<br><br>    Defendants. | § § § § § § § § § § § § § § § § | Adversary No.: 12-03012-hcm |
| ARMANDO ARMENDARIZ and YVETTE ARMENDARIZ<br><br>    Counterclaimants<br><br>v.<br><br>DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, DAVID CHOWAIKI, and HILEL CHOWAIKI<br><br>    Counterdefendants | § § § § § § § § § § § § § § § § § | |

Response to Plaintiffs' Motion to Compel and for Sanctions Against Armando Armendariz

Page 1

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST ARMANDO ARMENDARIZ

TO THE HONORABLE COURT:

Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, file the following Response to Plaintiffs' Motion to Compel and for Sanctions against Armando Armendariz ("Motion" or "Motion to Compel"), and in support of thereof show:

### INTRODUCTION

1. Plaintiffs have filed a Motion to Compel against Defendant Armando Armendariz ("Mr. Armendariz") claiming among other things, insufficient responses and invalid objections. Defendants will attempt to address each of the issues raised by Plaintiffs. A careful reading of the discovery responses shows Mr. Armendariz has agreed to produce the documents Plaintiffs have requested.

2. Defendants corresponded with Plaintiffs regarding the exchange of discovery. Each of these letters are attached hereto as Exhibits 1, 2, and 3. The first letter of November 14, 2012 was in response to a telephone call from counsel for Plaintiffs requesting clarification on some of Defendants' discovery requests. Defendants responded in good faith by providing the requested information, along with some sample documentation for illustration purposes. Additionally, in the same letter of November 14th, Defendants suggested a mutual confidentiality agreement to protect the interests of both Plaintiffs and Defendants. No response was given as to the proposed confidentiality agreement, and a second letter on November 26, 2012 was sent to Plaintiffs not only to request a response as to the confidentiality agreement, but to provide Plaintiffs with the signed verification pages and attachment which were

inadvertently not included with Defendants' initial responses to discovery. A third letter was sent on January 17, 2013. This letter attempted to illicit clarification and supplemental responses to Plaintiffs responses to Defendants' discovery requests, as well as to ask, yet again, about a confidentiality agreement. Again, no response was ever made to Defendants' inquiry as to a confidentiality agreement.

3. The only thing preventing Plaintiffs from receiving Defendants' document production is an agreed confidentiality agreement. Mr. Armendariz only wishes to protect his personal information that Plaintiffs have requested. Mr. Armendariz has agreed to produce for inspection and copying all other documentation Plaintiffs have requested relating to the operations of their restaurants in his possession. Mr. Armendariz has only sought to limit Plaintiffs requests to the scope of the lawsuit, which relates to Mr. Armendariz's alleged conduct while employed by Plaintiffs.

4. Defendants have sought to resolve the discovery issues in good faith. Defendants believe Plaintiffs' Motion to Compel is without merit.

## RESPONSE

**Responses to Interrogatories 3-9**

5. Plaintiffs object to Mr. Armendariz's responses to Plaintiffs' Interrogatories 3 through 9. Plaintiffs incorrectly state that "Armando has the burden of establishing each affirmative defense he has plead and must put forward evidence to prove each affirmative defense he has asserted" (see Motion, ¶ 10), in response to these interrogatories. Affirmative defenses are neither required to be established nor proven in a discovery context. Plaintiffs have summarized the information requested in their Interrogatories 3 through 9 (see Motion ¶ 9), however, this summary is inadequate.

Interrogatories 3 through 9 request the same information regarding each of Defendants' affirmative defenses. Interrogatory 3 states as follows:

> If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

A complete reading of this interrogatory alone shows the legitimacy of Defendants' objections. Defendants have provided a brief summary of what they intend to demonstrate to Plaintiffs to support their affirmative defenses. However, requesting that Defendants identify all documents that they intend to use to support their defenses not only impinges upon attorney work product privilege, but further, requesting that they also provide the title, date, author, custodian, and a summarization of the contents of each document which they intend to use to support their affirmative defenses is overly burdensome. Further, the Interrogatory uses the overly broad term "all" when referring to facts, evidence, and documents that it requests defendants set forth. Plaintiffs have contested that the responses to their Interrogatories 3 through 9 do not sufficiently address each affirmative defense. In summary, Defendants will agree to more specifically summarize what they intend to show to support their affirmative defenses.

**Defendants' General Objection**

6. Plaintiffs have objected to the general objection Defendants have made to each of Plaintiffs' Requests for Production (see Motion, ¶ 17). Defendants have objected that Plaintiffs have requested documents after Mr. Armendariz was terminated as an employee of Fuddruckers on the basis that such documents after his termination are irrelevant and outside the scope of permissible discovery.

---

7. Plaintiffs' allegations against Mr. Armendariz are based on the alleged conduct of Mr. Armendariz while he was employed by Plaintiffs. Defendants have agreed to produce his private financial information as requested by Plaintiffs during the time period of his employment. Requests for documentation, specifically, Defendants Mr. and Mrs. Armendariz's personal financial information, after Mr. Armendariz ceased being an employee of Plaintiffs are irrelevant given all the allegations of conduct while Mr. Armendariz was an employee.

8. Plaintiffs have not provided an argument as to why Defendants should disclose such personal, private financial information after termination.

9. Plaintiffs have alleged that Mr. Armendariz was "usurping catering opportunities" (see Motion, ¶ 20) from Plaintiffs while he was their employee. Mr. Armendariz has responded to Plaintiffs' request for production in this regard (Plaintiffs' Request for Production No. 30), by agreeing to produce any copies of emails or other documents showing communications with catering customers of Plaintiffs while Mr. Armendariz.

10. Plaintiffs' allegations pertain to alleged conduct while Mr. Armendariz was employed by Plaintiffs. Plaintiffs attempt to argue that the damages stemming from this alleged conduct continued after Mr. Armendariz was terminated and therefore, they are entitled to the documentation they have requested including documentation after Mr. Armendariz was no longer their employee. This argument is without merit. Documents relating to communications with individuals or Mr. Armendariz's attempts to make a living for himself after he was wrongfully terminated are extremely prejudicial to Mr. Armendariz and have no probative value in ascertaining the alleged post-petition transfers mentioned by Plaintiffs. Some of this documentation would also violate

attorney-client privileges as stated in Defendants responses. Restricting the time period of Plaintiffs' requests for production to the period of Mr. Armendariz's employment would protect Mr. Armendariz from such undue prejudice. Any documentation after Mr. Armendariz's termination is furthermore irrelevant given Plaintiffs allegations in their Complaint.

**Paragraphs 21-23 of Plaintiffs' Motion**

11.  In paragraphs 21 through 23 of their Motion, Plaintiffs state that they have requested various documents relating to Mr. Armendariz's finances during and after his employment. So as to not burden the Court by going in detail through each of the 19 interrogatories that Plaintiffs mention in Paragraph 21, Defendants will briefly summarize the facts. Defendants have made certain objections to each of these requests for production. Nevertheless, without waiving these objections, Defendants have responded by either: a.) agreeing to produce Mr. Armendariz's personal financial records, or other personal records subject to a signed confidentiality agreement, b.) stating that Mr. Armendariz simply has no documents that were requested (i.e. stock certificates), or c.) that there are no documents for the time period that Mr. Armendariz was employed by Plaintiffs. Plaintiffs have shown no interest in agreeing to such a reasonable confidentiality agreement. Plaintiffs could have had an opportunity to examine Mr. Armendariz's personal financial information for months now if they had simply agreed to a confidentiality agreement.

12.  Paragraph 23 of Plaintiffs' Motion addresses the issue of Plaintiffs' Request for Production No. 7 which asked for certain documents relating to real property. Mr. Armendariz's responded that he did not have these documents in his possession.

Defendants are unsure as to why there is a dispute over their objections made when a such a response was given. Nevertheless, as set forth below, Plaintiffs have brought to Defendants' attention that documents related to Mr. Armendariz's real property may exist. Mr. Armendariz will amend his response to this request for production, as there may be such documentation that Mr. Armendariz may be able to request from third parties, such as the lending institution for his real property loans, that Mr. Armendariz, in good faith, was not previously aware were within the confines of Plaintiffs' request.

**Requests for Production 18-21, 23-26, 29 and 33**

13. Plaintiffs take umbrage to Defendants objections to Plaintiffs' Requests for Production 18 through 21, 23 through 26, 29 and 33. For Requests for Production 18 through 21, and 24, Mr. Armendariz has agreed to produce any documentation he has responsive to these requests, notwithstanding any objections he has made, subject to a confidentiality agreement.

14. For Plaintiffs Requests for Production 23, 25, and 26 Plaintiffs requested documents, such as quarterly sales tax reports, which Mr. Armendariz simply does not have. Therefore, although objections were made, the response to each was "there is none".

15. For Plaintiffs' Request for Production No. 29 and 33, notwithstanding any objections made, Defendants have agreed to produce whatever documents they have responsive to these requests.

**Requests for Production 28, 30-32, 34-38, and 40-42**

16. Plaintiffs' Request for Production No. 28 requests documents related to the catering business of Plaintiffs' restaurants. Defendants objected on numerous grounds,

including that it was vague as it did not set forth more clearly what documents they were referring to, and that the requested documents are equally available to Plaintiffs. Notwithstanding these objections, Defendants agreed to produce any documents in their possession responsive to this request both in electronic and print form.

17. Defendants have responded similarly to Nos. 30 through 32. Defendants have agreed to produce any documents they have in their possession.

18. Mr. Armendariz has responded that there are no documents in his possession responsive to No. 34.

19. In spite of the overly broad request for "all records of food purchases made by you since January 1, 2009", Mr. Armendariz has agreed to produce the records of his food purchases in response to No. 35.

20. In response to Nos. 36 and 37 requesting records related to the Fuddruckers business, Mr. Armendariz has agreed to produce all records in his possession, and in response to No. 38, Mr. Armendariz has stated that there are no records in his possession responsive to the request.

21. Similarly, Nos. 40 and 41 request documents relating to the Fuddruckers business, and Mr. Armendariz has stated in response to No. 40 that he has no documents responsive to the request, and in response to No. 41, documents responsive to the request will be produced. Request No. 42 asks for cellular phone records for Mr. Armendariz's entire family. In spite of this invasive request, Mr. Armendariz has stated that he will make these documents available for inspection. This is again another basis for a confidentiality agreement.

**Confidentiality Agreement**

22. Many of Plaintiffs' Requests for Production have requested Mr. Armendariz's personal information, including banking records, insurance policies, telephone records, etc. Mr. Armendariz has agreed to produce all of this information, for the time period he was employed by Plaintiffs, subject to a confidentiality agreement. Plaintiffs' contend that requesting a confidentiality agreement to protect Mr. Armendariz's personal information is an "arbitrary condition" and "an invalid attempt to evade discovery" (Motion, ¶ 33). Mr. Armendariz is entitled to the protection of his personal information.

**Request for Production No. 7**

23. Mr. Armendariz has stated that there are no documents in his possession that are responsive to Plaintiffs' Request for Production No. 7, requesting documentation related to real property. Plaintiffs accuse Mr. Armendariz of providing false information in response to this discovery request. Mr. Armendariz has responded to this request in good faith. Nevertheless, as set forth above, Plaintiffs have pointed out that documentation related to this request may in fact exist, even should it not be in Mr. Armendariz's actual possession. As stated, Mr. Armendariz will amend his response to include such documentation.

## CONCLUSION

24. Mr. Armendariz will agree to more specifically set forth the factual basis for his affirmative defenses as requested in the Interrogatories mentioned in Plaintiffs' Motion. As for Plaintiffs' Requests for Production, there is not a single request for which Mr. Armendariz has stated he is not willing to produce documentation which he has in his possession. The only exception is Mr. Armendariz's contention that Plaintiffs are not entitled to

documentation outside the scope of this lawsuit, that is, documentation pertaining to the time period when Mr. Armendariz was no longer employed by Plaintiffs.

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion be denied, and that Defendants be granted any further relief to which they may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

/s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

/s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I, Christopher R. Johnston, do hereby certify that on February 5, 2013, a true and correct copy of the foregoing Response to Plaintiffs' Motion to Compel and for Sanctions Against Armando Armendariz, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

**THE DEBTOR:**
DHC Realty, LLC
301 Williams
El Paso, TX 79901

**THE DEBTOR'S ATTORNEY:**
Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770

/s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON