# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| In Re: § § § DHC REALTY, LLC, § § Debtor, § § ──────────────────────── § § DHC REALTY, LLC, CHOWAIKI § HOLDINGS, LLC, EL PASO DHC § ENTERPRISES, LLC, EL PASO DHC § ENTERPRISES FAR EAST, LLC, § EL PASO DHC ENTERPRISES § WEST, LLC, and DAVID CHOWAIKI § § Plaintiffs, § § v. § § ARMANDO ARMENDARIZ, § YVETTE ARMENDARIZ, and § HECTOR ARMENDARIZ, § § Defendants. § ──────────────────────── § § ARMANDO ARMENDARIZ and § YVETTE ARMENDARIZ § § Counterclaimants § § v. § § DHC REALTY, LLC, CHOWAIKI § HOLDINGS, LLC, EL PASO DHC § ENTERPRISES, LLC, EL PASO DHC § ENTERPRISES FAR EAST, LLC, § EL PASO DHC ENTERPRISES § WEST, LLC, DAVID CHOWAIKI, and § HILEL CHOWAIKI § § Counterdefendants § | | Case No.: 11-30977-hcm


Adversary No.: 12-03012-hcm |

Response to Plaintiffs' Motion to Compel and for Sanctions Against Yvette Armendariz

Page 1

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST YVETTE ARMENDARIZ

TO THE HONORABLE COURT:

Defendants Yvette Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, file the following Response to Plaintiffs' Motion to Compel and for Sanctions against Yvette Armendariz ("Motion" or "Motion to Compel"), and in support of thereof show:

### INTRODUCTION

1. Plaintiffs have filed a Motion to Compel against Defendant Yvette Armendariz ("Mrs. Armendariz") claiming among other things, insufficient responses and invalid objections. Defendants will attempt to address each of the issues raised by Plaintiffs. A careful reading of the discovery responses shows Mrs. Armendariz has agreed to produce the documents Plaintiffs have requested.

2. Defendants corresponded with Plaintiffs regarding the exchange of discovery. Each of these letters are attached hereto as Exhibits 1, 2, and 3. The first letter of November 14, 2012 was in response to a telephone call from counsel for Plaintiffs requesting clarification on some of Defendants' discovery requests. Defendants responded in good faith by providing the requested information, along with some sample documentation for illustration purposes. Additionally, in the same letter of November 14th, Defendants suggested a mutual confidentiality agreement to protect the interests of both Plaintiffs and Defendants. No response was given as to the proposed confidentiality agreement, and a second letter on November 26, 2012 was sent to Plaintiffs not only to request a response as to the confidentiality agreement, but to provide Plaintiffs with the signed verification pages and attachment which were

---

Response to Plaintiffs' Motion to Compel and for Sanctions Against Yvette Armendariz

inadvertently not included with Defendants' initial responses to discovery. A third letter was sent on January 17, 2013. This letter attempted to illicit clarification and supplemental responses to Plaintiffs responses to Defendants' discovery requests, as well as to ask, yet again, about a confidentiality agreement. Again, no response was ever made to Defendants' inquiry as to a confidentiality agreement.

3. The only thing preventing Plaintiffs from receiving Defendants' document production is an agreed confidentiality agreement. Mrs. Armendariz only wishes to protect her personal and family information that Plaintiffs have requested. Mrs. Armendariz has agreed to produce for inspection and copying all other documentation Plaintiffs have requested relating to the operations of their restaurants in her possession. Mrs. Armendariz has only sought to limit Plaintiffs requests to the scope of the lawsuit, which relates to Mrs. Armendariz's alleged conduct while employed by Plaintiffs.

4. Defendants have sought to resolve the discovery issues in good faith. Defendants believe Plaintiffs' Motion to Compel is without merit.

## RESPONSE

**Responses to Interrogatories 3-9**

5. Plaintiffs object to Mrs. Armendariz's responses to Plaintiffs' Interrogatories 3 through 9. Plaintiffs incorrectly state that "Yvette has the burden of establishing each affirmative defense he has plead and must put forward evidence to prove each affirmative defense he has asserted" (see Motion, ¶ 10), in response to these interrogatories. Affirmative defenses are neither required to be established nor proven in a discovery context. Plaintiffs have summarized the information requested in their

Interrogatories 3 through 9 (see Motion ¶ 9), however, this summary is inadequate. Interrogatories 3 through 9 request the same information regarding each of Defendants' affirmative defenses. Interrogatory 3 states as follows:

> If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

A complete reading of this interrogatory shows the legitimacy of Defendants' objections. Defendants have provided a brief summary of what they intend to demonstrate to Plaintiffs to support their affirmative defenses. However, requesting that Defendants identify all documents that they intend to use to support their defenses not only impinges upon attorney work product privilege, but further, requesting that they also provide the title, date, author, custodian, and a summarization of the contents of each document which they intend to use to support their affirmative defenses is overly burdensome. Further, the Interrogatory uses the overly broad term "all" when referring to facts, evidence, and documents that it requests defendants set forth. Plaintiffs have contested that the responses to their Interrogatories 3 through 9 do not sufficiently address each affirmative defense. In summary, Defendants will agree to more specifically summarize what they intend to show to support their affirmative defenses.

**Defendants' General Objection**

6.     Plaintiffs have objected to the general objection Defendants have made to each of Plaintiffs' Requests for Production (see Motion, ¶ 17). Defendants have objected that Plaintiffs have requested documents after Mrs. Armendariz was terminated as an

employee of Fuddruckers on the basis that such documents after her termination are irrelevant and outside the scope of permissible discovery.

7. Plaintiffs' frivolous allegations against Mrs. Armendariz are based on the alleged conduct of Mrs. Armendariz while she was employed by Plaintiffs. Defendants have agreed to produce her private financial information as requested by Plaintiffs during the time period of her employment. Requests for documentation, specifically, Defendants Mr. and Mrs. Armendariz's personal financial information, after Mrs. Armendariz ceased being an employee of Plaintiffs is irrelevant given all the allegations of conduct while Mrs. Armendariz was an employee.

8. Plaintiffs have not provided an argument as to why Defendants should disclose such personal, private financial information after termination.

9. Mrs. Armendariz has responded to Plaintiffs' requests for production relating to the Fuddruckers restaurants by agreeing to produce any documentation in her possession, whether in electronic form or hard copies to Plaintiffs.

10. Plaintiffs' allegations pertain to alleged conduct while Mrs. Armendariz was employed by Plaintiffs. Plaintiffs attempt to argue that the damages stemming from this alleged conduct continued after Mrs. Armendariz was terminated and therefore, they are entitled to the documentation they have requested including documentation after Mrs. Armendariz was no longer their employee. This argument is without merit. Documents relating to communications with individuals or Mr. Armendariz's attempts to make a living for himself after he was wrongfully terminated are extremely prejudicial to Mrs. Armendariz and have no probative value in ascertaining the alleged post-petition transfers mentioned by Plaintiffs. Some of this documentation would also violate

attorney-client privileges as stated in Defendants responses. Restricting the time period of Plaintiffs' requests for production to the period of Mrs. Armendariz's employment would protect Mrs. Armendariz from such undue prejudice. Any documentation after Mrs. Armendariz's termination is furthermore irrelevant given Plaintiffs allegations in their Complaint.

**Paragraphs 21-23 of Plaintiffs' Motion**

11.   In paragraphs 20 through 22 of their Motion, Plaintiffs state that they have requested various documents relating to Mrs. Armendariz's finances during and after his employment. So as to not burden the Court by going in detail through each of the 19 interrogatories that Plaintiffs mention in Paragraph 20, Defendants will briefly summarize the facts. Defendants have made certain objections to each of these requests for production. Nevertheless, without waiving these objections, Defendants have responded by either: a.) agreeing to produce Mrs. Armendariz's personal financial records, or other personal records subject to a signed confidentiality agreement, b.) stating that Mrs. Armendariz simply has no documents that were requested (i.e. stock certificates), or c.) that there are no documents for the time period that Mrs. Armendariz was employed by Plaintiffs. Plaintiffs have shown no interest in agreeing to such a reasonable confidentiality agreement. Plaintiffs could have had an opportunity to examine Mrs. Armendariz's personal financial information for months now if they had simply agreed to a confidentiality agreement.

12.   Paragraph 22 of Plaintiffs' Motion addresses the issue of Plaintiffs' Request for Production No. 6 which asked for certain documents relating to real property. Mrs. Armendariz's responded that she did not have these documents in her possession.

Defendants are unsure as to why there is a dispute over the objections made when a such a response was given. Nevertheless, as set forth below, Plaintiffs have brought to Defendants' attention that documents related to Mrs. Armendariz's real property may exist. Mrs. Armendariz will amend her response to this request for production, as there may be such documentation that Mrs. Armendariz may be able to request from third parties, such as the lending institution for her real property loans, that Mr. Armendariz, in good faith, was not previously aware were within the confines of Plaintiffs' request.

**Requests for Production 17, 18, 22-25 and 27**

13. Plaintiffs take umbrage to Defendants objections to Plaintiffs' Requests for Production 17, 18, 22 through 25, and 27. For Requests for Production 17 and 23, Mrs. Armendariz has agreed to produce any documentation she has responsive to these requests, notwithstanding any objections she has made, and for No. 23, subject to a confidentiality agreement.

14. For Plaintiffs Requests for Production 18, 22, 24, 25, and 27 Plaintiffs Requested documents which Mrs. Armendariz simply does not have. Therefore, although objections were made, the response to each was "there is none".

**Requests for Production 20, 21, 26, and 28-32**

15. Request No. 20 asks for telephone records for Mrs. Armendariz's entire family. In spite of this invasive request, Mrs. Armendariz has stated that she will make these documents available for inspection. This is again another basis for a confidentiality agreement.

16. Mrs. Armendariz has responded to Request for Production Nos. 21, 26, 28, and 31 that she has no documents related to these requests.

17. In spite of the overly broad request for "all records of food purchases made by you since January 1, 2009", Mrs. Armendariz has agreed to produce the records of her food purchases in response to No. 29.

18. Request for Production No. 30 requests all documents related to the vending machines at the Fuddruckers restaurants and Mrs. Armendariz has agreed to make all of these records available for inspection and copying. Likewise, as to No. 32, Mrs. Armendariz has agreed to produce whatever documents she has responsive to the request.

**Confidentiality Agreement**

19. Many of Plaintiffs' Requests for Production have requested Mrs. Armendariz's personal information, including banking records, insurance policies, telephone records, etc. Mrs. Armendariz has agreed to produce all of this information, for the time period she was employed by Plaintiffs, subject to a confidentiality agreement. Plaintiffs' contend that requesting a confidentiality agreement to protect Mrs. Armendariz's personal information is an "arbitrary condition" and "an invalid attempt to evade discovery" (Motion, ¶ 33). Mrs. Armendariz is entitled to the protection of her personal information.

**Request for Production No. 6**

20. Mrs. Armendariz has stated that there are no documents in her possession responsive to Plaintiffs' Request for Production No. 6, requesting documentation related to real property. Plaintiffs accuse Mrs. Armendariz of providing false information in response to this discovery request. Mrs. Armendariz has responded to this request in good faith. Nevertheless, as set forth above, Plaintiffs have pointed out that

documentation related to this request may in fact exist, even should it not be in Mrs. Armendariz's actual possession. As stated, Mrs. Armendariz will amend her response to include such documentation.

## CONCLUSION

21. Mrs. Armendariz will agree to more specifically set forth the factual basis for her affirmative defenses as requested in the Interrogatories mentioned in Plaintiffs' Motion. As for Plaintiffs' Requests for Production, there is not a single request for which Mrs. Armendariz has stated she is not willing to produce documentation which she has in her possession. The only exception is Mrs. Armendariz's contention that Plaintiffs are not entitled to documentation outside the scope of this lawsuit, that is, documentation pertaining to the time period when Mrs. Armendariz was no longer employed by Plaintiffs.

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion be denied, and that Defendants be granted any further relief to which they may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax:   (915) 532-7503

  /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

/s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I, Christopher R. Johnston, do hereby certify that on February 5, 2013, a true and correct copy of the foregoing Response to Plaintiffs' Motion to Compel and for Sanctions Against Yvette Armendariz, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

**THE DEBTOR:**
DHC Realty, LLC
301 Williams
El Paso, TX 79901

**THE DEBTOR'S ATTORNEY:**
Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770

/s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON