IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| DHC REALTY, LLC, | § § | Case No.: 11-30977-hcm |
| Debtor, | § § § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI | § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No.: 12-03012-hcm |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § § | |
| Defendants. | § § § | |
| ARMANDO ARMENDARIZ and YVETTE ARMENDARIZ | § § § § | |
| Counterclaimants | § § | |
| v. | § § § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, DAVID CHOWAIKI, and HILEL CHOWAIKI | § § § § § § § § § | |
| Counterdefendants | § | |

Response to Plaintiffs' Motion to Compel and for Sanctions Against Hector Armendariz

Page 1

## RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST HECTOR ARMENDARIZ

TO THE HONORABLE COURT:

Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, file the following Response to Plaintiffs' Motion to Compel and for Sanctions against Hector Armendariz ("Motion" or "Motion to Compel"), and in support of thereof show:

### INTRODUCTION

1. Plaintiffs have filed a Motion to Compel against Defendant Hector Armendariz ("Hector Armendariz") claiming among other things, insufficient responses and invalid objections. Defendants will attempt to address each of the issues raised by Plaintiffs. A careful reading of the discovery responses shows Hector Armendariz has agreed to produce the documents Plaintiffs have requested, although he has only limited documentation.

2. Defendants corresponded with Plaintiffs regarding the exchange of discovery. Each of these letters are attached hereto as Exhibits 1, 2, and 3. The first letter of November 14, 2012 was in response to a telephone call from counsel for Plaintiffs requesting clarification on some of Defendants' discovery requests. Defendants responded in good faith by providing the requested information, along with some sample documentation for illustration purposes. Additionally, in the same letter of November 14th, Defendants suggested a mutual confidentiality agreement to protect the interests of both Plaintiffs and Defendants. No response was given as to the proposed confidentiality agreement, and a second letter on November 26, 2012 was sent to Plaintiffs not only to request a response as to the confidentiality agreement, but to

provide Plaintiffs with the signed verification pages and attachment which were inadvertently not included with Defendants' initial responses to discovery. A third letter was sent on January 17, 2013. This letter attempted to illicit clarification and supplemental responses to Plaintiffs responses to Defendants' discovery requests, as well as to ask, yet again, about a confidentiality agreement. Again, no response was ever made to Defendants' inquiry as to a confidentiality agreement.

3. The only thing preventing Plaintiffs from receiving Defendants' document production is an agreed confidentiality agreement. Hector Armendariz only wishes to protect his and his family's personal information that Plaintiffs have requested. Hector Armendariz has agreed to produce for inspection and copying all other documentation Plaintiffs have requested relating to the operations of their restaurants in his possession, which may in fact be none. Hector Armendariz has only sought to limit Plaintiffs requests to the scope of the lawsuit, which relates to his alleged conduct while employed by Plaintiffs, nevertheless, Hector Armendariz does not have much, if any, of the documentation requested, regardless of the time period.

4. Defendants have sought to resolve the discovery issues in good faith. Defendants believe Plaintiffs' Motion to Compel is without merit.

## RESPONSE

**Responses to Interrogatories 3-9**

5. Plaintiffs object to Hector Armendariz's responses to Plaintiffs' Interrogatories 3 through 9. Plaintiffs incorrectly state that "Hector has the burden of establishing each affirmative defense he has plead and must put forward evidence to prove each affirmative defense he has asserted" (see Motion, ¶ 10), in response to these

interrogatories. Affirmative defenses are neither required to be established nor proven in a discovery context. Plaintiffs have summarized the information requested in their Interrogatories 3 through 9 (see Motion ¶ 9), however, this summary is inadequate. Interrogatories 3 through 9 request the same information regarding each of Defendants' affirmative defenses. Interrogatory 3 states as follows:

> If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

A complete reading of this interrogatory alone shows the legitimacy of Defendants' objections. Defendants have provided a brief summary of what they intend to demonstrate to Plaintiffs to support their affirmative defenses. However, requesting that Defendants identify all documents that they intend to use to support their defenses not only impinges upon attorney work product privilege, but further, requesting that they also provide the title, date, author, custodian, and a summarization of the contents of each document which they intend to use to support their affirmative defenses is overly burdensome. Further, the Interrogatory uses the overly broad term "all" when referring to facts, evidence, and documents that it requests defendants set forth. Plaintiffs have contested that the responses to their Interrogatories 3 through 9 do not sufficiently address each affirmative defense. In summary, Defendants will agree to more specifically summarize what they intend to show to support their affirmative defenses.

**Defendants' General Objection**

6.     Plaintiffs have objected to the general objection Defendants have made to each of Plaintiffs' Requests for Production (see Motion, ¶ 17).  Defendants have objected that Plaintiffs have requested documents after Hector Armendariz's employment with Fuddruckers on the basis that such documents after his term of employment are irrelevant and outside the scope of permissible discovery.  Defendants will amend this objection as Hector Armendariz was not terminated by Plaintiffs, as stated, as were Defendants Armando and Yvette Armendariz, but quit.

7.     Plaintiffs' allegations against Hector Armendariz are based on his alleged conduct while he was employed by Plaintiffs.  Hector Armendariz has agreed to produce his private financial information in the form of tax records as requested by Plaintiffs during the time period of his employment.  Hector Armendariz has no other financial records as he has no bank accounts, stock certificates, etc.  Requests for documentation, specifically, Hector Armendariz's personal financial information, after he ceased being an employee of Plaintiffs is irrelevant given all the allegations of conduct while he was an employee.

8.     Plaintiffs have not provided an argument as to why Defendants should disclose such personal, private financial information after the term of employment.

9.     Hector Armendariz has responded to Plaintiffs' requests for production relating to the Fuddruckers restaurants by agreeing to produce the only documentation he may have in his possession, in response to Request for Production No. 33 relating to communications with vendors, etc.  Hector Armendariz has no other documentation in

his possession relating to Fuddruckers requested by Plaintiffs, and has stated as such in his responses.

10. Plaintiffs' allegations pertain to alleged conduct while Hector Armendariz was employed by Plaintiffs. Plaintiffs attempt to argue that the damages stemming from this alleged conduct continued after Hector Armendariz was no longer employed and therefore, they are entitled to the documentation they have requested including documentation after Hector Armendariz was no longer their employee. Restricting the time period of Plaintiffs' requests for production to the period of Hector Armendariz's employment would protect him from such undue prejudice. Any documentation after Hector Armendariz's employment with Plaintiffs is furthermore irrelevant given Plaintiffs' allegations in their Complaint.

**Paragraphs 21-23 of Plaintiffs' Motion**

11. In paragraphs 21 through 23 of their Motion, Plaintiffs state that they have requested various documents relating to Hector Armendariz's finances during and after his employment. Hector Armendariz has responded that he has no such documents that Plaintiffs have requested. Hector Armendariz has no bank accounts of any kind, no credit cards, no stock certificates, etc. The only documents Hector Armendariz has responsive to these 18 requests are his income tax returns which he has agreed to produce subject to a confidentiality agreement.

12. Plaintiffs have shown no interest in agreeing to such a reasonable confidentiality agreement. Plaintiffs could have had an opportunity to examine Hector Armendariz's tax returns for months now if they simply had agreed to a confidentiality agreement.

13.	Paragraph 22 of Plaintiffs' Motion addresses the issue of Plaintiffs' Request for Production No. 7 which asked for certain documents relating to real property. Hector Armendariz responded that he will produce whatever documents he may have in this regard subject to a confidentiality agreement. Defendants are unsure as to why there is a dispute when a such a response was given.

**Requests for Production 18-21, 23-26, 30 and 34**

14.	Plaintiffs take umbrage to Defendants objections to Plaintiffs' Requests for Production 18 through 21, 23 through 26, 30 and 34. For Requests for Production, 18, 19, 20, 23, 25, 26, 30 and 34, Hector Armendariz has no documents responsive to these requests. As for Requests Nos. 21 and 24, Hector Armendariz has agreed to produce any documentation he may have responsive to these requests, notwithstanding any objections she has made, subject to a confidentiality agreement.

**Requests for Production 27, 29, 31-33, 35-39, 41, and 42**

15.	Request No. 27 asks for telephone records for Hector Armendariz's entire family. In spite of this invasive request, Hector Armendariz has stated that he will make these documents available for inspection, should he have any in his possession. This is again another basis for a confidentiality agreement.

16.	Hector Armendariz has responded to Request for Production Nos. 29, 31, 32, 35, 37, 38, 39, 41, and 42 that he has no documents related to these requests.

17.	In spite of the overly broad request for "all records of food purchases made by you since January 1, 2009", Hector Armendariz has agreed to produce the records of his food purchases in response to No. 36 should there be any.

18. Request for Production No. 33 requests all documents related to certain communications relating to the business of Fuddruckers restaurants and Hector Armendariz has agreed to make any records he may have in his possession subject to a confidentiality agreement.

**Confidentiality Agreement**

19. Many of Plaintiffs' Requests for Production have requested Hector Armendariz's personal information, including income tax records insurance policies, telephone records, etc. Hector Armendariz has agreed to produce all of this information, for the time period he was employed by Plaintiffs, subject to a confidentiality agreement. Plaintiffs' contend that requesting a confidentiality agreement to protect Hector Armendariz personal information is an "arbitrary condition" and "an invalid attempt to evade discovery" (Motion, ¶ 33). Hector Armendariz is entitled to the protection of his personal information.

## **CONCLUSION**

20. Hector Armendariz will agree to more specifically set forth the factual basis for his affirmative defenses as requested in the Interrogatories mentioned in Plaintiffs' Motion. As for Plaintiffs' Requests for Production, there is not a single request for which Hector Armendariz has stated he is not willing to produce documentation which he has in his possession. The only exception is Hector Armendariz's contention that Plaintiffs are not entitled to documentation outside the scope of this lawsuit, that is, documentation pertaining to the time period when Hector Armendariz was no longer employed by Plaintiffs.

WHEREFORE, Defendants respectfully request that Plaintiffs' Motion be denied, and that Defendants be granted any further relief to which they may be justly entitled.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax:     (915) 532-7503

  /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200


**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax:     (915) 532-3355

   /s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I, Christopher R. Johnston, do hereby certify that on February 5, 2013, a true and correct copy of the foregoing Response to Plaintiffs' Motion to Compel and for Sanctions Against Hector Armendariz, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

| **THE DEBTOR:** | **THE DEBTOR'S ATTORNEY:** |
|---|---|
| DHC Realty, LLC | Corey W. Haugland |
| 301 Williams | P.O. Box 1770 |
| El Paso, TX 79901 | El Paso, TX 79949-1770 |

  /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON