# Exhibit 3

# FIRTH♦JOHNSTON♦MARTINEZ

### A PROFESSIONAL LEGAL CORPORATION

415 NORTH MESA, THIRD FLOOR
EL PASO, TEXAS 79901
(915) 532-7500
FACSIMILE (915) 532-7503

**VICTOR M. FIRTH**
Member: Texas and Oklahoma Bars

**CHRISTOPHER R. JOHNSTON†**
Member: Texas and New Mexico Bars

**ANTONIO MARTINEZ, JR.**
Member: Texas Bar

**EDWARD DEV. BUNN, JR.**
Member: Texas and New Mexico Bars

**J. CRAWFORD KERR**
Member: Texas Bar
*Of Counsel*

**CRAWFORD S. KERR, JR.**
Member: Texas Bar

† Board Certified – Texas Board of Legal Specialization
Civil Trial Law and Personal Injury Trial Law

January 17, 2013

**Via Facsimile (915) 541-6440 &**
**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Mr. Corey W. Haugland
James & Haugland, P.C.
609 Montana
El Paso, TX 79902

> Re: *DHC Realty, Inc., Debtor; Case No. 11-30977-hcm; DHC Realty, LLC, Chowaiki Holdings, LLC, et al v. Armando Armendariz, et al.; Adversary No 12-03012-hcm; In the United States Bankruptcy Court for the Western District of Texas, El Paso Division*

Dear Mr. Haugland:

This letter concerns Plaintiffs' Responses to Defendants' Requests for Production and Interrogatories served on November 19, 2012 in the above matter. In response to many of Defendants' Requests for Production, Plaintiffs' have stated that documents will be made available for inspection and copying. I would like to arrange for a time to inspect these documents. Please let me know which days over the next two weeks of when I will be able to conduct such an inspection.

Additionally, many responses to Defendants' Requests for Production state the following: "No items have been identified – after a diligent search – that are responsive to the request." Please confirm, in writing, for each such response, that no such documents exist. In some cases, where it has been stated that there are no documents, it was later reported by your expert Douglas A. Little, that he reviewed those documents in preparation of his report. This is disconcerting. For example, in

C. Haugland
January 17, 2013
Page 2

response to Requests for Production Nos. 25 and 26, it was stated that the previous POS systems were removed from the various restaurants at different times in 2010 resulting in the loss of any POS data prior to that time. Nevertheless, Mr. Little clearly states that he reviewed the POS data from 2008 all the way through 2012. Likewise, in response to Request for Production No. 27, which requested the Profit and Loss Statements for each of the Fuddruckers Restaurants, it was stated that there were no such documents. This response is particularly questionable given the fact that the 2011 Profit and Loss Statement was produced to the bankruptcy court in Plaintiff and Debtor DHC Realty, LLC's Second Amended Disclosure Statement. Further, Mr. Little also states that he reviewed such statements from 2008 through 2012 in preparation of his report. I again request that you supplement your responses and immediately produce the POS documentation and Profit and Loss Statements requested. Likewise, if any other such documents are available, I again request that those be produced as well. Otherwise, as stated, please confirm in writing that no such documents exist.

Further, I would also request that you supplement your responses and produce any and all documentation relied upon by your designated experts Mr. Little and Mr. Gluck, as requested in Defendants' Requests for Production, including the "[s]elected information provided by David & Hilel Chowaiki" referred to in Mr. Little's report.

Request for Production No. 15 requests in part "Payroll Checks with stubs for every El Paso Fuddruckers Employee..." and "Manager Payroll Reports and Paychecks with Stubs...". Plaintiffs have objected that these documents "are protected by third parties' right to privacy." As mentioned in my letter of November 14, 2012 and my subsequent letter of November 26th, I have proposed a mutual confidentiality agreement which would ensure the concerned individuals' privacy in these matters. To date I have not received any response from you regarding a confidentiality agreement.

Plaintiffs have objected to Request for Production No. 39, requesting tax returns for Spira, Basic Sports Apparel, and "any other entity owned by the Chowaikis" which would include entities owned by David Chowaiki. Objections were made that the documents were requested from non-parties. While it may be true that Spira, Basic Sports Apparel, and the other entities are not named Plaintiffs in this lawsuit, they are, nevertheless, entities owned, at least in part, by named Plaintiff, David Chowaiki, making the requested tax returns discoverable. The request for production was also not a request for records from a non-party as stated in the objections. The request for production sought records from Plaintiff David Chowaiki, who is a named party.

Requests for Production Nos. 44, 49, and 50 each request copies of emails, recordings, payments made, reports or notes regarding Leon Ernie Gluck. Mr. Gluck has been designated an expert by Plaintiffs. Many of his alleged findings attempt to substantiate the claims brought forward by Plaintiffs, and contain many allegations regarding the Defendants, including observations made, etc. Without question, any of the documentation requested in Nos. 44, 49, and 50 is relevant and discoverable, and must be produced.

Request for Production No. 48 requests "weekly catering purchase order outstanding records...". Plaintiffs have objected that this request is vague, ambiguous,

C. Haugland
January 17, 2013
Page 3

etc.  The terminology used in this Request is the terminology used on a day-to-day basis in the operations of the Fuddruckers Restaurants, and is therefore terminology with which Plaintiff David Chowaiki would be readily familiar.  Plaintiffs have further objected claiming privilege as to current outstanding records, stating that the documents are proprietary and constitute trade secrets.  Plaintiffs have made certain allegations with respect to the catering side of the Fuddruckers operations, including loss of profits, making such documentation likewise relevant and therefore discoverable.

Plaintiffs have objected to Request for Production No. 51 subsections b, c, d, and e, stating that "contacts [sic] entered into subsequent to Armando Armendariz' termination...are privileged as proprietary, constituting trade secrets and otherwise protected as property rights".  Similarly, Plaintiffs have responded to Request for Production No. 53 by objecting to the production of the 2012 Amigo Airsho contract citing privilege.  It would clearly prejudice Defendants to only have access to contracts requested before Mr. Armendariz' termination, as it would prevent Defendants from preparing an adequate defense.  Plaintiffs are not free to simply withhold such documents in this manner under a pretense of privilege.

In reference to Plaintiffs' Responses to Defendants' Interrogatories, Plaintiffs object throughout that Defendants have not complied with the scheduling order and submitted more than 25 interrogatories is without merit.  The exact wording of the objections is "[r]equiring Plaintiffs to answer this Interrogatory will result in more than twenty five responses...".  The total number of interrogatories served on Plaintiffs is 15.  The maximum allowed per the court order is 25.  Please supplement your responses by withdrawing these objections and completely responding to each interrogatory which was either not responded to or partially responded to because of this objection.

Lastly, Interrogatory No. 11 requests that Plaintiffs "[d]escribe in detail the factual and legal basis for each allegation...".  No attempt was made to respond to this interrogatory, but only objections, including the one stated in the previous paragraph and secondary objections that it is overly broad, etc.  Please supplement your response by withdrawing your objections and/or providing a response to this interrogatory.

Please give me a call should you have any questions.

Very truly yours,

FIRTH◆JOHNSTON◆MARTINEZ

Christopher R. Johnston

CRJ:mz

cc:    Client
       Mr. Sidney J. Diamond – Via email

DER: *COMPLETE THIS SECTION*

mplete items 1, 2, and 3. Also complete
m 4 if Restricted Delivery is desired.
int your name and address on the reverse
that we can return the card to you.
tach this card to the back of the mailpiece,
on the front if space permits.

icle Addressed to:

Corey W. Haugland
les & Haugland, P.C.
Montana
'aso, Texas  79902

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

icle Number
ansfer from ser          7011 2000 0000 8026 3349

orm 3811, February 2004        Domestic Return Receipt          102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
|---|---|---|
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Pc | Mr. Corey W. Haugland | |

Sent To  James & Haugland, P.C.
Street, Ap or PO Bo>  609 Montana
City, State  El Paso, Texas  79902

PS Form 3800, August 2006          See Reverse for Instructions

# FIRTH♦JOHNSTON♦MARTINEZ

A PROFESSIONAL LEGAL CORPORATION

**415 NORTH MESA, THIRD FLOOR
EL PASO, TEXAS 79901**

**TELEPHONE (915) 532-7500
FACSIMILE (915) 532-7503**

**4 Pages** (including this sheet)

**January 17, 2013**

**TO:**     Mr. Corey W. Haugland          **FAX NO.:** (915) 541-6440
            James & Haugland, P.C.

**FROM:**   Christopher R. Johnston, Esq./M. Woods

**REPLY TO PHONE NO. (915) 532-7500 OR FAX NO. (915) 532-7503**

Re:   *DHC Realty, Inc., Debtor; Case No. 11-30977-hcm; DHC Realty, LLC, Chowaiki Holdings, LLC, et al v. Armando Armendariz, et al.; Adversary No 12-03012-hcm;* In the United States Bankruptcy Court for the Western District of Texas, El Paso Division

**MESSAGE:**   See attached correspondence in the above matter.

Thank you.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.   IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
*************************************************************************************
X                       TRANSACTION REPORT                                        X
X                                                                                  X
X                                              JAN-17-2013 THU 03:43 PM            X
X                                                                                  X
X       FOR:  Firth*Johnston*Martinez      915 532 7503                            X
X                                                                                  X
X----------------------------------------------------------------------------------X
X       SEND                                                                       X
X                                                                                  X
X    DATE  START    RECEIVER           TX TIME  PAGES TYPE       NOTE        M#  DP X
X----------------------------------------------------------------------------------X
X    JAN-17 03:42 PM 5416440            1' 43"    4  FAX TX      OK          396    X
X----------------------------------------------------------------------------------X
X                                                                                  X
X                                    TOTAL :    1M 43S  PAGES:   4                  X
X                                                                                  X
*************************************************************************************
```

# FIRTH♦JOHNSTON♦MARTINEZ
### A PROFESSIONAL LEGAL CORPORATION

**415 NORTH MESA, THIRD FLOOR**
**EL PASO, TEXAS 79901**

**TELEPHONE (915) 532-7500**
**FACSIMILE (915) 532-7503**

**4 Pages** (including this sheet)

**January 17, 2013**

**TO:**     Mr. Corey W. Haugland      **FAX NO.:** (915) 541-6440
          James & Haugland, P.C.

**FROM:**     Christopher R. Johnston, Esq./M. Woods

**REPLY TO PHONE NO. (915) 532-7500 OR FAX NO. (915) 532-7503**

Re:    *DHC Realty, Inc., Debtor; Case No. 11-30977-hcm; DHC Realty, LLC, Chowaiki Holdings, LLC, et al v. Armando Armendariz, et al.; Adversary No 12-03012-hcm;* In the United States Bankruptcy Court for the Western District of Texas, El Paso Division

**MESSAGE:** See attached correspondence in the above matter.

Thank you.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.