## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.:  11-30977-hcm |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No.:  12-03012-hcm |
| | § | |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| ARMANDO ARMENDARIZ and YVETTE ARMENDARIZ | § | |
| | § | |
| Counterclaimants | § | |
| | § | |
| v. | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, DAVID CHOWAIKI, and HILEL CHOWAIKI | § | |
| | § | |
| Counterdefendants | § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

Defendants Armando Armendariz, Yvette Armendariz, and Hector Armendariz (collectively "Defendants"), by their undersigned counsel, hereby bring this their Memorandum of Law in Support of Defendants' Motion for Reconsideration and in support thereof show as follows:

## PROCEDURAL BACKGROUND

1.      On July 6, 2012 Defendants filed a Motion to Dismiss Case (dkt no. 9), requesting the Court to dismiss all Plaintiffs' claims on various grounds.

2.      On July 27, 2012 Plaintiffs filed their Response (dkt no. 12) to Defendants' Motion to Dismiss, and on August 3, 2012, Defendants' filed their Reply (dkt no. 13) to Plaintiffs' Response.

3.      On August 6, 2012 the Court entered an Order (dkt no. 14) Regarding Defendants Motion to Dismiss.  The Court's Order dismissed Defendants' Motion provided Plaintiffs amended their complaint prior to January 14, 2013, 45 days before the deadline to complete discovery.

4.      On October 29, 2012 Defendants Armando Armendariz and Yvette Armendariz filed a Counterclaim (dkt no. 29) against Plaintiffs, with its primary purpose to recover the loan of Defendant Yvette Armendariz ("Mrs. Armendariz") of $100,000.00 made to Plaintiff David Chowaiki

5.      On November 12, 2012 Plaintiffs/Counter-Defendants filed their own Motion to Dismiss Case (dkt no. 31) against Defendants' Counterclaim.

6.      On November 30, 2012 Defendants/Counterclaimants Armando Armendariz and Yvette Armendariz ("Counterclaimants") filed their Response to Counter-Defendants' Motion to Dismiss (dkt no. 36).   Counter-Defendants filed their Reply (dkt no. 39) to Counterclaimants' Response on December 7, 2012.

7.      On January 21, 2013, Defendants filed a Request for Dismissal of All Claims per Court Order of August 6, 2012 (dkt no. 44), stating that Plaintiffs' had failed to comply with the Court's Order of August 6, 2012 by failing to amend their Complaint, and therefore requested the dismissal of all Plaintiffs' claims pursuant to the Court's Order.

8.      A hearing was set and held on February 13, 2013 to consider Defendants' Request for Dismissal (dkt no. 44) as well as Counter-Defendants' Motion to Dismiss (dkt no 31).

9.      At the February 13, 2013 hearing the Court ruled that both Counter-Defendants' Motion to Dismiss as well as Counter-Defendants' Request for Dismissal were granted.

10.      On February 20, 2013, the Court filed and entered its Orders relating to the February 13, 2013 hearing as to Defendants' Request for Dismissal and Counter-Defendants' Motion to Dismiss (dkt nos. 65 and 66).

11.      The Court's "Order Regarding Defendants' Request for Dismissal of All Claims per Court Order of August 6, 2012 (Docket No. 44)" (dkt no. 65) ordered the dismissal of Plaintiffs' Counts 1 and 2 only relating to "fraudulent transfers and post-petition transfers/transactions".

12.      The Court's "Order Granting Plaintiff/Counter-Defendants' Partial Motion to Dismiss Counterclaim for Failure to State a Claim (Docket No. 31)" (dkt no. 66) ordered the dismissal of each and every Counterclaim of Counterclaimants" except for Yvette Armendariz's cause of action for breach of contract against David Chowaiki.

## RELIEF REQUESTED

13.     Defendants seek a ruling from the Court permitting the Amendment of the Counterclaim of Defendants Armando Armendariz and Yvette Armendariz.  Defendants likewise request that the Court reconsider its ruling regarding their Request for Dismissal, and enforce its prior Order of August 6, 2012, and dismiss Plaintiffs' claims in their entirety.

## ARGUMENT

**Order Granting Plaintiff/Counter-Defendants' Partial Motion to Dismiss Counterclaim for Failure to State a Claim (Docket No. 31)**

14.     Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(2) states as follows:  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FRCP 15(a)(2) has been interpreted by the U.S. Supreme Court as follows:

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.
>
> *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("Foman").

12-03012-hcm  Doc#76  Filed 03/05/13  Entered 03/05/13 00:47:36  Main Document  Pg 5 of 10

Per *Foman*, Counterclaimants are owed the right to have their Counterclaim tried on its merits.

15.     Subsequent courts have echoed the Supreme Court's opinion in *Foman*. The court in *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) stated as follows:

> Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term "discretion" in this context "may be misleading, because Fed.R.Civ.P. 15(a) evinces a bias in favor of granting leave to amend."[4] As a result, absent a "substantial reason" such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party,[5] "the discretion of the district court is not broad enough to permit denial."[6] Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend.

The court in *Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000) likewise reiterated *Foman*:

> ... in the absence of any evidence of bad faith, dilatory motive, or undue prejudice, the district court abused its discretion by not allowing plaintiff an opportunity to amend. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The often cited case *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) provides additional clarity on this issue as well:

> At the outset, we note that the court's task of reviewing this case would have been lighter if the trial judge had given reasons for denying the plaintiff's motion to amend. Although the absence of an explanation of the denial need not always result in reversal, *Rhodes v. Amarillo Hospital District*, 5 Cir. 1981, 654 F.2d 1148, the reasons would have to be readily apparent, particularly in view of the liberal position of the federal rules on granting amendments. Fed.R.Civ.Pro. 15(a); see generally *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); *Hilgeman v. National Insurance Co. of America*, 5 Cir. 1977, 547 F.2d 298, 303. We find no such obvious reasons here.
>
> The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from

*Memorandum of Law in Support of Defendants' Motion for Reconsideration*

Page 5

becoming a technical exercise in the fine points of pleading. [citations omitted]  Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. See L*one Star Motor Import v. Citroen Cars*, 5 Cir. 1961, 288 F.2d 69, 75.

A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. E. g., *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; *Bamm v. GAF*, 5 Cir. 1981, 651 F.2d 389, 391. That consideration arises only if there are substantial reasons to deny the amendment.  Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice.

16.    The Court's Order of February 20, 2013, "Order Granting Plaintiff/Counter-Defendants' Partial Motion to Dismiss Counterclaim for Failure to State a Claim (Docket No. 31)" (dkt no. 66), ordered the dismissal of each and every Counterclaim of Counterclaimants" except for Counterclaimant Yvette Armendariz's cause of action for breach of contract against Counter-Defendant David Chowaiki.  No leave to amend has been given.  Likewise, no reasons for dismissing Counterclaimants' claims were given in the Court's Order.  Further, there has been no "undue delay, bad faith or dilatory motive on the part of the [Defendants]".  See *Foman.*  There has been no "repeated failure to cure deficiencies by amendments previously allowed" (*Id.*), and there would be no "undue prejudice to the opposing party by virtue of allowance of the amendment" (*Id.*).  Such amendment would likewise not be futile.  Failure to properly plead causes of action with sufficient supporting facts is not among the reasons given by the Supreme Court for not permitting amendment.  In fact, insufficient facts would be a primary reason for requesting a party to more specifically plead.  The Court will recall Defendants own Motion to Dismiss Case (dkt no. 9), following which the Court ordered Plaintiffs to amend, or in the Court's own words, "Plaintiffs shall amend their Complaint to more specifically set forth the alleged transfers which are the subject of their counts for fraudulent transfers and

postpetition transfers."  Evidently, the Court did not view these two claims of Plaintiffs were set forth with sufficient specificity.  Defendants request the same opportunity afforded Plaintiffs, and afforded them by law; by Federal Rule and by the U.S. Supreme Court.  As yet a further showing of good faith to the Court, Defendants will agree not only to withdraw all claims of Quantum Meruit, as previously stated (see Counterclaimant's Response, dkt no. 36), but any claims for Unpaid Wages for unpaid vacation pay as well, fraud, and tortious interference.  Counterclaimants contend that their claim for Breach of Contract, which they request the right to amend as well, and for defamation have merit. Counterclaimants have more than enough factual evidence to support the pleading of their cause of action for defamation, and demonstrate this in their Amended Counterclaim.  Counterclaimants also request to replead their cause of action for Breach of Contract to more specifically set out the supporting factual information.

**Order Regarding Defendants' Request for Dismissal of All Claims per Court Order of August 6, 2012 (Docket No. 44)**

17.  Defendants filed a Motion to Dismiss Case on July 6, 2012, requesting the Court to dismiss all Plaintiffs' claims on various grounds (dkt no. 9).  The Court's Order of August 6, 2012 on this Motion is clear.  Defendants' Motion is denied in its entirety, with the proviso that Plaintiffs, per the Court's Order, amend their Complaint, "to more specifically set forth the alleged transfers which are the subject of their counts for fraudulent transfers and postpetition transfers."  Plaintiffs failed to comply with the Court's Order, and consequently, by failing to fulfill the conditions specified, Defendants were, by the Court's Order, to have their Motion granted in its entirety, resulting in the dismissal of all Plaintiffs' claims.

18.     A look at Plaintiffs' Complaint makes the reasons for this clear.   The basis for Plaintiffs' Complaint, nearly in its entirety, is that Defendants engaged in schemes to steal money and other items from Plaintiffs.   Defendants challenged the basis for Plaintiffs' Complaint arguing, among other things, that while Plaintiffs' contended Defendants engaged in such schemes, they failed to provide any specific details regarding these schemes.   More simply stated, if Plaintiffs are accusing Defendants of theft, Defendants argued that they should know specifically what, where, when, and how items were stolen. If someone doesn't know what they are being accused of stealing, where they stole it from, when they stole it, and how it was stolen, how can they provide a defense? Naturally, there is an inequity.  Plaintiffs have argued that they know Defendants stole, but they don't know where, when, or how they stole it - just that they stole it.   This is hardly sufficient to proceed before the Court.  Plaintiffs were ordered by the Court to set forth more specifically, i.e., the what, where, when, and how, regarding their claims of theft, or, more specifically, in the bankruptcy context of this case, their claims pertaining to fraudulent transfers and post-petition transfers.  Plaintiffs failed to comply with the Court's Order and failed to amend their Complaint.

19.     It must be duly noted, that Plaintiffs' claims pertaining to transfers/thefts of their property, are not solely limited to only two causes of action (Counts 1 and 2).  Each of the remaining causes of action, with the sole exception to Count 9, claiming tortious interference, is based on the alleged fraudulent transfers and post-petition transfers.  If Plaintiffs are unable to assert the theft, or transfer, of their property, each of their remaining causes of action fails, with exception of Count 9.  Therefore, at an absolute minimum, each cause of action against Defendants must be dismissed, with the sole

exception to Count 9, as they all depend on Plaintiffs' pleading of fraudulent transfers and post-petition transfers.

20.     Regardless of the intent of the Court regarding its Order of August 6, 2012, the plain language of the Order should result in the granting of Defendants Motion to Dismiss of July 6, 2012, whatever the outcome.   The outcome here, is the dismissal of all Plaintiffs' claims, as that is what Defendants' Motion requested.   Further, failing to amend their Complaint with respect to the alleged transfers, should naturally result in the dismissal of any causes of action which depend upon the alleged transfers, which includes each cause of action except Count 9.

21.     Defendants therefore request that at a minimum, each of Plaintiffs' counts be dismissed, with the exception to Count 9.   However, given the plain language of the Court's Order of August 6, 2012, Defendants Motion to Dismiss Case ought to be granted in its entirety, resulting in the dismissal of all Plaintiffs' claims.

Wherefore, the Court should grant Defendants Motion to Reconsider.

Respectfully submitted,

**FIRTH♦JOHNSTON♦MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone:  (915) 532-7500
Fax:      (915) 532-7503

    /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

---

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone:  (915) 532-3327
Fax:       (915) 532-3355

   /s/ Sidney J. Diamond
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I, Christopher R. Johnston, do hereby certify that on March 4, 2013, a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion for Reconsideration, was served via electronic means as listed on the Court's ECF noticing system or by depositing the same in the United States Mail, properly addressed and postage prepaid, to the following parties:

**THE DEBTOR:**                          **THE DEBTOR'S ATTORNEY:**
DHC Realty, LLC                          Corey W. Haugland
301 Williams                             P.O. Box 1770
El Paso, TX 79901                        El Paso, TX 79949-1770

   /s/ Christopher R. Johnston
CHRISTOPHER R. JOHNSTON