**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 06, 2013.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No. 11-30977-HCM |
| | § | |
| Debtor. | § | Chapter 11 |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § | Adversary No. 12-03012-HCM |
| Plaintiffs, | § § | |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § | |
| Defendants. | § | |

**ORDER DENYING
DEFENDANTS' MOTION FOR RECONSIDERATION**

On this day the Court considered the Defendants' Motion for Reconsideration ("Motion") (dkt. no. 75) filed by Armando Armendariz, Yvette Armendariz, and Hector

1

Armendariz (collectively "Defendants") on March 5, 2013, with Defendants' Memorandum in Support of the Motion (dkt no. 76).

Through the instant Motion, the Defendants have requested that the Court reconsider its Orders entered on February 20, 2013 after hearing held by the Court (Honorable Judge John Akard presiding) on February 13, 2013 (dkt nos. 65 and 66).

On February 20, 2013, the Court entered its Order Regarding Defendants' Request for Dismissal of All Claims (dkt no. 65). Such Order provided that Plaintiffs' causes of action for fraudulent transfer (Count 1) and avoidance of post-petition transactions (Count 2) were dismissed. Through the Motion to Reconsider, Defendants seek dismissal of all of Plaintiffs' causes of action, not just Count Nos. 1 and 2. However, Defendants misinterpret the Court's Order entered August 6, 2012 that forms the basis for their request (dkt no. 14)—such Order states that "prior to 45 days before the deadline for completion of fact discovery, Plaintiffs shall amend their Complaint to more specifically set forth the alleged transfers which are the subject of their counts for fraudulent transfers and post-petition transfers". See also Scheduling Order, ¶3 (dkt no. 20). Plaintiffs failed to timely amend their Complaint with respect to their two counts for fraudulent transfers and post-petition transfers, and thus only those two counts were dismissed by the Court. Defendants raise nothing of substance in the instant Motion that was not already briefed (dkt nos. 44, 55) and addressed already at the hearing on February 13, 2013.

On February 20, 2013, the Court entered its Order Granting Plaintiff/Counter-Defendants' Partial Motion to Dismiss Counterclaims (dkt no. 66). Such Order provided that all of the claims asserted by Defendants/Counter-Plaintiffs in their Counterclaim were dismissed, except for Defendant Yvette Armendariz's cause of action for breach of contract against Plaintiff David Chowaiki. The reasons the Court granted Plaintiff's Motion and entered the Order are amply set forth in Plaintiffs' Motion and Reply (dkt nos. 31, 39) and by the Court at the hearing. Through the instant Motion, Defendants seek leave to file an Amended Counterclaim that allegedly will cure any deficiencies, and cite to the liberal amendment policy of FRCP 15(a). However, Defendants ignore that the Court set a deadline of December 3, 2012 for the parties to file any motions to amend pleadings (Scheduling Order, ¶3 (dkt no. 20)), which has passed. Defendants also ignore that they filed their original Counterclaim late, which the Court permitted over Plaintiffs' objection (see dkt nos. 23, 26, 27). Defendants cannot continue to ignore the Court's deadlines. Defendants also disregard that Defendants have held Plaintiffs to the deadline to amend Plaintiffs' Complaint for fraudulent transfers and post-petition transfers, and as a result of Defendants' position, Plaintiffs' causes of action for fraudulent transfers and post-petition transfers have been dismissed (dkt nos. 44, 65). Defendants admit in their Memorandum in support of the instant Motion that the primary purpose of their Counterclaim was to recover a loan of $100,000 made by Yvette Armendariz to David Chowaiki (dkt no. 76, ¶4); and yet that primary purpose has been preserved and has not been dismissed by the Court. Defendants raise nothing of substance in the instant Motion that was not briefed (dkt nos. 31, 36, 39) or could have been raised and addressed already at the hearing held on February 13, 2013.

2

Defendants cite no procedural rule as a basis for their instant Motion for reconsideration. Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") incorporates part of Rule 59 of the Federal Rules of Civil Procedure (herein "FRCP"). However, reconsideration of an order after its entry under FRCP 59 should be used sparingly. *See e.g., Templet v. HydroChem, Inc.* 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before. *Templet*, 367 F.3d at 479; *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, FRCP 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet,* 367 F.3d at 479 (supporting citations omitted); *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). Here, nothing in the instant Motion filed by Defendants warrants reconsideration of the orders of the Court under FRCP 59 using these standards.

Bankruptcy Rule 9024 incorporates FRCP 60(b), which provides for relief from an order under the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been timely discovered; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment. *Harcon Barge Co. v. D&G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir. 1986). The Fifth Circuit has recognized that granting a party relief under FRCP 60(b) is considered an "extraordinary remedy". *See e.g., Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir. 1998) (supporting citations omitted). Here, nothing in the instant Motion filed by Defendants warrants reconsideration of the orders of the Court under the standards of FRCP 60.

For any and all of these reasons, the Court concludes that the Motion must be denied and the following Order should be entered.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Reconsideration ("Motion") (dkt. no. 75) is hereby DENIED.

# # #

```
                         United States Bankruptcy Court
                           Western District of Texas
DHC Realty, LLC,
           Plaintiff                                         Adv. Proc. No. 12-03012-hcm
Armendariz,
           Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0542-3         User: hilliardj           Page 1 of 2         Date Rcvd: Mar 06, 2013
                             Form ID: pdfintp          Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 08, 2013.
dft          +Armando Armendariz,    11316 Lindenwood Avenue,    El Paso, TX 79936-2414
pla          +Chowaiki Holdings, LLC,    301 Williams,    El Paso, TX 79901-1813
pla          +DHC Realty, LLC,    301 Williams,    El Paso, TX 79901-1813
pla          +David Chowaiki,    301 Williams,    El Paso, TX 79901-1813
pla          +El Paso DHC Enterprises Far East, LLC,    301 Williams,    El Paso, TX 79901-1813
pla          +El Paso DHC Enterprises West, LLC,    301 Williams,    El Paso, TX 79901-1813
dft          +Hector Armendariz,    14201 Desert Sage,    Horizon City, TX 79928-6446
dft          +Yvette Armendariz,    11316 Lindenwood Avenue,    El Paso, TX 79936-2414

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust           E-mail/Text: USTPRegion07.sn.bnc@usdoj.gov Mar 07 2013 00:21:26     United States Trustee - EP12,
              U.S. Trustee's Office,   615 E. Houston, Suite 533,    P.O. Box 1539,
              San Antonio, TX 78295-1539
intp         +E-mail/Text: ustpregion07.au.ecf@usdoj.gov Mar 07 2013 00:22:47     Valerie Wenger,
              Office of the U.S. Trustee,   903 San Jacinto Blvd., Suite 230,    Austin, TX 78701-2450
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cc*          +Armando Armendariz,    11316 Lindenwood Avenue,    El Paso, TX 79936-2414
cd*          +Chowaiki Holdings, LLC,    301 Williams,    El Paso, TX 79901-1813
cd*          +DHC Realty, LLC,    301 Williams,    El Paso, TX 79901-1813
cd*          +David Chowaiki,    301 Williams,    El Paso, TX 79901-1813
cd*          +El Paso DHC Enterprises Far East, LLC,    301 Williams,    El Paso, TX 79901-1813
cd*          +El Paso DHC Enterprises West, LLC,    301 Williams,    El Paso, TX 79901-1813
cc*          +Hector Armendariz,    14201 Desert Sage,    Horizon City, TX 79928-6446
cc*          +Yvette Armendariz,    11316 Lindenwood Avenue,    El Paso, TX 79936-2414
                                                                             TOTALS: 0, * 8, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 08, 2013**              **Signature:** _Joseph Speetjens_

```
District/off: 0542-3          User: hilliardj          Page 2 of 2          Date Rcvd: Mar 06, 2013
                              Form ID: pdfintp         Total Noticed: 10
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2013 at the address(es) listed below:

```
          Christopher Robert Johnston    on behalf of Defendant Armando Armendariz cjohnston@f-jlaw.com,
           mwoods@f-jlaw.com
          Corey W. Haugland    on behalf of Counter Defendant  Chowaiki Holdings, LLC chaugland@jghpc.com
          Sidney J. Diamond    on behalf of Counter Claimant Armando Armendariz usbc@sidneydiamond.com
                                                                                             TOTAL: 3
```