IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.: 11-30977-hcm |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No.: 12-03012-hcm |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT HECTOR ARMENDARIZ'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

TO:  Plaintiffs, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWIAKI by and through their attorneys of record, Corey W. Haugland, and Jamie T. Wall, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770.

RECEIVED NOV 2 0 2012

EXHIBIT
P-3

Pursuant to the provisions of the Fed.R.Civ.P., Defendant HECTOR ARMENDARIZ propounds the following Responses to Plaintiffs' First Set of Requests for Production:

**FIRTH ◆ JOHNSTON ◆ MARTINEZ**
Attorneys for Defendants
415 North Mesa, Suite 300
El Paso, Texas 79901
Phone: (915) 532-7500
Fax: (915) 532-7503

_____
CHRISTOPHER R. JOHNSTON
State Bar No. 10834200

**DIAMOND LAW**
Attorneys for Defendants
3800 North Mesa Street
El Paso, Texas 79902
Phone: (915) 532-3327
Fax: (915) 532-3355

_____
SIDNEY J. DIAMOND
State Bar No. 5803000

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been mailed certified mail return receipt requested to Corey W. Haugland, James & Haugland, P.C., P.O. Box 1770, El Paso, Texas 79949-1770, this 15 day of October, November 2012.

_____
CHRISTOPHER R. JOHNSTON

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:  All documents in your name, individually or jointly, or in connection with any other person or entity relating to any savings bank books, records, accounts and memoranda, current as well as those that may have been cancelled.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 2:  All documents relating to any checking accounts, in your name, individually or in connection with any other person or entity, including checkbooks, checkbook stubs, statements, cancelled checks and deposit slips, whether the accounts are current or have been closed.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 3:  All documents relating to stock certificates, bonds, or other securities in your name, individually or jointly, or in connection with any other person or entity, or which may be held in your account, individually, or in conjunction with any other person or entity in any corporation.

**RESPONSE:**  Objection.  This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 4:  All documents relating to stock brokerage accounts in your name, individually or jointly, or in connection with any other person or entity, including but not limited to, books, records, accounts, monthly statements, statements of transactions and all other papers and memoranda thereof.

**RESPONSE:**  Objection.  This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 5:  All federal and state income tax returns filed by you for the previous four (4) years (2008, 2009, 2010, and 2011) together with any

schedules and worksheets related thereto as well as all other papers and memoranda referring to any adjustment made in connection therewith.

**RESPONSE:** Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, these will be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 6: All documents and contracts relating to the rental and/ or lease of safe deposit boxes or vaults in your name, individually or jointly, or in connection with any other person or entity.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 7: All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein.

**RESPONSE:** Objection. This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 8: All documents relating to monies received and being presently received by you from all sources, including but not limited to, accounts receivable, wages, earnings, draws, dividends, bonuses, automobile sales, real property leases, or reimbursed expenses, for the preceding four (4) years.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, outside the scope of permissible discovery, and equally available to Plaintiffs. Documents relating to Defendant's employee earnings are equally available to Plaintiffs.

Without waiving these objections, copies of Defendant's paycheck stubs will be made available for inspection subject to the receipt of a signed confidentiality agreement. Any other documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 9:  All documents relating to policies of insurance covering your or real or personal property owned by you, including but not limited to life, liability, accident, home, and automobile, and all records showing payments for premiums therefor.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 10:  All documents relating to your memberships in and contributions to any charity or any other organizations or associations, including private or professional clubs or associations.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 11:  All documents relating to any business entity in which you have an interest, individually or jointly, or in conjunction or partnership with any other individual or entity, including, but not limited to, books, records, general ledgers, general journals, cash journals, payroll records, purchase and sales journals, petty cash records, bank statements, and cancelled checks.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 12:  All records for any corporation which you, individually or jointly, hold stock directly or indirectly if the corporation records are under your actual or constructive control.

**RESPONSE:**  Objection.  This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 13:  All documents relating to the title of any assets held by you, individually or jointly, whether presently owned by you, individually or jointly, or previously transferred by or to you within the preceding four (4) years;

**RESPONSE:**  Objection.  This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 14:  All documents relating to bills and/or purchase price for items costing in excess of $500.00 owned by you and records concerning acquisition of same.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 15:  All documents relating to bills and/or purchase price for items costing in excess of $500.00 which you claim to be exempt property and records concerning acquisition of same.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 16:  All documents relating to any business enterprise of Hector Armendariz, including but not limited to, real estate purchase contracts, deeds, lease agreements, rental agreements, security deposits, mortgages, mortgage balance sheets, monthly mortgage payments, and all other documentation relating thereto.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 17:  All documents relating to financial statements, together with the schedules and worksheets thereof and all other papers, and memoranda for financial statements prepared or submitted by you to any individual or institution for the preceding five (5) years.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, refer to Defendant's tax returns.

REQUEST FOR PRODUCTION NO. 18:  All documents relating to debts which are owed to you by any person or entity, including but not limited to, promissory notes, IOU notes and/or accounts receivable.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 19:  All real property leases between you and any current or past employee of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**  Objection.  This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 20:  All contracts or leases involving automobiles by and between you and any past or current employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**  Objection.  This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 21:  All documents memorializing any contracts or financial transactions by and between you and any current or past employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**  Objection.  This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are outside the scope of permissible discovery.

Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 22:  All monthly credit card statements for all credit cards issued in your name or used by you since January 1, 2008.

**RESPONSE:**  Objection.  This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 23:**  All applications or documents submitted by you since January 1, 2008 to the Texas Department of Public Safety, Texas Department of Transportation, the Texas State Comptroller, or the Texas Secretary of State in order to obtain a license or to qualify generally to do business in the state of Texas.

**RESPONSE:**  Objection.  This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 24:**  All documents relating to your purchase or sale of any automobiles since January 1, 2008.

**RESPONSE:**  Objection.  This Request seeks documents that are irrelevant to this litigation.
     Without waiving this objection, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 25:**  All quarterly sales tax reports submitted by you to the Texas State Comptroller relating to your sales of automobiles, trucks, or boats in the state of Texas since January 1, 2008.

**RESPONSE:**  Objection.  This Request is Request is not calculated to lead to the discovery of admissible evidence and seeks documents that are irrelevant to this litigation.
     Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 26:**  If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions.

**RESPONSE:**  Objection.  This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.
     Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 27:**  All monthly phone bills for you, your household, and for anyone living at your household since January 1, 2009.

**RESPONSE:**  Objection.  This Request is overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that

are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 28: All diplomas you claim to have earned from any institute of higher learning after high school.

RESPONSE: Objection. This Request is not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation, and outside the scope of permissible discovery.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 29: All documents in your possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas.

RESPONSE: Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and seeks documents equally available to Plaintiffs.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 30: All documents memorializing any communications received or sent by you with current or past employees of the Fuddruckers restaurants in El Paso since January 1, 2009.

RESPONSE: Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and is not calculated to lead to the discovery of admissible evidence.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 31: All documents memorializing any communications received or sent by you with catering customers of the Fuddruckers restaurants in El Paso, Texas since January 1, 2009.

RESPONSE: Objection. This Request is vague, ambiguous, overly broad, and overly burdensome, and is not calculated to lead to the discovery of admissible evidence. The term "catering customers" is vague and its intended meaning is not understood.

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 32: All computer files or discs in your possession, custody or control that include any information related to the business of Fuddruckers in El Paso, Texas.

RESPONSE: Objection, this Request is vague, ambiguous, overly broad, overly burdensome, and is not calculated to lead to the discovery of admissible evidence

Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 33: All documents memorializing communications sent by you or received by you from or with any suppliers, vendors, employees, ex-employees, family, or friends relating to the business of Fuddruckers restaurants in El Paso, Texas, since January 1, 2008.

**RESPONSE:** Objection, this Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and is outside the scope of permissible discovery.
    Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 34: All documents in your possession, custody or control related to employee files or ex-employee files or personnel who have worked for Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** There is none.

REQUEST FOR PRODUCTION NO. 35: All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by El Paso DHC Enterprises Far East, LLC and/or its related Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** There is none.

REQUEST FOR PRODUCTION NO. 36: All records of food purchases made by you since January 1, 2010.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery.
    Without waiving these objections, documents responsive to this Request, if any, may be produced, subject to the receipt of a signed confidentiality agreement.

REQUEST FOR PRODUCTION NO. 37: Any records related to the vending machines located in the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome.
    Without waiving these objections, there is none.

REQUEST FOR PRODUCTION NO. 38: Any invoices or contracts in your possession related to the catering business or any other business of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly

burdensome.
    Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 39:** All documents memorializing any cash payments received by you, rebates received by you, gifts received by you, or any items of value received by you or anyone in your household provided by customers or by vendors/suppliers with a relationship to the Fuddruckers restaurants in El Paso, Texas. This would necessarily include suppliers, vendors, employees, ex-employees, relatives, friends, military personnel, or anyone else who has provided anything of value to you because of your relationship with El Paso DHC Enterprises Far East, LLC and/or the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are irrelevant to this litigation.
    Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 40:** All records in your possession relating to any food cost analysis performed by you or anyone else for any of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** Objection, this request is overly broad, and overly burdensome.
    Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 41:** All inventory records in your possession related to the business of Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:** There is none.

**REQUEST FOR PRODUCTION NO. 42:** All documents related to any purchases by you on behalf of Fuddruckers restaurants in El Paso, Texas since January 1, 2008.

**RESPONSE:** Objection. This Request is vague, ambiguous, overly broad, and overly burdensome.
    Without waiving these objections, there is none.

**REQUEST FOR PRODUCTION NO. 43:** If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please produce all documents which support your contention.

**RESPONSE:** Objection. This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.
    Without waiving these objections, see documents produced and made available for inspection. Additional documents responsive to this Request will be produced.

---

REQUEST FOR PRODUCTION NO. 44:  If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, please produce all documents which support your contention.

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.
Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 45:  If you contend that Plaintiffs' claims are barred in whole or in part by laches, please produce all documents which support your contention.

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.
Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 46:  If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, please produce all documents which support your contention.

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.
Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 47:  If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, please produce all documents which support your contention.

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.
Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

REQUEST FOR PRODUCTION NO. 48:  If you contend that Plaintiffs' claims are barred in whole or in part because of an accord and satisfaction, please produce all documents which support your contention.

---

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.

Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

**REQUEST FOR PRODUCTION NO. 49:**  If you contend that Plaintiffs' claims are barred in whole or in part because of a failure of consideration, please produce all documents which support your contention.

**RESPONSE:**  Objection.  This Interrogatory is overly broad and seeks information that is privileged, based on attorney work product, and is not calculated to lead to the discovery of admissible evidence.

Without waiving these objections, see documents produced and made available for inspection.  Additional documents responsive to this Request will be produced.

## File a Motion:

<u>12-03012-hcm DHC Realty, LLC et al v. Armendariz et al</u>
Type: ap                    Office: 3 (El Paso)              Judge: hcm
Lead Case: 3-11-bk-30977

Please note the document number and
click following link to upload the proposed order.
<u>Upload Order</u>

### U.S. Bankruptcy Court

### Western District of Texas

Notice of Electronic Filing

The following transaction was received from Corey W. Haugland entered on 1/22/2013 at 8:28 PM CST
and filed on 1/22/2013

**Case Name:**      DHC Realty, LLC et al v. Armendariz et al
**Case Number:**    <u>12-03012-hcm</u>
**Document Number:** <u>49</u>

**Docket Text:**
Motion Plaintiffs' Motion to Compel and for Sanctions Against Hector Armendariz Filed by Corey W.
Haugland for Plaintiffs David Chowaiki, Chowaiki Holdings, LLC, DHC Realty, LLC, El Paso DHC
Enterprises Far East, LLC, El Paso DHC Enterprises West, LLC, El Paso DHC Enterprises, LLC.
(Attachments: # (1) Exhibit Exhibit P-1# (2) Exhibit Exhibit P-2# (3) Exhibit Exhibit P-3) (Haugland,
Corey)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** _0122192010_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=988230274 [Date=1/22/2013] [FileNumber=18260661-0
] [218a7eaaa617f1b0c199f124a568331bad8e135a9c4799c01b7d4f37c6aa81296c5
50bfb31530be51252586f97fa530d1e0f753b31984b1bbf662c1079e68ecf]]
**Document description:** Exhibit Exhibit P-1
**Original filename:** _0122192052_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=988230274 [Date=1/22/2013] [FileNumber=18260661-1
] [4eb0c83c2e71f2c3ca09574c0766f7e653f0094eb2ee5e10c00af62067184a5e1d2
d8106d8b5c2f3b7ac0ea7c468f1bdaaa2a871c2d43b75482ac40aabb071f3]]
**Document description:** Exhibit Exhibit P-2
**Original filename:** _0122192117_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=988230274 [Date=1/22/2013] [FileNumber=18260661-2
] [85074dd3e84896d478bfcf834df968448a98588d02de87ecb7711bfba2b11c17f3b
d48300be6430f6cabe1c1c35149d0995a1388af6d13c04d13091e8df8afa9]]

**Document description:** Exhibit Exhibit P-3
**Original filename:** _0122192137_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=988230274 [Date=1/22/2013] [FileNumber=18260661-3
] [92f7a47e6e424f0058bd1f91914cd63013b1a65abb47d12a6ee147d6ad69a91c7bd
1f8b6ef0474df0ede4c41ec59fbe8f7bf77d8905ef8b9841ddc892b9b900c]]

### 12-03012-hcm Notice will be electronically mailed to:

Sidney J. Diamond on behalf of Counter Claimant Armando Armendariz
usbc@sidneydiamond.com

Corey W. Haugland on behalf of Counter Defendant Chowaiki Holdings, LLC
chaugland@jghpc.com

Christopher Robert Johnston on behalf of Defendant Armando Armendariz
cjohnston@f-jlaw.com, mwoods@f-jlaw.com

### 12-03012-hcm Notice will not be electronically mailed to:

Valerie Wenger
Office of the U.S. Trustee
903 San Jacinto Blvd., Suite 230
Austin, TX 78701