IN THE 210TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| YVETTE ARMENDARIZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CAUSE NO. 2012DCV06204 |
| | § | |
| EL PASO DHC ENTERPRISES | § | |
| FAR EAST LLC D.B.A. | § | |
| FUDDRUCKERS, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR DISCLOSURE, INTERROGATORIES AND PRODUCTION

TO:    Defendant by and through their attorney of record, Steven J. Blanco, Blanco, Ordonez, Mata & Wallace, P.C., 5715 Cromo Drive, El Paso, Texas 79912.

COMES NOW, Plaintiff, in the above styled and numbered cause, by and through her attorney of record, Bernardo Gonzalez, Attorney at Law, 7362 Remcon Circle, El Paso, Texas 79912 and files these Plaintiff's Answers to Defendant's Requests for Disclosure, Interrogatories and Production.

Respectfully Submitted,

**BERNARDO GONZALEZ**
Attorney for Plaintiff
7362 Remcon Circle
El Paso, Texas 79912
(915) 225-2276
Fax: (915) 581-9042
SBN: 08124100

EXHIBIT
P-7

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy was hand delivered/mailed via certified mail on this _/ 2_ day of February, 2013 to the following.

**Steven J. Blanco**
Blanco, Ordonez, Mata & Wallace, P.C.
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800

_____ Regular Mail
_____ Certified Mail
___✓___ Hand-Delivered
_____ Via Facsimile (915) 845-5555


BERNARDO GONZALEZ

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR DISCLOSURE

### REQUEST NO. 1:

Pursuant to Rule 194.2(b) disclose the name, address and telephone number of any potential parties.

### RESPONSE:

No other potential parties are known.

### REQUEST NO. 2:

Pursuant to Rule 194.2(c) disclose the legal theories and, in general, the factual bases of your claims or defenses.

### RESPONSE:

Plaintiff was a dedicated employee of the Defendant since 2006. Plaintiff's Spouse, as Director of Operations, worked around the clock, long hours, seven days a week with no vacations. Unfortunately, Plaintiff's spouse developed a disabling eye condition, which affected his eye sight. On 4-3-12, Plaintiff's spouse informed his employer that the Doctor ordered that he take seven days off. Defendants instead terminated Plaintiff's spouse on 4-16-12. Defendant retaliated against Plaintiff and also fired her on 4-16-12. At termination Plaintiff was earning $300.00 dollars weekly. The conduct of the Defendants, as described above, were unlawful employment practices and violated Sec. 21.001 et. seq. of the Texas Labor Code. The actions by the Defendants, as described above, discriminated against the Plaintiff because of the disability of her spouse.

**REQUEST NO. 3:**

Pursuant to Rule 194.2(d), disclose the amount and any method of calculating economic damages.

**RESPONSE:**

At termination Plaintiff was earning $300.00 dollars weekly and is seeking gainful employment.

**REQUEST NO. 4:**   Pursuant to Rule 194.2(e), disclose the name, address and telephone number of all persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

1.      Yvette Armendariz
        11316 Linden Wood
        El Paso, Texas 79936
        915-921-6763
        Plaintiff.  Will testify as to her dedication as an employee, the circumstances of her termination, her job search, lost wages, stress and mental anguish.

2.      Armando Armendariz
        11316 Linden Wood
        El Paso, Texas 79936
        915-921-6763
        Spouse.  Will testify as to the circumstances of Plaintiff's termination, her termination, her job search, lost wages, stress and mental anguish.

3.      Bernardo Gonzalez
        7362 Remcon
        El Paso, Texas 79912
        915-225-2276
        Attorney.  If relevant post-verdict, will testify as to attorney's fees accrued.

4.      See attached list of witnesses.

**REQUEST NO. 5:**  Pursuant to Rule 194.2 (f), disclose for any testifying expert.

  a.  The expert's name, address and telephone number;

  b.  The subject matter on which the expert will testify;

  c.  The general substance of the expert's metal impressions and opinions and brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

  d.  If the expert is retained by, employed by, or otherwise subject to the control of the responding party;

    (i)  All documents, tangible things, reports, models or data complications that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (ii)  The expert's current resume and bibliography;

**RESPONSE:**

No experts have been retained.

**REQUEST NO. 6:**  Pursuant to Rule 194.2(h), disclose any settlement agreements described in Rule 192.3(g).

**RESPONSE:**

None

**REQUEST NO. 7:**    Pursuant to Rule 194.2(i) disclose any witness statements described in Rule 192.3(h).

**RESPONSE:**

None

**REQUEST NO. 8:**    Pursuant to Rule 194.2(j), disclose all medical records and bills that are related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills (an authorization is attached hereto as Exhibit "A").

**RESPONSE:**

None

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUEST FOR INTERROGARORIES
## INTERROGATORY NO. 1:

State the full amount of money you seek in this lawsuit and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (i.e., backpay, frontpay, mental anguish, etc.), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

## ANSWER:

As a result of her wrongful termination. Plaintiff will see the following damages:

1. Back Pay- At termination, Plaintiff was earning $300.00 dollars weekly. Plaintiff has not found gainful employment, therefore, these weekly losses continue to accrue weekly. Plaintiff will leave the amount up to the discretion of the jury. Plaintiff has started to substitute teach for Clint I.S.D. and is paid $75.00 per day. (See Attached List of Days Worked)

2. Front Pay- Plaintiff will ask the Court to take the amount of back pay awarded by the jury divide it monthly, and award Plaintiff 3 years of front pay.

3. Mental Anguish- past and future- Plaintiff will leave the amount of this award up to the discretion of the jury.

4. Attorney's Fees- If relevant, post verdict, Plaintiff will seek attorney's fees at the rate of $350.00 per hour.

## INTERROGATORY NO. 2

Identify every employer to whom you have submitted an application for employment or otherwise inquired about employment subsequent to your employment with Defendant, including the date such application was made, the person to whom the application was submitted, and whether or not you were hired. For those employers, if any, by whom you were hired, identify the position(s) you held and your duties, the dates of your employment, your supervisor(s), the reason for your separation from employment (if applicable), your wage or salary at the time of separation from employment, any employment benefits your received and the amount of such benefits, and the total gross compensation you earned while employed by such employer.

**ANSWER:**

See attached application list.

## INTERROGATORY NO. 3

Identify every doctor and medical facility whom you consulted or received treatment for any injury related to or arising out of the events made the subject of your Petition.

**ANSWER:**

None

## INTERROGATORY NO. 4

If you are making a claim for mental anguish or emotional distress in this lawsuit, identify every doctor and medical facility whom you consulted or from whom you have received treatment from for any reason during the last five years.

**ANSWER:**

See attached list Physicians.

## INTERROGATORY NO. 5

Describe any mental, emotional, psychological, or physical disabilities, impairments, limitations, or handicaps to which you have been subject at any time beginning at least six months prior to the date or your application for employment with Defendant and continuing to the date of trial, the nature of such condition(s) and any medication or medical appliance or treatment that you used or use for such condition, including, but not limited to, treatment at any hospital, clinic, or sanitarium because of your consumption, if any, of alcohol and/or drugs or because of mental illness. Your response to this Interrogatory should state the beginning and, if applicable, the ending dates of your being subject to each such condition.

**ANSWER:**

None

## INTERROGATORY NO. 6

Identify all other lawsuits to which you have ever been a party, and the other parties to those suits, the reason(s) for the suits, the jurisdiction within which the suits were filed and, if settled or otherwise resolved, the terms of the settlements or judgments.

**ANSWER:**

None

**INTERROGATORY NO. 7**

State whether you have ever been arrested for and/or convicted of a crime, and, if so, identify the crime(s) for which you were arrested and/or convicted, the date of your arrest(s) and/or conviction(s), and the jurisdiction within which the arrest(s) and/or conviction(s) occurred.

**ANSWER:**

None

**INTERROGATORY NO. 8**

Pursuant to Rule 192.3(d), identify any person who is expected to be called to testify at trial. This Interrogatory does not apply to rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before trial.

**ANSWER:**

See Plaintiff's Witness List in Plaintiff's Disclosure Answer No. 4.

**INTERROGATORY NO. 9**

Identify each employee of Defendant, former or current, whom you have spoken to or corresponded with since April 16, 2012. For each person, please provide that person's address and telephone number.

**ANSWER:**

See Plaintiff's Witness List in Plaintiff's Disclosure Answer No. 4.

**INTERROGATORY NO. 10**

State your complete name, as well as any other names by which you have ever been known (including the dates you were known by such other name(s); business and residential addresses and telephone numbers; date and place of birth, citizenship, driver's license number,

and social security number. If you are not a United States citizen, please describe your residence status and explain whether and how you are currently eligible for employment in the United States.

**ANSWER:**

Yvette Armendariz
11316 Linden Wood
El Paso, Texas 79936

DOB: 1-5-973

SS: 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

DL No: 15116618

Citizen- USA

**INTERROGATORY NO. 11**

Please identify each person in your immediate family, including your spouse, and each child born to or adopted by your during your lifetime, identifying the address of each such person and each such person's current employment, if any. State your marital status, including, if married or separated, the date of which your marriage, and if you have ever been divorced, the dates of each marriage and divorce, the name and current address of each former spouse, and the location where each divorce was granted.

**ANSWER:**

1.      Armando Armendariz
        Spouse
        11316 Linden Wood Ave.
        El Paso. Texas

2.      Joseph Armendariz
        15 years old
        Son

3.  Joshua Armendariz
    12 years old
    Son

4.  Jonathan Armendariz
    10 years old
    Son

## INTERROGATORY NO. 12

List by years and city any high school, college, professional school, and/or job training program you have attended, with diplomas and degree noted.

### ANSWER:

1991- Ysleta High School

2009- UTEP- Bachelors Degree- Education

## INTERROGATORY NO. 13

Have you ever testified (including by deposition) in a lawsuit or administrative proceeding? If so, please state the style and cause number of the proceeding, the court or administrative agency involved, and the name of the party that called you as a witness, and give a brief synopsis of the nature of your testimony.

### ANSWER:

None

## INTERROGATORY NO. 14

Please identify all photographs, newspaper articles, news reports, movies, videotapes, plats, drawings, or diagrams in your possession or in your attorney's possession, or to which you or they have access, that are in any way connected or related to the facts of this lawsuit, whether made prior to or subsequent to the occurrence in question.

## ANSWER:

Phone Recordings are being copied and will be provided.

## INTERROGATORY NO. 15

Describe each complaint you made to Defendant about any of the unlawful conduct alleged in the pleadings, including the date and nature of each complaint and the person to who each complaint was made.

## ANSWER:

Plaintiff was terminated by email. No chance to complain.

## INTERROGATORY NO. 16

Identify all items of compensatory damages, including the amount(s) of such damages you claim you suffered as a result of the facts made the basis of your claims in this lawsuit.

## ANSWER:

Please see Answer No. 1 above.

## INTERROGATORY NO. 17

If you claim lost wages or income in this suit, state the dates which you were unable to work and the total amount of earnings which you lost as a result of your absence from work.

## ANSWER:

Please see Answer No. 1 above.

**INTERROGATORY NO. 18**

Are you now receiving or have you ever received any unemployment benefits, Social Security benefits, disability, or other governmental benefits and, if so, please give specific details as to these benefits, including the agency providing same, the amount received, the days of your receipt or these benefits and the reasons, therefore.

**ANSWER:**

None

**INTERROGATORY NO. 19**

Other than the incident made the basis of this suit, have you ever made or filed any claims or lawsuits against any persons, firms, or companies, for injuries to yourself, and if so, please give specific details as to each claim or lawsuit.

**ANSWER:**

None

**INTERROGATORY NO. 20**

In connection with your allegation of disability discrimination, identify each even or employment action you claim was committed by Defendant which you contend was committed because of your disability as alleged in your Original Petition. For each event or employment action, identify the date of when such event of employment action occurred.

**ANSWER:**

On 4-3-12, Plaintiff's spouse took Defendant's orders from his Doctor for 7 days off. Defendant's instead terminated Plaintiff's spouse and Plaintiff on 4-16-12.

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce all documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by or for an expert whose mental impressions and opinions have been reviewed by any expert identified in your responses to Defendant's requests for Disclosure.

### RESPONSE:

Please see attached Exhibit List.

### REQUEST FOR PRODUCTION NO. 2

Produce any notes, memos, telephone messages, computer notes, emails or other documents concerning Defendant or the events alleged in your Petition.

### RESPONSE:

Please see attached Exhibit List.

### REQUEST FOR PRODUCTION NO. 3

Produce all correspondence or other records of communication between you and any employee, agent or representative of Defendant that relate to the claims made in this lawsuit.

### RESPONSE:

Please see attached Exhibit List.

**REQUEST FOR PRODUCTION NO. 4**

Produce all tape recordings, and any transcriptions thereof, of any communications between you and any employee or agent of Defendant that are in any way related to any issue, claim or defense in this lawsuit.

**RESPONSE:**

Please see attached Exhibit List.

**REQUEST FOR PRODUCTION NO. 5**

Produce all statements in your possession, custody or control from any present or former employees of Defendant concerning Defendant or the events alleged in your Petition.

**RESPONSE:**

None. Please see attached recordings.

**REQUEST FOR PRODUCTION NO. 6**

Produce all documents in your possession, custody or control concerning the events made the subject of your lawsuit, other than privileged materials or materials otherwise exempt from discovery, which were created by you or any other employee or agent of Defendant.

**RESPONSE:**

Please see attached Exhibit List.

**REQUEST FOR PRODUCTION NO. 7**

Produce every document which discusses or relates in any way to your employment with Defendant, including any documents concerning communications between you and any employee of Defendant.

**RESPONSE:**

Please see attached Exhibit List.

### REQUEST FOR PRODUCTION NO. 8

Produce any lists, diaries, notes or calendars kept by you that describe, refer to, relate to or concern your employment with Defendant or the claims made in this case.

### RESPONSE:

None

### REQUEST FOR PRODUCTION NO. 9

Produce copies of all pay checks, IRS Forms W-2 and/or IRS Forms 1099 received from those employers by whom you have been employed subsequent to your employment with Defendant.

### RESPONSE:

None in Plaintiff's possession yet.

### REQUEST FOR PRODUCTION NO. 10

Produce your state and federal tax returns for the calendar year 2008 and continuing to the date of trial, including W-2 Forms, and any and all other attachments and schedules thereto, and including any joint returns.

### RESPONSE:

See attached tax returns.

### REQUEST FOR PRODUCTION NO. 11

Produce copies of any and all medical records in your possession, custody or control relating to the physical pain, suffering and emotional distress to which you refer in your Petition and to any prior or subsequent injuries suffered by you.

### RESPONSE:

None

**REQUEST FOR PRODUCTION NO. 12**

Produce all documents, including any statements or reports provided by you to the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, the Texas Workforce Commission, the Texas Department of Transportation, or any other state or federal agency concerning any claims you filed with those agencies related to your employment or alleged termination of employment with Defendant.

**RESPONSE:**

See attached EEOC documents.

**REQUEST FOR PRODUCTION NO. 13**

Please provide any and all records, writings or other documents relating to your claim for damages. Your response to this request should include, but not be limited to, medical records, medical bills, medication receipts, documents supporting your claim for lost earnings or earning capacity, and any other special damages that you claim.

**RESPONSE:**

See attached check stubs and tax returns.

**REQUEST FOR PRODUCTION NO. 14**

Produce all photographs, newspaper articles, news reports, movies, videotapes, audiotapes, plats, drawings, or diagrams in your possession or in your attorney's possession, or to which you or they have access, that are in any way connected or related to the facts of this lawsuit, whether made prior to or subsequent to the occurrence in question.

**RESPONSE:**

See attached audio-recordings.

### REQUEST FOR PRODUCTION NO. 15

Produce all documents in your possession, custody or control that were taken from Defendant's premises by you.

### RESPONSE:

Please see attached Exhibit List.

### REQUEST FOR PRODUCTION NO. 16

Produce all documents in your possession, custody or control that were taken from Defendant's premises by any person and which were subsequently given to you or otherwise came into your possession, custody or control and which you contend relate to any claim or issue in this lawsuit.

### RESPONSE:

Please see attached Exhibit List.

### REQUEST FOR PRODUCTION NO. 17

Produce a copy of your social security card.

### RESPONSE:

See attached Social Security Card.

### REQUEST FOR PRODUCTION NO. 18

Produce a copy of your driver's license.

### RESPONSE:

See attached driver's license.

## REQUEST FOR PRODUCTION NO. 19

Produce copies of all prescriptions for medication that you claim you need as a result of the ending of your employment with Defendant.

### RESPONSE:

None

## REQUEST FOR PRODUCTION NO. 20

Produce copies of any and all notes, calculations and other documents used to derive the total amount you are seeking for lost earnings in this action. This does not seek any documents created by your attorney.

### RESPONSE:

See attached check stub and tax returns.

## REQUEST FOR PRODUCTION NO. 21

Produce copies of all diaries, calendars, lists, or notes made by your indicating your impressions and feelings about how you were treated during the entire time you were employed by Defendant.

### RESPONSE:

None

## REQUEST FOR PRODUCTION NO. 22

Produce copies of all diaries. day timers, calendars, journals, notebooks or similar documents indicating your thoughts, impressions, or feelings about your mental state or how you felt after the time your employment with Defendant ended.

### RESPONSE:

None

**REQUEST FOR PRODUCTION NO. 23**

Produce copies of any and all prescriptions for medication that you currently take or have taken for the past five (5) years.

**RESPONSE:**

None

**REQUEST FOR PRODUCTION NO. 24**

Produce copies of all pleadings, discovery, judgments and settlements in the bankruptcy litigations styled *DHC Realty, LLC v. Armando Armendariz, Yvette Armendariz, and Hector Armendariz*, Case No. 11-30977-HCM, currently pending in United States Bankruptcy Court, Western District of Texas, El Paso Division.

**RESPONSE:**

See attached Bankruptcy Complaint.

**REQUEST FOR PRODUCTION NO. 25**

Produce copies of any deposition transcripts, trial transcripts or other recorded testimony taken in the bankruptcy litigation styled *DHC Realty, LLC v. Armando Armendariz, Yvette Armendariz, and Hector Armendariz*, Case No. 11-30977-HCM, currently pending in United States Bankruptcy Court, Western District of Texas, El Paso Division.

**RESPONSE:**

See attached Bankruptcy Complaint.

**REQUEST FOR PRODUCTION NO. 26**

Produce copies of any and all records in your possession, custody or control relating to your effort to secure employment subsequent to your employment with Defendant, including but not limited to, your employment applications, resumes, curricula vitae, reference letters,

correspondence, notes, memoranda, and documents to or from any prospective employers relating to job interviews, job applications, pre-employment tests, offers of part-time or full-time employment and/or rejections of applications for or offers of employment, registration with employment agencies, telephone records or logs, job search files or records, newspaper ads, want-ads, magazines, job postings, job listings, pay stubs and vouchers, and all other documents relating to your efforts, if any, to obtain employment.  As an alternative to producing these documents, you may execute the attached Authorization for Release of Employment Information.

**RESPONSE:**

See attached job search list.

## VERIFICATION AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF EL PASO** | § |

BEFORE ME, the undersigned authority, on this day personally appeared, YVETTE ARMENDARIZ, who after being duly sworn, did on her oath depose and sat that her has read the foregoing ANSWERS TO INTERROGATORIES and that the facts contained therein are true and correct.

_____
YVETTE ARMENDARIZ

SUBSCRIBED AND SWORN TO ME, a Notary Public, on this 12 day of
Feb , 2013.



_____
Notary Public in and for the State of Texas
My commission expires:

IN THE 448TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ARMANDO ARMENDARIZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CAUSE NO. 2012DCV06203 |
| | § | |
| CHOWAIKI HOLDINGS LLC | § | |
| D.B.A. FUDDRUCKERS, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S EXHIBIT LIST

COMES NOW, Plaintiff, ARMANDO ARMENDARIZ and files this Exhibit List for Trial.

1. Job Search List

2. List of Primary Physicians

3. Tax Returns

4. Check Stub from Chowaiki Holdings

5. EEOC Documents

6. Dr. Ellman- medical leave note

7. Chowaiki E-Mail of 4-3-12

8. Chowaiki Letter of 4-3-12

9. Chowaiki Email of 4-4-12

10. Plaintiff Email of 4-5-12

11. Chowaiki Email of 4-5-12

12. Medical leave note (left with Marisol)

13. Plaintiff Email of 4-11-12

14. Email terminating Plaintiff 4-16-12

15. Plaintiff and Chowaiki Emails of 4-17-12

16. Chowaiki Emails of 4-19-12.

17. Exhibits- In Response to Bankruptcy Complaints

Respectfully Submitted,

**BERNARDO GONZALEZ**
Attorney for Plaintiff
7362 Remcon Circle
El Paso, Texas 79912
(915) 225-2276
Fax: (915) 581-9042
SBN: 08124100

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy was hand delivered/mailed via certified mail on this _/ 2_ day of February, 2013 to the following.

**Steven J. Blanco**
Blanco, Ordonez, Mata & Wallace, P.C.
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800

_____ Regular Mail
_____ Certified Mail
_____ Hand-Delivered
_____ Via Facsimile (915) 845-5555

**BERNARDO GONZALEZ**

*Armando Armendariz*

## Job Hunting

1. Carl's Jr. – Interviewed with Carl Karcher; was going to speak to my previous employer; did not give me the job.
2. Peter Piper Pizza – Interviewed
3. Jungle Jaks – Interviewed
4. Dunkin Donuts – Interviewed
5. Whataburger – Interviewed
6. Flying J's Travel Center – Interviewed

I sent a resume to the following companies:

1. Burger King
2. BJ's Restaurant
3. Pizza Hut
4. Kentucky Fried Chicken
5. Taco Bell
6. Jack in the Box
7. Hometown Buffet
8. McDonalds
9. Segovia's Distribution
10. Quinteros

Asked the following companies if they were hiring:

1. McGregor Range
2. Outback Restaurant
3. Toro Burger
4. A&M Refrigeration