IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| _____ | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 12-03012-HCM |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, | § | |
| and HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' SECOND MOTION TO COMPEL AND FOR SANCTIONS AGAINST ARMANDO ARMENDARIZ

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter "Plaintiffs"), and file this, their Second Motion to Compel and For Sanctions Against Armando Armendariz and in support thereof would respectfully show the Court the following:

# I. BACKGROUND

## A. Discovery in This Case

1.  On May 23, 2012, the Plaintiffs filed their Original Complaint against ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ , and HECTOR ARMENDARIZ (hereinafter "Armando," "Yvette," and "Hector," respectively and collectively referred to as the "Defendants") asserting causes of action for the avoidance of fraudulent transfers, the avoidance of post-petition transfers, violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, fraud by non-disclosure, tortious interference with prospective business relations, conspiracy and declaratory judgment. [Docket No. 1].

2.  On or about August 8, 2012, Defendants filed their Answer in which they asserted, *inter alia*, affirmative defenses of fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of consideration. [Docket No. 16].

3.  On or about October 19, 2012, Plaintiffs served Armando with their First Request for Production, First Set of Interrogatories, and First Request for Admissions. A true and correct copy of Plaintiffs First Request for Production, First Set of Interrogatories, and First Request for Admissions to Defendant Armando Armendariz is attached hereto as Exhibit P-1 and incorporated herein by reference.

4.  On or about November 19, 2012, Armando served his Responses to Plaintiffs' First Set of Interrogatories and his Responses to Plaintiffs' First Set of Requests for Production. A true and correct copy of Defendant Armando Armendariz's Responses To Plaintiffs' First Set of Interrogatories is attached hereto as Exhibit P-2 and incorporated herein by reference. A true and correct copy of Defendant Armando Armendariz's Responses To Plaintiffs' First Set of

Requests For Production is attached hereto as Exhibit P-3 and incorporated herein by reference.

5.   When it was served, Armando's Responses to Plaintiffs' First Set of Interrogatories was not signed under oath. See Exhibit P-2. Additionally, although his Response to Interrogatory No. 2 was to "see attached," no attachment was included with the Response. See Exhibit P-2.

6.   On November 20 and 21, 2012, counsel for Plaintiffs attempted to confer with counsel for Armando in a good faith effort to resolve disputes concerning Armando's objections and responses without court action, as required by Federal Rule of Civil Procedure 37(a)(1), via two letters. Counsel for the Defendants thereafter sent the required verification and attachment to Armando's Response to Interrogatory No. 2, but did not respond to any other issues raised by counsel for Plaintiffs. Counsel has also attempted on numerous occasions during January 2013 to discuss and resolve these discovery issues to no avail. Thus, no agreement has been reached with regard to this discovery dispute.

7.   On or about January 22, 2013, Plaintiffs filed a Motion to Compel and for Sanctions Against Armando Armendariz seeking to compel Armando to adequately respond to the Plaintiffs' Requests for Production and Interrogatories. [Docket No. 47].

8.   At a hearing before the Honorable Judge Akard, Plaintiffs' Motion to Compel and for Sanctions Against Armando Armendariz was denied on the grounds that Plaintiffs should have known all the facts underlying their claims prior to filing suit and are not entitled to discovery in this adversary proceeding. [Docket No. 59].

9.   To date, Plaintiffs have not received a single document in response to their Requests for Production in this matter.

**B. Discovery in Armando Armendariz' State Court Suit**

10. Meanwhile, on or about October 12, 2012, Armando Armendariz, through his attorney Bernardo Gonzalez, filed suit against Chowaiki Holding, LLC in 448th Judicial District Court of El Paso County, Texas (Cause No. 2012DCV06203) (hereinafter the "State Court Suit"). seeking unpaid wages from Chowaiki Holdings, LLC.

11. In the State Court Suit Chowaiki Holdings, LLC, through its attorney of record Steven J. Blanco, served Requests for Disclosure Interrogatories and Production to Armando Armendariz seeking, *inter alia*, tax returns, communications between Armando and Chowaiki Holdings, LLC's agents, employees, or representatives, memos, emails and other documents concerning Chowaiki Holdings, LLC, documents related in any way to his employment with Chowaiki Holdings, LLC, etc.

12. On or about February 13, 2013, Armando Armendariz, through his attorney Bernardo Gonzalez served Plaintiff's Answers to Defendant's Requests for Disclosure, Interrogatories and Production (hereinafter the "State Court Discovery Responses"). A true and correct copy of Plaintiff's Answers to Defendant's Requests for Disclosure, Interrogatories and Production and Plaintiff's Exhibit List served in the State Court Suit is attached hereto as Exhibit P-7 and incorporated herein by reference. Without objection or a demand for a non-disclosure agreement, Armando produced approximately 423 pages of documents in the State Court Suit including tax returns, correspondence, car sales contracts between Armando and current or former Fuddrucker's employees, rental agreements with current or former Fuddrucker's employees, and numerous other documents responsive the Plaintiffs' requests

in this case.[1] Indeed, Armando's production in the State Court Suit even includes a section entitled "Exhibits – In Response to Bankruptcy Complaints". See Exhibit P-7.

## II. ARGUMENT & AUTHORITIES

13.     "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)(*citing Hickman v. Taylor*, 329 U.S. 495, 500-01, 67 S. Ct. 385, 388-89, 91 L. Ed. 451 (1947). As the United States Supreme Court stated in *Hickman*:

> The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new

---

[1]For example, in the State Court Suit, Chowaiki Holdings made the following request:

"Request For Production No. 10: Produce you state and federal tax returns for the calendar year 2008 and continuing to the date of trial, including W-2 Forms, and any and all other attachments and schedules thereto, and including any joint returns." See Exhibit P-7.

In response, Armando produced copies of tax returns for 2009, 2010, and 2011.

Contrarily, in this suit, the Plaintiffs made the following request:

"Request For Production No. 5: All federal and state income tax returns filed by you for the previous four (4) years (2008, 2009, 2010, and 2011) together with any schedules and worksheets related thereto as well as all other papers and memoranda referring to any adjustment made in connection therein." See Exhibit P-1.

In response, Armando stated: "Objection. This Request is overly broad, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery. Without waiving these objections, these will be produced, subject to the receipt of a signed confidentiality agreement." See Exhibit P-3.

> rules, however, restrict the pleadings to the task of general
> notice-giving and invest the deposition-discovery process with a vital
> role in the preparation for trial. The various instruments of discovery
> now serve (1) as a device, along with the pre-trial hearing under Rule
> 16, to narrow and clarify the basic issues between the parties, and (2)
> as a device for ascertaining the facts, or information as to the
> existence or whereabouts of facts, relative to those issues. Thus civil
> trials in the federal courts no longer need be carried on in the dark.
> The way is now clear, consistent with recognized privileges, for the
> parties to obtain the fullest possible knowledge of the issues and facts
> before trial.

Hickman, 329 U.S. 495 at 500-01. Thus, under the modern Rules of Civil Procedure, discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. 26(b)(1), as made applicable by Fed. R. Bankr. P. 7026. Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." Id.

14. A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033 or if a party files an objection or does not produce documents in response to a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R. Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). This Court should grant Plaintiffs' Second Motion to Compel for the reasons set forth below.

### A. ARMANDO'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

#### *Armando's Objections to Interrogatory Nos. 3-9 Are Invalid*

15. In their Interrogatory Nos. 3-9, the Plaintiffs asked Armando to set forth the facts and evidence that he intends to use to support each of his affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure of

consideration), to identify documents that he will use to support that affirmative defense, and to identify the individuals who have knowledge of the facts supporting that affirmative defense. See Exhibit P-1. In response to each of these Interrogatories, Armando asserted the same objection:

> This Interrogatory is vague, ambiguous, overly broad, overly burdensome, and seeks information that is privileged, based on attorney work product, and non-discoverable expert information. Further, Defendant need not marshal all evidence prior to trial in response to a discovery request.

See Exhibits P-2. Armando's objections are invalid and should be overruled.

16. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). In this case, Armando has the burden of establishing each affirmative defense he has plead and must put forward evidence to prove each affirmative defense he has asserted. Rule 11 requires that the factual contentions set forth in a pleading have evidentiary support. Plaintiffs are entitled to know the factual and evidentiary basis for each of Armando's affirmative defenses as well as the documents and witnesses upon which Armando may rely. While Armando need not marshal his evidence, he cannot withhold all of it from the Plaintiffs either.

17. The breadth of Plaintiffs' requests are a direct result of the breadth of the Defendants' pleading of their affirmative defenses. For each of Plaintiffs' claims, the Defendants have merely asserted that Plaintiffs' claims are barred by various affirmative defenses. No factual basis for the affirmative defenses are asserted in the Defendants' Answer. Plaintiffs' cannot narrow their requests to specific allegations made by the Defendants because the Defendants

made no specific allegations in support of their affirmative defenses. Armando cannot simply plead an affirmative defense without pleading any basis therefore and then object that each of Plaintiffs' Interrogatories, which ask for the factual and evidentiary basis for each affirmative defense, are too broad.

18.     Further, Armando's assertions of privilege are entirely unfounded. Plaintiffs specifically requested the facts and evidence that Armando intends to use to support his affirmative defenses. Facts, evidence, and the identity of documents and witnesses are not privileged, nor can they be withheld by asserting that they are somehow attorney work-product[2] or that they have been provided to an expert witness.[3]

### Armando Gave Incomplete and Evasive Answers to Plaintiffs' Interrogatories

19.     As set forth above, in their Interrogatory Nos. 3-9, the Plaintiffs asked Armando to set forth the facts and evidence that he intends to use to support each of his affirmative defenses (fraud, unclean hands, laches, waiver, equitable estoppel, accord and satisfaction, and failure

---

[2]*See, e.g., Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981)(The attorney work-product privilege only protects against the disclosure of communications to an attorney; it does not protect against the disclosure of underlying facts); *S.E.C. v. Brady,* 238 F.R.D. 429, 439 (N.D. Tex. 2006)("the attorney-client privilege does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney"); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.,* 2005 WL 1459555, *4 (N.D. Cal. 2005)("It is generally accepted that the 'work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.'")(*citing Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 440, 444 (D.Kan., 1987); *S.E.C. v. Collins & Aikman Corp.,* 256 F.R.D. 403, 410 (S.D.N.Y. 2009)("the selection of documents according to facts alleged in a pleading does not elevate the compilation to core work product. Although a complaint includes some amount of legal theory and strategy, Rule 11 of the Federal Rules of Civil Procedure requires all parties to have 'evidentiary support' for the factual contentions in their pleadings. Given that requirement, producing the compilations of documents that support the factual allegations of a complaint reveals no more than that already revealed by the filing of the complaint.").

[3]*Colindres v. Quietflex Mfg.,* 228 F.R.D. 567, 571 (S.D. Tex. 2005)(The Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure explain that given the disclosure obligation, "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure.")(*citing* Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes to 1993 Amendments).

of consideration), to identify documents that Armando will use to support each defense, and

to identify the individuals who have knowledge of the facts supporting that affirmative

defense. See Exhibits P-1, P-2, and P-3. After stating the objections set forth above,

Armando gave the same stock answer to each interrogatory:

> Without waiving these objections, Defendants will show that
> Plaintiffs have engaged Defendants in a frivolous lawsuit as a means
> to avoid paying their just debts. Defendants would also show that
> David has engaged in fraud against Defendant Yvette Armendariz, by
> showing that David had no intention to return the money he agreed to
> pay to Yvette Armendariz. Defendants would further show that
> David and Hilel have fraudulently withheld wages in the form of
> vacation pay from Armando, by showing that David and Hilel had no
> intention to pay said wages. Defendants will produce documents
> which show that Plaintiffs unlawfully withheld Defendants' earnings
> while employed by Plaintiff(s) by not permitting Defendants to cash
> their paychecks. Defendants will also produce documentation
> demonstrating vending machine income not reported to Luby's
> Fuddruckers Restaurants, LLC.

See Exhibit P-2. Armando's responses are evasive and incomplete as they do not set forth

any facts or evidence or identify any documents or witnesses which support the affirmative

defense that is the subject of the interrogatory.

20.    Moreover, Armando's responses have nothing to do with the information requested. For

example, Plaintiffs' Interrogatory No. 5 seeks information regarding Armando's affirmative

defense of laches. The response, as set forth above, has nothing to do with laches and wholly

fails to set forth a single fact or piece of evidence that establishes that Plaintiffs unreasonably

delayed asserting their rights. Similarly, none of the responses have anything to do with

waiver, equitable estoppel, accord and satisfaction, or failure of consideration and are only

tangentially related to fraud or unclean hands. Plaintiffs are entitled to know the factual and

evidentiary basis for each of Armando's affirmative defenses as well as the documents and

witnesses upon which Armando may rely.

21.    Further, despite being asked to identify documents that Armando may rely upon for each affirmative defense, his answers wholly failed to identify even a single document for any affirmative defense. Instead, Armando has merely stated that he will produce documents which allegedly support some of his counterclaims. Armando's responses are evasive and incomplete.

22.    Armando should be compelled to withdraw these objections and answer each of the above listed Interrogatories in compliance with the Federal Rules of Civil Procedure.

### B.  ARMANDO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

#### *Armando's General Objection is Invalid*

23.    In their Requests for Production, the Plaintiffs temporally limited their requests to the time period from January 1, 2006 through the present, unless otherwise specified. See Exhibit P-1. In his Response, Armando made the following general objection:

> Defendant objects to the following statement: "Unless otherwise specified, each request is limited to the time period from January 1, 2006 through the present." Any Request for Production for documents for the time period after the wrongful termination of Defendant are irrelevant to this litigation and outside the scope of permissible discovery.

See Exhibits P-3. This objection is baseless.

24.    Plaintiffs pled causes of action for theft, money had and received, conversion, fraud, and breach of fiduciary duty related to the Defendants' embezzlement of hundreds of thousands of dollars from Plaintiffs in the form of money, food, equipment and other assets. While Plaintiffs may have been able to prevent continued thefts by Defendants when they

terminated the Defendants for cause, the use of the fruits of this embezzlement likely continued after this time. Plaintiffs are entitled to full discovery of where Defendants kept or are currently keeping Plaintiffs' stolen assets, what transfers were made or continue to be made with Plaintiffs' stolen assets, and what assets Defendants purchased with Plaintiffs' stolen assets.

25. Moreover, as a thief cannot pass good title, Plaintiffs are entitled to discover what the Defendants did with Plaintiffs' assets and who might currently be in possession of them.

26. Finally, Plaintiffs alleged that Armando tortiously interfered with the Restaurants' catering business by usurping catering opportunities for Armando's own catering business and/or for a third party business who compensated Armando for steering Fuddrucker's prospective customers to it. The damages from this interference continued and continues well after Armando was terminated for his actions. Indeed, it appears that Armando has now gone into the catering business for himself and Plaintiffs are entitled to documents related to the customers for which he has provided catering services since his termination. This information is clearly within the scope of discovery and Armando's attempt to arbitrarily limit discovery to the day he was terminated for cause is baseless. Armando's objection is invalid and he should be compelled to withdraw this objection and answer each Request for Production for the relevant time period.

### Plaintiffs Are Entitled to Documents Relating to Defendants' Use of Stolen Assets

27. In Requests for Production Nos. 1-17, 22 and 43, Plaintiffs requested that Armando produce documents related to his finances during and after his employment. The requested documents include those related to Armando's interest in bank accounts, stocks, safe deposit

424977.1                                    Page 11

boxes, real property, income tax returns, insurance policies, business entities, and various types of assets, as well as documents related to Armando's purchase of certain assets. See Exhibit P-1. In response to each of these requests, Armando objected that the request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. These objections are baseless.

28. The Plaintiff's Requests for Production seek documents which are likely to show sums of money and the acquisition of assets well beyond Armando's ability to acquire same through his salary alone. For example, shortly after being employed, the Chowaikis loaned Armando and Yvette $5,000.00 to help them buy a house. A few years later, Armando and Yvette had purchased several houses, Yvette had loaned the Plaintiffs $100,000.00, and Armando had offered to buy one of the Fuddrucker's restaurants. The salaries paid to Armando and Yvette do not even begin to cover the assets acquired by them in a relatively short period of time – the same period of time in which hundreds of thousands of dollars were embezzled from the Restaurants. Documents showing Armando's financial picture and the money trail of stolen assets are certainly relevant to the Plaintiffs' claims in this case and are well within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).

29. Similarly, Armando's objections that the requests are vague, ambiguous, overly broad and overly burdensome have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 7 requests "All documents relating to deeds or conveyances of real property in your name,

individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein." See Exhibit P-1. As this is specifically limited to the time period between January 1, 2006 and the present, this request is in no way overly broad or overly burdensome. Moreover the request is not in any way vague or ambiguous. Despite this, Armando objected to the Request on these grounds and refused to produce any documents.[4] Armando's objections are invalid and he should be compelled to withdraw his objection and answer each Request for Production Nos. 1-17, 22, and 24.

### Plaintiffs Are Entitled to Documents Relating to Defendants' Financial Transactions with Fuddruckers' Employees

30. In Requests for Production Nos. 18-21, 23-26, 29 and 33, Plaintiffs requested that Armando produce documents related to his financial transactions with employees of Fuddruckers. The requested documents include those related to personal loans, leases and sales of vehicles, as well as Defendants' license to sell vehicles in the State of Texas. See Exhibit P-1. In response to each of these requests, Armando objected that each Request was "vague, ambiguous, overly broad, overly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. These objections have no merit.

31. Plaintiffs have specifically plead that while they were employed by Chowaiki Holdings and DHC Far East, Armando and Yvette ran side businesses providing short term loans at usurious interest rates, leasing housing, selling vehicles without a license, and providing

---

[4]As set forth below, documents responsive to this Request exist.

vehicle financing to Fuddruckers' employees. These employees were hired and/or paid for work they did not provide to the Restaurants in order to be able to make the required payments to Armando and/or Yvette. In light of Plaintiff's pleadings, the requested documents are relevant, calculated to lead to admissible evidence and within the permissable scope of discovery. Fed. R. Civ. 26(b)(1).

32. Armando's objections that the requests are vague, ambiguous, overly broad and overly burdensome also have no merit because each of the requests is narrowly drawn and very specific as to the documents being sought. For example, Request for Production No. 26 states: "If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions." See Exhibits P-1. This request is straightforward and limited in time. It is not vague, ambiguous, overly broad nor overly burdensome. Despite this, Armando objected to the Request on these grounds. Armando's objections are invalid and he should be compelled to withdraw these objections and answer each of the above listed Requests for Production.

### Plaintiffs are entitled to Documents Related to the Defendants' Theft of their Assets and their Diversion of the Catering Business

33. In Requests for Production Nos. 28, 30-32, 34-38, and 40-42, Plaintiffs requested that Armando produce documents related to money and assets embezzled from the Restaurants and the diversion of Fuddruckers' catering business to Armando and/or third parties. These Requests for Production sought documents related to: communications with customers of Fuddruckers catering; charitable contributions made by Defendants with Fuddruckers' assets; food purchases; vending machine records; and, cash, rebates and gifts received by Defendants from suppliers, vendor or employees because of their relationship to the

Restaurants; purchases made by Defendants on behalf of Fuddruckers. See Exhibit P-1. In response to each of these requests, Armando objected that each Request was "vague, ambiguous, overly broad, overly burdensome", "seeks documents equally available to Plaintiffs", and/or was "not calculated to lead to the discovery of admissible evidence, and seeks documents that are an invasion of privacy, irrelevant to this litigation, and outside the scope of permissible discovery." See Exhibit P-3. Again, these objections have no merit.

34. Plaintiffs have plead that: Armando used Restaurant funds to purchase food and restaurant equipment which he kept and sold to other entities; Defendants took significant quantities of prepared and unprepared food from the Restaurants for their personal use; Defendants took revenue from vending machines located inside the restaurants; Armando sold coupons and gift cards to customers with unauthorized discounts and used restaurant food, coupons and discounts to pay people who had provided personal services to him and/or his family; Armando stole money from yearly special events catered by Fuddruckers such as Amigo Airsho, KLAQ BBQ, and the El Paso Street Festival; and, that Armando gave away large quantities of food owned by the Restaurants without authorization and provided below cost pricing to catering customers. [Docket No. 1]. In light of Plaintiff's pleadings, the requested documents are relevant, calculated to lead to admissible evidence and within the permissible scope of discovery. Fed. R. Civ. 26(b)(1).

35. Armando's objections that these Requests are vague, ambiguous, overly broad, or overly burdensome are also unfounded. Each of these requests is narrowly drawn and very specific as to the documents being sought. For example, Plaintiffs' Request for Production No. 34 seeks "All records related to charitable contributions made by you utilizing Fuddruckers of

El Paso's materials, food, or other items of value during the time that you have been employed by El Paso DHC Enterprises Far East, LLC and/or its related Fuddruckers restaurants in El Paso, Texas." See Exhibits P-1. Armando objects that "related to" is vague, ambiguous, and overly broad. See Exhibits P-3. However, Plaintiffs specifically defined "related to" in the "Definitions" section of their Requests for Production to mean "to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made." See Exhibit P-1. There is nothing vague, ambiguous or overly broad about this Request.

36.     Similarly, in Request for Production No. 30, Plaintiffs request "All documents memorializing any communications received or sent by you with catering customers of the Fuddruckers restaurants in El Paso, Texas since January 1, 2009." See Exhibit P-1. Armando objects that the "request is vague, ambiguous, overly broad, and overly burdensome . . . the term "catering customers" is vague and is intended meaning is not understood." See Exhibit P-3. "Catering customers" of the Fuddruckers' restaurants is not a vague term. There is no way to be more specific and Armando is merely quibbling over terms to avoid producing documents. There is nothing vague, ambiguous or overly broad about this Request or any other.

37.     Also, in response to some of Plaintiffs' requests, Armando objects that the request "seeks documents equally available to Plaintiffs." For example,

a.     In Request for Production No. 28 the Plaintiffs ask for "All documents in your

possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas";

b.    In Request for Production No. 31 the Plaintiffs ask for "All computer files or discs that include any information related to the business of Fuddruckers in El Paso, Texas";

c.    In Request for Production No. 34 the Plaintiffs ask for "All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by Chowaiki Holdings, LLC and/or its related Fuddruckers restaurants in El Paso, Texas."

See Exhibit P-1. Armando's objections that these documents are equally available to Plaintiffs are irrelevant. Plaintiffs want and are entitled to what is in Armando's possession.

38.    This litigation is based, in part, around allegations that Defendants took money and assets from Fuddruckers' restaurants and catering and then falsified the numbers that were reported to the Plaintiffs' accounting department. This is how embezzlers and thieves hide their activities. Plaintiffs specifically plead that "Armando wouldn't let anyone else count or deposit the money [from various catering events]; he insisted that all money be turned over to him and he would tell the stores what sales to ring up or report from the events at a later date." [Docket No. 1, ¶ 30]. The documents that Plaintiffs have in their possession regarding the catering business are those that have been falsified by the Defendants, which is why the Plaintiffs asked Armando to produce the documents in his possession regarding same. To object that the Plaintiffs have these documents is nonsensical in light of the basis for this

litigation. Armando's objections are invalid and he should be compelled to withdraw these objections and answer each of the above listed Requests for Production.

### *Armando Is Wrongfully Withholding Non-Privileged Documents*

39.     In response to Plaintiffs' Requests for Production Nos. 1, 2, 5, 8, 9, 13, 18, 19, 20, 21, 22, 24, 35, and 42, Armando stated that he will only produce responsive documents upon the "receipt of a signed confidentiality agreement." The imposition of this arbitrary condition is an invalid attempt to evade discovery.

40.     The documents requested by Plaintiffs include documents related to bank records, checking accounts, tax returns, income, insurance policies, title to assets, debts owed to Armando, real property and automotive leases between Armando and current or former Fuddruckers' employees, credit card statements, the purchase and sale of automobiles, food purchases, and cell phone bills. See Exhibit P-1. Armando has not asserted any privilege with respect to these non-privileged documents and cannot arbitrarily assert conditions to withhold them from production. Moreover, he had no problem producing many of these documents in the State Court Suit without a confidentiality agreement. Armando is merely playing discovery games in this Court. Armando's response is evasive and he should be compelled to produce documents responsive to each of the above listed Requests for Production without a confidentiality agreement.

### *Armando Is Subverting the Discovery Process to Hide His Unlawful Activities*

41.     In addition to lodging the above invalid objections, Armando is also refusing to produce documents in an effort to continue to conceal his embezzlement from the Plaintiffs and this Court. In Request for Production No. 7, the Plaintiffs ask for "All documents relating to

deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein." See Exhibit P-1. After lodging his objections, Armando responded "Without waiving these objections, there is none." See Exhibits P-3. This answer is false.

42. During the relevant time period Armando was deeded at least three properties as indicated by the documents attached hereto as Exhibits P-4, P-5, and P-6.[5] These are three properties that the Plaintiffs are aware of and there are likely to be more. Armando was well aware that he had been deeded three houses in the last six years, and yet he denied that he had been deeded any real property. This is not only a direct misrepresentation, it calls into question all of Armando's responses. Armando is subverting the discovery process in bad faith and he should be sanctioned by this Court.

### C. THE COURT SHOULD COMPEL ARMANDO TO WITHDRAW HIS OBJECTIONS AND RESPOND TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION AND IMPOSE SANCTIONS ON ARMANDO FOR HIS CONDUCT

43. A court may compel responses to discovery if a party files an objection to, or does not answer, an interrogatory submitted under Fed. R. Civ. P. 33, as made applicable by Fed. R. Civ. P. 7033, or if a party files an objection or does not produce documents in response to a request for production submitted under Fed. R. Civ. P. 34, as made applicable by Fed. R.

---

[5]The Special Warranty Deed dated October 17, 2008 granting Lot 31, Block 54 of VISTA REAL UNIT FIVE to Armando Armendariz and Yvette Armendariz is attached hereto as Exhibit P-4 and incorporated herein by reference. The Special Warranty Deed dated October 28, 2008 granting Lot 29, Block 24 of TIERRA DEL ESTE UNIT THREE to Armando Armendariz and Yvette Armendariz is attached hereto as Exhibit P-5 and incorporated herein by reference. The Special Warranty Deed with Vendor's Lien dated January 8, 2009 granting Lot 5, Block 9 of the KIMBERLY HEIGHTS SUBDIVISION to Armando Armendariz and Yvette G. Armendariz is attached hereto as Exhibit P-6 and incorporated herein by reference.

Civ. P. 7034. Fed. R. Civ. P. 37(a)(3)(B). In this case, Armando has made invalid objections and failed to respond to Plaintiffs' Interrogatories and Requests for Production as set out above. Armando should be compelled to withdraw these objections and answer each of the above listed Interrogatories and Requests for Production.

44.    Further, Plaintiffs ask the Court to impose sanctions on Armando for giving false and evasive responses to Plaintiffs' discovery requests. Fed. R. Civ. P. 37(a)(5)(A); *see also Alonso v. Agrigenetics, Inc.*, 2004 WL 2668801, *3 (S.D. Tex. 2004)("[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party . . . to sanctions."). Plaintiffs ask the Court to award costs and attorneys fees of $2,500.00 incurred in preparing this Second Motion to Compel and attending hearing on same.

45.    The sanction requested is the least severe sanction available to remedy the wrong. Armando made false representations in his discovery responses and this Court has the inherent power to strike a party's pleadings when litigation is being conducted in bad faith or when the litigant or counsel "willfully abuse judicial processes." *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 464 (W.D. Tex. 2006). In light of Armando's conduct, the sanction of paying Plaintiffs' costs and expenses in preparing this motion and attending the hearing on same is the least severe sanction available.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI ask that the Court grant their Second Motion to Compel and for Sanctions and enter

an order: (1) directing Armando to withdraw his objections to the subject Interrogatories and Requests for Production; (2) compelling Armando to respond adequately to Plaintiffs' Interrogatories and Requests for Production; (3) awarding Plaintiffs their costs and attorney's fees incurred in preparing this motion and attending the hearing on same in the amount of $2,500.00; and (4) granting Plaintiffs any other relief to which they may be entitled.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas  79949-1770
Phone:  915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No.  09234200
Jamie T. Wall
State Bar No. 24028200
Attorneys for Plaintiffs

424977.1                    Page 21

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the *19th* day of March, 2013, I electronically filed the foregoing Plaintiffs' Second Motion to Compel and for Sanctions Against Armando Armendariz with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ◆ Johnston ◆ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland