IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| ———————————————— | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI | § | |
| HOLDINGS, LLC, EL PASO DHC | § | |
| ENTERPRISES, LLC, EL PASO DHC | § | |
| ENTERPRISES FAR EAST, LLC, | § | |
| EL PASO DHC ENTERPRISES | § | |
| WEST, LLC, and DAVID CHOWAIKI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 12-03012-HCM |
| | § | |
| ARMANDO ARMENDARIZ, | § | |
| YVETTE ARMENDARIZ, and | § | |
| HECTOR ARMENDARIZ, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ARMANDO ARMENDARIZ

TO:   DEFENDANT, ARMANDO ARMENDARIZ, by and through his attorneys of record, Sidney J. Diamond, 3800 N. Mesa, Suite B-2, El Paso, Texas 79902 and Christopher R. Johnston, Firth ♦ Johnston ♦ Martinez, 415 North Mesa, Suite 300, El Paso, Texas 79901.

COME NOW, PLAINTIFFS, DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI (hereinafter referred to as "Plaintiffs"), and serve these First Requests for Production, First Set of Interrogatories and First Request for

422463.1

Page 1

EXHIBIT
P-1

Admissions on Defendant Armando Armendariz as authorized by Federal Rules of Civil Procedure 33, 34 and 36, as made applicable by Bankruptcy Rules 7033, 7034 and 7036, respectively.

Armando Armendariz must serve an answer to each Interrogatory separately and fully, in writing and under oath, within 30 days after service. Additionally, as required by Rule 34(a), as made applicable by Bankruptcy Rule 7034, Armando Armendariz must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, at the law offices of James & Haugland, P.C., 609 Montana Ave., El Paso, Texas 79902. Finally, Armando Armendariz must serve an answer to each Request for Admission separately, fully, and in writing, within 30 days after service.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Plaintiffs

## DEFINITIONS AND INSTRUCTIONS

### Instructions for Interrogatories

A. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case you shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

B. You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

C. The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

D. All grounds for an objection to an interrogatory shall be stated with specificity; any ground not stated in a timely objection is waived.

E. When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure.

### Instructions for Requests for Production

A. Respond to each Request for Production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

B. For each document or other requested information that you claim is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

C. For each document you claim is not discoverable (1) identify the document; (2) state the reasons for your claim; (3) state the author's job title and address; (4) state the recipient's job title and address; (5) state the name and job title of all persons to whom it was circulated or who saw it; (6) state the name, job title, and address of the person now in possession of the document and; (7) state the document's present location.

D. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, identify any other document evidencing the loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

E. When a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

### Instructions for Requests for Admissions

A. Answer each request by either admitting the matters of which an admission is requested, denying specifically the matters of which an admission is requested, or setting forth in detail the reasons why you cannot truthfully either admit or deny these matters.

B. Each of the matters of which an admission is requested shall be deemed admitted unless, within the period designated herein, you make and deliver or cause to be delivered a response as provided in F.R.C.P. 36.

C. Any admission made pursuant to this Request is for the purpose of this pending action only; it does not constitute an admission for any other purposes and may not be used against Defendant in any other proceeding.

## DEFINITIONS

1. "DHC Realty" as well as its full or abbreviated name or a pronoun referring to it means and refers to DHC REALTY, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

2. "Chowaiki Holdings" as well as its full or abbreviated name or a pronoun referring to it means and refers to CHOWAIKI HOLDINGS, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

3. "DHC East" as well as its full or abbreviated name or a pronoun referring to it means and refers to EL PASO DHC ENTERPRISES, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

4. "DHC Far East" as well as its full or abbreviated name or a pronoun referring to it means and refers to EL PASO DHC ENTERPRISES FAR EAST, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

5. "DHC West" as well as its full or abbreviated name or a pronoun referring to it means and

refers to EL PASO DHC ENTERPRISES WEST, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

6. "David Chowaiki" as well as his full or abbreviated name or a pronoun referring to him means and refers to DAVID CHOWAIKI and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly, including any attorney.

7. "Plaintiffs" refers collectively to DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST LLC, and DAVID CHOWAIKI and where applicable, their agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with them or under their control, whether directly or indirectly, including any attorney.

8. The "Chowaikis" as well as their full or abbreviated names or a pronoun referring to them means and refers to DAVID CHOWAIKI and HILEL CHOWAIKI, either separately or together as necessary to bring within the scope of any request all responses which might otherwise be construed to be outside the scope, and where applicable, their agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

9. "You," "Your," or "Armando," as well as your full or abbreviated name or a pronoun referring to you means and refers to ARMANDO ARMENDARIZ, and where applicable, his agents,

representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly.

10. "Yvette" as well as her full or abbreviated name or a pronoun referring to her means and refers to YVETTE ARMENDARIZ, and where applicable, her agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or under her control, whether directly or indirectly.

11. "Hector" as well as his full or abbreviated name or a pronoun referring to him means and refers to HECTOR ARMENDARIZ, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly.

12. "Danny" as well as his full or abbreviated name or a pronoun referring to him means and refers to DANNY ARMENDARIZ, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or under his control, whether directly or indirectly.

13. The term "person" or "entity" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group acting as a unit or any other business, or governmental or legal entity.

14. The term "expert" shall have the same meaning as that set forth in Federal Rule of Civil Procedure 26.

15. The term "document" as used herein means, by way of example and without limitations, the originals or true copies of the following items in your possession, custody, or control, or known to you or your counsel, whether printed, computerized, microfilmed, videotaped, recorded or

reproduced by any other mechanical process or medium of expression, or written or produced by hand and whether or not claimed to be privileged, confidential, or personal; the final versions and all prior drafts of contracts, agreements, notes (including secretarial notes); notebooks, work notes, work papers, communications (including intra-departmental communications and inter-company communications); correspondence, statements, reports, telegrams, agendas, forms, memoranda, bulletins, appointment books, logs, messages, diaries, texts, manuals, reference works and materials; samples of materials, depositions; analyzes; projections, damage projections; forecasts, statistical statements; financial records, reports, charts, brochures, purchase orders, estimates, computer inputs and outputs; calculations, expert reports; compilations of data; demonstrative evidence such as physical models, sketches, charts, graphs, plans, drawings, etc.; journals, billing statements, receipts, invoices, data compilations, slides, sketches, graphics, charts, movies, videotapes; photographs, and the negatives thereof; summaries, records or minutes of meetings or conferences, expressions of statements of policy; lists of people attending meetings or conferences, summaries, records, or reports of personal conversations or investigations; summaries, records or reports of interviews; and all other writings, and any other similar matter, now or formerly in your possession, custody, or control or that of your counsel, or of any other agent, representative, employee, bookkeeper, accountant, expert or anyone else acting on your behalf, and includes documents used to support any conclusions or opinions reached. Any marginal comments appearing on any documents and any handwritten or other notations on any copy of a document render it original, requiring production of it or a true copy of it with such notations.

16. "Relates to" or "refers to" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of,

result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made.

17. "Identify" or "identity" shall mean, with respect to an individual, his name, last known residence address and last known business address.

18. "Identify" or "identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address.

19. "All" shall mean "any" and vice versa.

20. The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

21. The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request for admission all responses which might otherwise be construed to be outside the scope.

22. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

23. The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender and vice versa.

24. "Date" means the exact date, month, and year, if ascertainable, or if not, the best approximation, including chronological relationship to other events.

## REQUESTS FOR PRODUCTION

Unless otherwise specified, each request is limited to the time period from January 1, 2006 through the present. Please produce the following:

### REQUEST FOR PRODUCTION NO. 1:

All documents in your name, individually or jointly, or in connection with any other person or entity relating to any savings bank books, records, accounts and memoranda, current as well as those that may have been cancelled.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2:

All documents relating to any checking accounts, in your name, individually or in connection with any other person or entity, including checkbooks, checkbook stubs, statements, cancelled checks and deposit slips, whether the accounts are current or have been closed.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3:

All documents relating to stock certificates, bonds, or other securities issued or held in your name, individually or jointly, or in connection with any other person or entity, or which may be held in the account of Armando Armendariz, individually, or in conjunction with any other person or entity in any corporation.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4:

All documents relating to stock brokerage accounts in your name, individually or jointly, or in connection with any other person or entity, including but not limited to, books, records, accounts, monthly statements, statements of transactions and all other papers and memoranda thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All federal and state income tax returns filed by you for the previous four (4) years (2008, 2009, 2010, and 2011) together with any schedules and worksheets related thereto as well as all other papers and memoranda referring to any adjustment made in connection therewith.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents and contracts relating to the rental and/or lease of safe deposit boxes or vaults in your name, individually or in conjunction with any other person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to deeds or conveyances of real property in your name, individually or jointly, or in connection with any other person or entity, or of which you, individually or jointly, are the legal beneficiary or equitable owner or have any interest therein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to monies received and/or being presently received by you for the preceding four (4) years from all sources, including but not limited to, accounts receivable, wages, earnings, draws, dividends, bonuses, automobile sales, real property leases, or reimbursed expenses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to policies of insurance covering you or your real or personal property, including but not limited to life, liability, accident, home, and automobile, and all records showing payments for premiums therefor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to your memberships in and contributions to any charity or any other organizations or associations, including private or professional clubs or associations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any business entity in which you have an interest, individually or jointly, or in conjunction or partnership with any other individual or entity, including, but not limited to, books, records, general ledgers, general journals, cash journals, payroll records, purchase and sales journals, petty cash records, bank statements, and cancelled checks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All records for any corporation which you, individually or jointly, hold stock directly or indirectly if the corporation records are under your actual or constructive control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the title of any assets held by you, individually or jointly, whether presently owned by you, individually or jointly, or previously transferred within the preceding four (4) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to bills and/or the purchase price for items costing in excess of $500.00 owned by you and records concerning acquisition of same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to bills and/or the purchase price for items costing in excess of $500.00 which you claim to be exempt property and records concerning acquisition of same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to any location in which you maintain a business enterprise, including but not limited to, real estate purchase contracts, deeds, lease agreements, rental agreements, security deposits, mortgages, mortgage balance sheets, monthly mortgage payments, and all other documentation relating thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to any financial statements prepared or submitted by you to any individual or institution for the preceding five (5) years together with all schedules, worksheets memoranda and other papers regarding same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to any debt owed to you by any person or entity at any time within the preceding (5) years, including but not limited to, promissory notes, IOU notes and/or accounts receivable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All real property leases between you and any current or past employee of the Fuddruckers restaurants in El Paso.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All contracts or leases involving automobiles by and between you and any past or current employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents memorializing any contracts or financial transactions by and between you and any current or past employees of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All monthly credit card statements for all credit cards used by you since January 1, 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All applications or documents submitted by you since January 1, 2008 to the Texas Department of Public Safety, Texas Department of Transportation, the Texas State Comptroller, or the Texas Secretary of State in order to obtain a license or to qualify generally to do business in the state of Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to your purchase or sale of automobiles since January 1, 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All quarterly sales tax reports submitted by you to the Texas State Comptroller relating to your sales of automobiles, trucks, or boats in the state of Texas since January 1, 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

If you have provided financing to anyone who has purchased an automobile, truck, or boat from you since January 1, 2008, produce all documents memorializing these credit transactions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All diplomas you claim to have earned from any institute of higher learning after high school.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents in your possession, custody or control related to the catering business of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All documents memorializing any communications received or sent by you with current or past employees of the Fuddruckers restaurants in El Paso since January 1, 2009.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All documents memorializing any communications received or sent by you with catering customers of the Fuddruckers restaurants in El Paso, Texas since January 1, 2009.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

All computer files or discs that include any information related to the business of Fuddruckers in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

All documents memorializing communications sent by you or received by you from or with any suppliers, vendors, employees, ex-employees, family, or friends relating to the business of Fuddruckers restaurants in El Paso, Texas, since January 1, 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

All documents in your possession, custody or control, related to employee files or ex-employee files or personnel who have worked for Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

All records related to charitable contributions made by you utilizing Fuddruckers of El Paso's materials, food, or other items of value during the time that you have been employed by Chowaiki Holdings, LLC and/or its related Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

All records of food purchases made by you since January 1, 2009.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Any records related to the vending machines located in the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Any invoices, contracts, documents or communications in your possession, custody or control related to the catering business or any other business of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All documents memorializing any cash payments received by you, rebates received by you, gifts received by you, or any items of value received by you or anyone in your household provided by customers or by vendors/suppliers with a relationship to the Fuddruckers restaurants in El Paso, Texas. This would necessarily include suppliers, vendors, employees, ex-employees, relatives, friends, military personnel, or anyone else who has provided anything of value to you because of your relationship with Chowaiki Holdings, LLC and/or the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All records, documents and communications in your possession, custody or control relating to any food cost analysis performed by you or anyone else for any of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All inventory records in your possession, custody or control related to the business of Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All documents related to any purchases by you on behalf of Fuddruckers restaurants in El Paso, Texas since January 1, 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

All monthly cell phone bills for you, your household, and for anyone living at your household since January 1, 2009.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

All notes, ledgers, and accounts reflecting any loans made by you to any employee or ex-employee of the Fuddruckers restaurants in El Paso, Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

If you contend that Plaintiffs' claims are barred in whole or in part by laches, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

If you contend that Plaintiffs' claims are barred in whole or in part because of an accord and satisfaction, please produce all documents which support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

If you contend that Plaintiffs' claims are barred in whole or in part because of a failure of consideration, please produce all documents which support your contention.

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State the full name, date of birth, address and occupation of each individual who answered or assisted in the answering of these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Set forth the following information with respect to each non-expert witness that you expect to call during the course of trial:

A.    His or her name, address, telephone number, occupation, title and relationship to the parties, if any.

B.    The name, address and telephone number of the witness's employer.

C.    The educational, professional and occupational background and experience of the witness.

D.    The subject matter for which the witness may be called upon to testify.

E.    The payment or compensation, if any, that has been promised to the witness.

F.      The payment or compensation, if any, that will be provided to the witness.

**ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that Plaintiffs' claims are barred in whole or in part by fraud, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 5:**

If you contend that Plaintiffs' claims are barred in whole or in part by laches, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 6:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you contend that Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 8:**

If you contend that Plaintiffs' claims are barred in whole or in part because of an accord and satisfaction, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

**INTERROGATORY NO. 9:**

If you contend that Plaintiffs' claims are barred in whole or in part because of a failure of consideration, please set forth all of the facts and evidence that you intend to use to support that defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support that defense, and identify all persons who have knowledge of facts supporting that defense.

**ANSWER:**

INTERROGATORY NO. 10:

With respect to each of the following Requests For Admissions which you denied in whole or in part, please set forth and describe, in detail, each fact or item of evidence that you relied upon to support your denial.

ANSWER:

## REQUESTS FOR ADMISSIONS

Admit or deny the following:

REQUEST FOR ADMISSION NO. 1:

You have no factual basis for your affirmative defense of fraud.

RESPONSE:

REQUEST FOR ADMISSION NO. 2:

You have no factual basis for your affirmative defense of unclean hands.

RESPONSE:

REQUEST FOR ADMISSION NO. 3:

You have no factual basis for your affirmative defense of laches.

RESPONSE:

REQUEST FOR ADMISSION NO. 4:

You have no factual basis for your affirmative defense of waiver.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**

You have no factual basis for your affirmative defense of equitable estoppel.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

You have no factual basis for your affirmative defense accord and satisfaction.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

You have no factual basis for your affirmative defense of failure of consideration.

**RESPONSE:**

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the _15th_ day of _October_ , 2012 a true and correct copy of the foregoing Plaintiffs' First Request for Production, First Set of Interrogatories, And First Request for Admissions to Defendant Armando Armendariz was served upon the following:

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

Christopher R. Johnston
Firth ◆ Johnston ◆ Martinez
415 North Mesa, Suite 300
El Paso, Texas 79901

Corey W. Haugland

422463.1                                Page 24