B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT
### WESTERN District TEXAS
### EL PASO DIVISION

In re DHC REALTY, LLC ,
        Debtor

DHC REALTY, LLC, et al
        Plaintiff
    v.
ARMANDO ARMENDARIZ, et al
        Defendant

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * 11-30977

Chapter 11

To: Evolve Credit Union by and through Robert Delgadillo 8820 Gazelle Dr., El Paso, TX 79925

Adv. Proc. No. * 12-03012

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Third-Party Request for Production

| PLACE James & Haugland, P.C. 609 Montana Avenue, El Paso, Texas 79902 | DATE AND TIME On or Before April 25, 2013 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /s/ C. W. Haugland Attorney for Plaintiffs | DATE March 20, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Corey W. Haugland, James & Haugland, P.C., 609 Montana Ave, El Paso, TX 79902 915-532-3911

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 20, 2013 | Evolve Credit Union 8820 Gazelle Dr., El Paso, TX 79925 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Robert Delgadillo, Registered Agent | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Corey W. Haugland | Attorney for Plaintiffs |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____March 20, 2013_____       _____/s/ C. W. Haugland_____
            DATE                             SIGNATURE OF SERVER

609 Montana Avenue, El Paso, Texas 79902

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No.11-30977-HCM |
| | § | |
| Debtor. | § | |
| | § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § | |
| Defendants. | § | |

## NOTICE OF THIRD-PARTY REQUEST FOR PRODUCTION

TO:  Evolve Credit Union f/k/a El Paso Employees Federal Credit Union, by and through its registered agent for service of process, Robert Delgadillo at 8820 Gazelle Dr., El Paso, Texas 79925.

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 45, you are requested to produce the documents and tangible things that are identified in the attached Exhibit A, "Documents To Be Produced." The items are to be produced to Corey W. Haugland, James & Haugland, P.C., 609 Montana Avenue, El Paso, Texas 79902, via United States Mail or hand-delivery, **on or before April 25, 2013.**

**SUBPOENA TO ISSUE**

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Jamie T. Wall
State Bar No. 24028200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, hereby certify that on the 20th day of March, 2013, I electronically filed the foregoing NOTICE OF THIRD-PARTY REQUEST FOR PRODUCTION with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

Christopher R. Johnston
Firth ♦ Johnston ♦ Martinez
415 N. Mesa, Suite 300
El Paso, Texas 79901

Sidney J. Diamond
3800 N. Mesa, Suite B-2
El Paso, Texas 79902

_____
Corey W. Haugland

**SUBPOENA TO ISSUE**

## EXHIBIT "A"

### DEFINITIONS

1. The terms "you" or "your" or "Evolve" as used herein refers to Evolve Credit Union F/k/a El Paso Employees Federal Credit Union, your accountants, bookkeepers, agents, employees and/or representatives.

2. "Document" as used herein, means, by way of example and without limitations, the originals or true copies of the following items in your possession, custody, or control, or known to you or your counsel, whether printed, computerized, microfilmed, videotaped, recorded or reproduced by any other mechanical process or medium of expression, or written or produced by hand and whether or not claimed to be privileged, confidential, or personal: the final versions and all prior drafts of contracts; agreements; notes (including secretarial notes); notebooks; work notes; e-mails; work papers; communications (including intra-departmental communications and inter-company communications); correspondence; statements; reports; telegrams; agendas; forms; memoranda; bulletins; appointment books; logs; messages; diaries; texts; manuals; reference works and materials; samples of materials; depositions; analyses; projections; damage projections; forecasts; statistical Statements; financial records; reports; charts; brochures; purchase orders; estimates; computer inputs and outputs; calculations; expert reports; compilations of data; demonstrative evidence such as physical models, sketches, charts, graphs, plans, drawings, etc.; journals; billings; billing Statements and records; receipts; invoices; data compilations; slides; sketches; graphics; charts; movies; videotapes; photographs and the negatives thereof; summaries, records or minutes of meetings or conferences; expressions of Statements of policy; lists of people attending meetings or conferences; summaries, records, or reports of personal conversations or investigations; summaries, records, or reports of interviews; and all other writings, and any other similar matter, now or formerly in your possession, custody, or control or that of your counsel, or of any other agent, representative, employee, bookkeeper, accountant, expert or anyone else acting on your behalf, and includes documents used to support any conclusions or opinions reached. Any marginal comments appearing on any documents and any handwritten or other notations on any copy of a document render it original, requiring production of it or a true copy of it with such notations.

3. The phrase "financial record" as used herein means, by way of example, and without limitations, the original or true copies of the following items, whether printed, computerized, recorded or reproduced by any other mechanical process, or written or produced by hand: monthly unaudited Statements and/or other periodic income and profit and loan Statements; periodic balance sheets; financial Statements or other Statements regarding, relating, or referring to your financial condition; federal and State income tax returns; volume of sales records; sales tax records and returns; payroll tax records and returns; cash disbursement journal(s); general ledger(s); receipts journal(s); accounts payable journal(s); and accounts receivable journal(s).

**SUBPOENA TO ISSUE**

If you are a corporation the phrase "financial record" also includes shareholder records and other "documents" which discuss, relate, or refer to the purchase of stock by all shareholders, the number of shares held, sold, or otherwise acquired or dispensed by or to each shareholder, and any options to purchase shares; shareholder lists; franchise tax records and returns; minutes of Board of Directors' meetings; minutes of Shareholders' meetings; Articles of Incorporation and any amendments thereto; and Bylaws and any amendments thereto.

4. The phrase "relate to" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event or action pertaining to the subject matter upon which inquiry is made.

5. "Armando Armendariz" means and refers to Armando Armendariz a/k/a Armando A. Armendariz a/k/a Armando Aranda Armendariz.

6. "Yvette Armendariz" means and refers to Yvette Armendariz a/k/a Yvette G. Armendariz a/k/a Yvette Guerrero.

7. "Hector Armendariz" means and refers to Hector Armendariz.

**SUBPOENA TO ISSUE**

## INSTRUCTIONS

1. If any document or response to this Request is withheld or objected to under a claim of attorney-client privilege, under a qualified privilege or for any other reason, you are instructed to identify each such document, as follows: (a) the date of the document; (b) the author and addressee(s); (c) all persons indicated as recipients of copies; (d) all persons known to you to have received the document and/or information or to have learned the substance of its contents; (e) the subject matter of the document and/or response; and (f) the specific privilege or objection alleged to be applicable or other reason for its being withheld or not answered.

2. If you or any of your attorneys, agents or representatives had, at any time, possession or control of a document requested and such document has been lost, destroyed, purged or is not presently in your possession, custody or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession, custody or control, indicating the dates that such circumstances occurred.

3. If you allege that any Request contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous including, but not limited to, each interpretation which you allege the specific request for discovery is subject to. Notwithstanding, you are instructed to respond, to the best of your ability, to the request for production and produce the documents requested.

4. If you object to any of the Requests contained herein, you are instructed to identify, with specificity, the specific procedural rule(s) or substantive laws(s) upon which you base your objection.

5. When producing documents responsive to this Request, you shall segregate the documents and affix a label to the document identifying the paragraph of this Request to which it is responsive.

**SUBPOENA TO ISSUE**

## DOCUMENTS TO BE PRODUCED

With Regard to Armando Armendariz:

1. Please produce all bank statements for any accounts previously or currently held by Armando Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

2. Please produce all deposit slips or other memoranda reflecting the deposit of money for any accounts previously or currently held by Armando Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

3. Please produce all documents related to any loan agreements, security agreements, mortgages, promissory notes or deeds of trust by and between Armando Armendariz and EVOLVE for the time period between January 1, 2006 and the present, including any payment histories.

4. Please produce any and all correspondence by and between Armando Armendariz and EVOLVE for the time period between January 1, 2006 and the present.

5. Without duplicating the previous requests, please produce all documents related to any accounts previously or currently held by Armando Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

With Regard to Yvette Armendariz:

1. Please produce all bank statements for any accounts previously or currently held by Yvette Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

2. Please produce all deposit slips or other memoranda reflecting the deposit of money for any accounts previously or currently held by Yvette Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

3. Please produce all documents related to any loan agreements, security agreements, mortgages, promissory notes or deeds of trust by and between Yvette Armendariz and EVOLVE for the time period between January 1, 2006 and the present, including any payment histories.

4. Please produce any and all correspondence by and between Yvette Armendariz and EVOLVE for the time period between January 1, 2006 and the present.

5. Without duplicating the previous requests, please produce all documents related to any accounts previously or currently held by Yvette Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

**SUBPOENA TO ISSUE**

With Regard to Hector Armendariz:

1. Please produce all bank statements for any accounts previously or currently held by Hector Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

2. Please produce all deposit slips or other memoranda reflecting the deposit of money for any accounts previously or currently held by Hector Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

3. Please produce all documents related to any loan agreements, security agreements, mortgages, promissory notes or deeds of trust by and between Hector Armendariz and EVOLVE for the time period between January 1, 2006 and the present, including any payment histories.

4. Please produce any and all correspondence by and between Hector Armendariz and EVOLVE for the time period between January 1, 2006 and the present.

5. Without duplicating the previous requests, please produce all documents related to any accounts previously or currently held by Hector Armendariz at EVOLVE for the time period between January 1, 2006 and the present.

**SUBPOENA TO ISSUE**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| DHC REALTY, LLC, | § § § | Case No.11-30977-HCM |
| Debtor. | § § § | |
| | § § | |
| DHC REALTY, LLC, CHOWAIKI HOLDINGS, LLC, EL PASO DHC ENTERPRISES, LLC, EL PASO DHC ENTERPRISES FAR EAST, LLC, EL PASO DHC ENTERPRISES WEST, LLC, and DAVID CHOWAIKI, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 12-03012-HCM |
| ARMANDO ARMENDARIZ, YVETTE ARMENDARIZ, and HECTOR ARMENDARIZ, | § § § § § | |
| Defendants. | § § | |

**<u>AFFIDAVIT</u>**

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF EL PASO | § |

Before me, the undersigned authority, personally appeared _____, who, being by me duly sworn, deposed as follows:

"My name is _____. I am over 18 years of age, competent to make this affidavit, and personally acquainted with the facts herein stated: I am the Records Custodian of Evolve Credit Union f/k/a El Paso Employees Federal Credit Union.

Attached hereto are _____ (____) pages of records. These records are kept by Evolve Credit Union f/k/a El Paso Employees Federal Credit Union in the regular course of business, and it was the regular course of business of GECU for an employee or representative of Evolve Credit Union f/k/a El Paso Employees Federal Credit Union with personal knowledge of the

act, event or condition recorded to make the record or to transmit information thereof to be included in such record. The record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter.

    The records attached hereto are exact duplicates of the originals, and it is a rule of Evolve Credit Union f/k/a El Paso Employees Federal Credit Union to not permit the originals to leave the possession of Evolve Credit Union f/k/a El Paso Employees Federal Credit Union.

    Further, Affiant sayeth naught."

_____
RECORDS CUSTODIAN OF EVOLVE CREDIT UNION F/K/A EL PASO EMPLOYEES FEDERAL CREDIT UNION

    SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of _____, 20__.

_____
Notary Public in and for the
State of Texas

My Commission Expires: